IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADAMS GOLF, INC.<br>SECURITIES LITIGATION | CONSOLIDATED<br>C.A. No. 99-371 KAJ |

NOTICE OF SERVICE
OF SUBPOENA DUCES TECUM

To:   Jeffrey L. Moyer, Esquire          John E. James, Esquire
      Alyssa M. Schwartz, Esquire        Potter, Anderson & Corroon, LLP
      Richards, Layton & Finger          1313 N. Market Street
      One Rodney Square                  Wilmington, DE 19801
      Wilmington, DE 19801

      Elaine Divelbliss, Esquire         Paul R. Bessette, Esquire
      Michael J. Chepiga, Esquire        Akin, Gump, Strauss, Hauer & Feld, LLP
      Simpson Thacher & Bartlett, LLP    Three Embarcadero Center, Suite 2800
      425 Lexington Avenue               San Francisco, CA 94111-4066
      New York, NY 10017

      Jennifer R. Brannen, Esquire
      Akin, Gump, Strauss, Hauer & Feld, LLP
      300 West 6th Street, Suite 2100
      Austin, TX 78701-2916

PLEASE TAKE NOTICE that plaintiffs have caused to be served upon Andrews Kurth, LLP a subpoena *duces tecum* in the form attached hereto.

                                              ROSENTHAL, MONHAIT, GROSS
                                              & GODDESS, P.A.

                                              By: /s/ Jessica Zeldin
                                              Carmella P. Keener (DSBA No. 2810)
                                              Jessica Zeldin (DSBA No. 3558)
                                              919 Market Street, Suite 1401
                                              Citizens Bank Center
                                              P.O. Box 1070
                                              Wilmington, DE 19899-1070
                                              (302) 656-4433
                                              jzeldin@rmgglaw.com
                                                 Plaintiffs' Liaison Counsel

# United States District Court

## NORTHERN DISTRICT OF TEXAS

IN RE ADAMS GOLF SECURITIES LITIGATION

SUBPOENA IN A CIVIL CASE
Consolidated
C.A. No. 99-371 KAJ

TO: ANDREWS KURTH LLP
1717 Main Street
Suite 3700
Dallas, Texas 75201

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See "Schedule A" attached

| PLACE | DATE AND TIME |
| --- | --- |
| Susman Godfrey<br>Suite 4100<br>901 Main Street<br>Dallas, Texas 75202-3775<br>(214) 754-1900 | March 16, 2005<br>9:30 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
/s/ Todd Collins - Attorney for Plaintiff

DATE: February 15, 2005

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Todd Collins, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

(See Rule 45, Federal Rules of Civil Procedure on Reverse)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. "Adams Golf" means Adams Golf, Inc. and each of its subsidiaries, divisions, parents and affiliates, and shall include any of its present or former directors, officers, employees, agents, attorneys or other representatives.

2. "Andrews Kurth" means Andrews Kurth LLP, and each of its offices or other divisions, and shall include any of its present or former partners, associates, directors, officers, employees, agents, attorneys or other representatives, specifically including but not limited to Joseph A. Hoffman and Jon D. "David" Washburn.

3. "Costco" means Costco Wholesale Corp. (Formerly known at various times as "Costco," "Costco, Inc." "Price/Costco. Inc. and Costco Companies Inc.") Inc. and each of its subsidiaries, divisions, parents and affiliates, and shall include any of its present or former directors, officers, employees, agents, attorneys or other representatives.

4. "Gray market distribution" means the unauthorized distribution of a company's products to or through other retailers, including discount retailers.

5. "Document" or "documents" shall have the same full meaning as used in Rule 34(a) of the Federal Rules of Civil Procedure. Specifically, each such "document" or "documents" means every writing and record of every type and description in the possession, custody or control of each defendant, as defined above, and includes any record maintained in writing or by any other device or medium on which or through which information of any type is transmitted, recorded, or preserved, specifically including, but not limited to, by e-mail. "Document" or "documents" also means drafts and copies where the original is not in the

possession, custody or control of a defendant, and every version of a document where such copy is not an identical duplicate of the original.

6. "Concerning" means relating to, referring to, evidencing and/or constituting.

7. "Person" means an individual, proprietorship, corporation, partnership, joint venture, association, and any other legal entity or association, including any director, officer, employee, agent or person working on behalf thereof.

8. "Communication" means every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally; by document; face-to-face, by telephone, telecopier, computer mail, facsimile, personal delivery or overnight delivery; or otherwise.

9. "And," "or" and "and/or" have both conjunctive and disjunctive meanings; "all" and "any" both include "each" and "every."

10. The use of the singular herein shall be deemed to include the plural, and use of the plural herein shall be deemed to include the singular; the use of the masculine herein shall be deemed to include the feminine and neuter as appropriate in the context.

11. Responsive documents shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with this demand. If there are no documents responsive to a particular category, you shall so state in writing.

12. Unless otherwise stated or indicated by the context of the individual requests for documents set forth below, each request covers the time period from January 1, 1998 through and including the date of your response to this subpoena.

13. If any of the requests set forth below calls for information or the production of a document all or any portion of which you claim to be privileged or otherwise immune from

discovery, and such information or document is withheld by you on that basis, prepare a privilege log in conformance with requirements of Rule 26(b)(5) including sufficient information to establish the basis for the privilege.

## DOCUMENTS TO BE PRODUCED

1. All documents concerning a bill of discovery and/or any similar legal proceedings (as described in Adams Golf's June 9, 1998 press release) purportedly filed by Adams Golf in order to determine whether Costco's claims that it had acquired Tight Lies fairway woods for resale were accurate, including all court filings related to such proceedings; all discovery, documents or information obtained directly or indirectly through such proceedings; and all documents relating to Adams Golf and Costco prior to, in connection with, or following such proceedings.

2. All documents concerning consideration of disclosure in Adams Golf's 1998 prospectus and/or registration statement of: (a) possession and/or sale of Adams Golf products by Costco; (b) alleged, potential or actual gray market distribution of Adams products; and/or (c) possible or actual risks of gray market distribution of Adams Golf products.

3. All documents concerning the possession and/or sale of Adams golf products by: (a) Costco; and/or (b) unauthorized retailers other than Costco.

4. To the extent not produced in response to previous document requests, all documents concerning suspected, alleged or actual gray market distribution of Adams products and/or the risks of such distribution.

5. To the extent not produced in response to previous document requests, all documents concerning the existence, materiality or potential disclosure of alleged gray market distribution of Adams Golf products.

6. To the extent not produced in response to previous document requests, all documents concerning Adams Golf.

C:\LssWork\391295.wpd

## CERTIFICATE OF SERVICE

I, Jessica Zeldin, hereby certify that on this 3rd day of March, 2005, a copy of the foregoing has been served electronically on the following:

Jeffrey L. Moyer, Esquire
Alyssa M. Schwartz, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

John E. James, Esquire
Potter, Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

and a copy has been served by electronic mail upon the following:

Elaine Divelbliss, Esquire (edivelbliss@stblaw.com)
Michael J. Chepiga, Esquire (mchepiga@stblaw.com)
Paul R. Bessette, Esquire (pbessette@akingump.com)
Jennifer R. Brannen, Esquire (jbrannen@akingump.com)

/s/ Jessica Zeldin
Jessica Zeldin (DSBA No. 3558)
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jzeldin@rmgglaw.com
   Plaintiffs' Liaison Counsel

cc:   Todd Collins, Esquire (via electronic mail)
   Elizabeth Fox, Esquire (via electronic mail)