## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE ADAMS GOLF, INC. SECURITIES LITIGATION | CONSOLIDATED C.A. No. 99-371 KAJ |

### NOTICE OF SERVICE
### OF SUBPOENA DUCES TECUM

To:   Jeffrey L. Moyer, Esquire  
       Alyssa M. Schwartz, Esquire  
       Richards, Layton & Finger  
       One Rodney Square  
       Wilmington, DE 19801

John E. James, Esquire  
Potter, Anderson & Corroon, LLP  
1313 N. Market Street  
Wilmington, DE 19801

Elaine Divelbliss, Esquire  
Michael J. Chepiga, Esquire  
Simpson Thacher & Bartlett, LLP  
425 Lexington Avenue  
New York, NY 10017

Paul R. Bessette, Esquire  
Akin, Gump, Strauss, Hauer & Feld, LLP  
Three Embarcadero Center, Suite 2800  
San Francisco, CA 94111-4066

Jennifer R. Brannen, Esquire  
Akin, Gump, Strauss, Hauer & Feld, LLP  
300 West 6th Street, Suite 2100  
Austin, TX 78701-2916

PLEASE TAKE NOTICE that plaintiffs have caused to be served upon KPMG a

subpoena *duces tecum* in the form attached hereto.

ROSENTHAL, MONHAIT, GROSS  
& GODDESS, P.A.

By: /s/ Jessica Zeldin  
Carmella P. Keener (DSBA No. 2810)  
Jessica Zeldin (DSBA No. 3558)  
919 Market Street, Suite 1401  
Citizens Bank Center  
P.O. Box 1070  
Wilmington, DE 19899-1070  
(302) 656-4433  
jzeldin@rmgglaw.com  
   Plaintiffs' Liaison Counsel

# United States District Court

## NORTHERN DISTRICT OF TEXAS

IN RE ADAMS GOLF SECURITIES LITIGATION

SUBPOENA IN A CIVIL CASE
Consolidated
C.A. No. 99-371 KAJ

TO:    KPMG
       Suite 3100
       717 North Harwood Street
       Dallas, Texas 75201-6585

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

## See "Schedule A" attached

| PLACE | DATE AND TIME |
|---|---|
| Susman Godfrey<br>Suite 4100<br>901 Main Street<br>Dallas, Texas 75202-3775<br>(214) 754-1900 | March 16, 2005<br>9:30 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Todd Collins*   Attorney for Plaintiff | February 15, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Todd Collins, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

(See Rule 45, Federal Rules of Civil Procedure on Reverse)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

**(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court** on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be

commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

C:\LasWork\391320_02.wpd

## SCHEDULE A

I.  **DEFINITIONS**

In the event of any conflict between or ambiguity regarding the following definitions, common usage should be used.

1.  "Adams Golf" or "the Company" means "Adams Golf, Inc.," and includes any and all predecessors or successors in interest, local, regional, national, and/or executive offices, affiliates, segments, or divisions thereof, present or former officers of Adams Golf, and present or former employees, agents, attorneys, and/or consultants acting or purporting to act on behalf of Adams Golf.

2.  The term "KPMG", "you" and "your" refers to KPMG, the Company's outside auditor during the relevant time period, or any of its subsidiaries, divisions, subdivisions, practice groups, departments, affiliates, predecessors, successors, joint ventures, present and former officers, directors, partners, principals, employees, representatives, professional staff members, agents and all other persons acting or purporting to act on its behalf.

3.  The term "Relevant Period" refers to the period January 1, 1998 to April 30, 1999.

4.  "Complaint" means plaintiffs' Consolidated and Amended Class Action Complaint for Violation of Federal Securities Laws, *In re Adams Golf, Inc. Securities Litigation*, No. 99-371 RRM (D. Delaware May 17, 2000) and any amendments thereto.

5.  "Document" or "documents" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes "writings" as defined in Rule 1001(1) of the Federal Rules of Evidence, and shall further include any work papers, desk files, electronically-stored documents, electronic communications (such as e-mail) stored in computers or otherwise, whether or not ever printed or displayed. A copy or duplicate of a document that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing shall be considered a separate document within the meaning of this term.

6.      "Correspondence" means any letter, memorandum, e-mail, or other writing transmitted between persons.

7.      "Communicate" or "communication" shall include every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, by document, by telephone, telecopier, mail, personal delivery, or other means.

8.      The terms "discuss," "refer," "relate," and/or "concern" or any variation thereof, used in conjunction with a request, mean all documents which comprise, explicitly or implicitly refer to, relate to, were reviewed in conjunction with, or were created, generated or maintained as a result of the subject matter of the request, including, but not limited to, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, summarize, analyze, describe, review or report on the subject matter of the request.

9.      "Financial Statements" includes, but is not limited to, balance sheets, statements of income, earnings, retained earnings, stockholders' equity, cash flows, cash flow projections, notes to each such statement and other notes which pertain to the past or present financial condition of Adams Golf, whether any of the foregoing is audited or unaudited, whether final, interim or *pro forma*, complete or partial, consolidated, yearly, monthly or otherwise.

10.     "IPO" means the Adams Golf, Inc.'s initial public offering of shares on or about July 10, 1998.

11.     "SEC" means the U.S. Securities Exchange Commission.

12.     "Working Papers" is synonymous in meaning and equal in scope to the use of that term in AU Section 339A of the AICPA Codification of Statements on Auditing Standards.

13.     "Person(s)" refers to natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations and all other entities.

14.     "Including" shall be construed to mean "without limitation."

15.     The terms "any" and "all" shall each be understood to mean "any and all."

16.     The use of the conjunctive includes the use of the disjunctive and the use of the disjunctive includes the use of the conjunctive.

17.     The use of the singular form of any word includes the plural, and vice versa; and the use of the masculine gender shall include the feminine and neuter genders.

18.     The use of any tense of any verb shall also include within its meaning all other tenses of the verb.

## II.   INSTRUCTIONS

1.     In responding to these requests, you shall produce all responsive documents that are in your possession, custody or control, or the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of their respective officers, managing agents, employees, attorneys, accountants, or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2.     In responding to these requests, you shall include all documents that relate to the Relevant Period (January 1, 1998 until April 30, 1999), even though prepared, generated or received outside such period.

3.     You are to produce for inspection and copying original responsive documents in the order they are kept in the ususal course of business, and such documents shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

4.     In producing for inspection and copying, you shall organize and label such responsive documents to correspond with categories in these requests.

5.    If any responsive document was at anytime, but is no longer, in your possession or subject to your control:

    (a)    state whether the document is missing or lost;

    (b)    state whether the document has been destroyed;

    (c)    state whether the document has been transferred voluntarily or involuntarily to others and, if so, at whose request;

    (d)    state whether the document has been otherwise disposed of;

    (e)    provide a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition;

    (f)    identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

6.    I f any document responsive to these requests is withheld under a claim of privilege or upon any other ground, or if part of a document is redacted, provide a privilege log consistent with Fed. R. Civ. P. 26 (b)(5), sufficient to show the applicability of the privilege.

7.    If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

8.    You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by the preceding two instructions), regardless of whether you consider the entire document to be relevant or responsive to the requests.

9.    Whenever a document is not produced in its entirety, including all attachments, or is produced in redacted form, so indicate on the document, state with particularity the reason or reasons it is not being produced in its entirety, and describe to the best of your knowledge,

information and belief, and with as much particularity as possible, those portions of the documents that are now being produced.

## III.    DOCUMENT REQUESTS

1.    All documents concerning the sales and/or purchase of Adams Golf products during the Relevant Period, including but not limited to, products within the Adams Golf Tight Lies product line.

2.    All documents that were prepared by, reviewed by, or provided to KPMG in connection with the IPO.

3.    All documents relating to the Company's risk disclosures in any filing with the SEC related to the IPO.

4.    All documents concerning the Company's Financial Statements for fiscal years ended December 31, 1997 through December 31, 1999.

5.    All communications with or among the Defendants, the Company's Board of Directors, or the Audit Committee.

6.    All documents constituting or concerning communications with Adams Golf and/or any other entity who purchased or acquired Adams Golf products, including, but not limited to, documents concerning purchase, acquisition, sale or distribution agreements, or other such arrangements, the discontinuation of such agreements or arrangements, or any communications regarding this lawsuit.

7.    All documents constituting or concerning communication between KPMG and Adams Golf, underwriters for its IPO, or any agents for Adams Golf regarding possible or actual gray market distribution or possession of Adams Golf products.

8.    All documents that KPMG prepared for, or on behalf of Adams Golf, including, but not

limited to, all management letters or letters of recommendations.

9.      All documents concerning a bill of discovery and/or related judicial proceedings filed by Adams Golf in or after June 1998 with respect to Costco Wholesale Corporation's ("Costco") possible possession and/or distribution of Adams Golf products, specifically including, but not limited to, all documents provided by you or your agents (including your outside counsel) in connection with, as a consequence of, or subsequent to those proceedings.

10.     All documents concerning possible or actual gray market distribution of Adams Golf products by retailers or wholesalers other than Costco.

11.     All documents concerning practices known as "double shipping" and "trans-shipping" of Adams Golf products.

12.     All documents concerning credit terms, credit policies, allowances, such as marketing or advertising allowances, and/or return policies related to the sale or purchase of Adams Golf products.

13.     All documents concerning any investigation, knowledge, analysis, discussion, consideration or policy, if any, regarding gray market distribution regarding Adams Golf products.

14.     All Working Papers prepared or generated by KPMG in connection with its audits of Adams Golf's financial Statements for fiscal years 1997 through and 1999.

15.     All documents concerning any consulting, tax or other non-audit services performed by KPMG for Adams Golf related to sales or projected sales of Adams Golf products during the relevant time period.

16.     All documents prepared, reviewed or received by KPMG concerning the accuracy and adequacy of disclosure in Adams Golf public filings with the SEC and/or press releases relating

to sales of the company's products, including gray market sales.

17.     All documents concerning KPMG's document retention policy in effect during the

Relevant Period including the retention of work papers, desk files, and emails.

C:\LssWork\391296_00.wpd

## **CERTIFICATE OF SERVICE**

I, Jessica Zeldin, hereby certify that on this 3rd day of March, 2005, a copy of the

foregoing has been served electronically on the following:

> Jeffrey L. Moyer, Esquire
> Alyssa M. Schwartz, Esquire
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801

> John E. James, Esquire
> Potter, Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

and a copy has been served by electronic mail upon the following:

> Elaine Divelbliss, Esquire (edivelbliss@stblaw.com)
> Michael J. Chepiga, Esquire (mchepiga@stblaw.com)
> Paul R. Bessette, Esquire (pbessette@akingump.com)
> Jennifer R. Brannen, Esquire (jbrannen@akingump.com)

> /s/ Jessica Zeldin
> Jessica Zeldin (DSBA No. 3558)
> 919 Market Street, Suite 1401
> Citizens Bank Center
> P.O. Box 1070
> Wilmington, DE 19899-1070
> (302) 656-4433
> jzeldin@rmgglaw.com
>     Plaintiffs' Liaison Counsel

cc:     Todd Collins, Esquire (via electronic mail)
        Elizabeth Fox, Esquire (via electronic mail)