IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADAMS GOLF, INC.<br>SECURITIES LITIGATION | CONSOLIDATED<br>C.A. No. 99-371 KAJ |

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF CLASS CERTIFICATION

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
Carmella P. Keener (DSBA No. 2810)
919 N. Market Street, Suite 1401
P. O. Box 1070
Wilmington, DE 19899
(302) 656-4433
ckeener@rmgglaw.com
PLAINTIFFS' LIAISON COUNSEL

BERGER & MONTAGUE, P.C.
Todd S. Collins
Elizabeth W. Fox
1622 Locust Street
Philadelphia, PA 19103
(215)875-3000

PLAINTIFFS' LEAD COUNSEL

DATED: May 24, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.  ARGUMENT ............................................................................................................. 1

    A.    Plaintiffs Have Sufficiently Pleaded That All Defendants
           are "Sellers" Under Section 12(a)(2) ..................................................................... 1

    B.    The Facts Do Not Warrant Subclassing ................................................................ 3

II. CONCLUSION .......................................................................................................... 4

# TABLE OF AUTHORITIES

## *CASES*

*Bogosian v. Gulf Oil Corp.,* 561 F.2d 434 (3d Cir. 1977) ........................................................ 3

*In re Craftmatic Sec. Litig.,* 890 F.2d 628 (3d Cir. 1990) ................................................... 1, 2

*Klein v. A.G. Becker Paribas Inc.,* 109 F.R.D. 646 (S.D.N.Y. 1986) ..................................... 4

*In re Newbridge Networks Sec. Litig.,* 767 F. Supp. 275 (D.C. 1991) ................................... 3

*Pinter v. Dahl,* 486 U.S. 622 (1988) ................................................................................... 1, 2

*Shaw v. Digital Equipment Corp.,* 82 F.3d 1194 (1st Cir. 1996) ..................................... 1, 2, 3

*Sirota v. Solitron Devices, Inc.,* 673 F.2d 566 (2d Cir. 1982) ............................................... 4

*In re Twinlab Corp. Sec. Litig.,* 103 F. Supp. 2d 193 (E.D.N.Y. 2000) ................................. 2

*In re Westinghouse Sec. Litig.,* 90 F.3d 696 (3d Cir. 1996) ................................................. 1

*In re WorldCom, Inc. Sec. Litig.,* 219 F.R.D. 267 (S.D.N.Y. 2003) ................................... 3, 4

## *OTHER AUTHORITIES*

Section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. §77l(a)(2) ...................................... 1, 2

Fed. R. Civ. P. 23(c)(1) .......................................................................................................... 3

Fed. R. Civ. P. 23(d) .............................................................................................................. 3

2 NEWBERG ON CLASS ACTIONS §8.12 at 200 .................................................................. 3, 4

Defendants make two arguments: First, that only those who sell directly to plaintiffs in the IPO can be liable under Section 12(a)(2) of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. § 77l(a)(2) and second, that because there is no joint and several liability, the Court must set up sub-classes of plaintiffs who bought from each separate underwriter under the 1933 Act.

Plaintiffs have sufficiently pled that all Defendants are statutory sellers under the 1933 Act. *Pinter v. Dahl*, 486 U.S. 622, 644-47 (1988); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 716 (3d Cir. 1996) (allegations that Defendants "were sellers . . . either sold or promoted the sale of said securities . . . and were motivated by a desire to serve their own financial interests" satisfied plaintiffs' pleading burden).[1]

Likewise, Defendants' claims on subclasses are not valid, especially when discovery is not completed. To the extent the underwriters participated in preparing the Prospectus, they solicited sales from all plaintiffs, and thus are statutory sellers to all Class Members. Once discovery is completed, the Court is entitled to revisit the issue and take appropriate steps if necessary.

## I. ARGUMENT

### A.    Plaintiffs Have Sufficiently Pleaded That All Defendants are "Sellers" Under Section 12(a)(2).

A "seller," for purposes of Section 12(a)(1) of the Act, includes not only persons in privity with the purchaser, but also persons who solicit the purchase of securities, whether motivated by their own financial interest or those of the securities owner. *Pinter* 486 U.S. at 642-43. *In re Craftmatic Sec. Litig.*, 890 F.2d 628, 635-636 (3d Cir. 1990). Plaintiffs have pleaded Section

---

[1]     *See* Consolidated and Amended Class Action Complaint for Violation of Federal Securities Laws ("Complaint") at ¶¶ 69-72; Plaintiffs' Brief in Opposition to Defendants' Motions to Dismiss at 46-51. Although raised by Defendants in their motions to dismiss, Judge McKelvie did not reach this issue in his ruling. Opinion, *In re Adams Golf, Inc. Sec. Litig.*, No. 99-371, at *29, *44 (D. Del. entered Dec. 10, 2001). Yet Defendants failed to raise the issue following remand, electing instead to answer the Complaint.

12(a)(2) claims properly under this standard against all Defendants, as sellers or solicitors of Adams stock.

Contrary to Defendants' argument, a firm commitment underwriting, in which formal title to the stock passes from the issuer to the underwriter before passing to the ultimate purchaser, does not relieve the issuer or the issuer's management from potential liability under Section 12(a)(2). *Pinter*, 486 U.S. at 642-46 (offer means "every attempt or offer to dispose of or solicitation of an offer to buy a security ..." so one who solicits but does not pass title may be liable). Defendants' reliance on *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194, 1215 (1st Cir. 1996) is misplaced, especially since the First Circuit acknowledged that "Section 12 liability is not limited to those who actually pass title to the suing purchaser." *See In re Twinlab Corp. Sec. Litig.*, 103 F. Supp. 2d 193, 204 (E.D.N.Y. 2000) (privity argument has been "substantially undercut" by post-*Pinter* decisions).

Rather, the great weight of authority has declined to dismiss 12(a)(2) claims against issuers when, as here, plaintiffs allege that the issuer and its agents played a role in soliciting sales. *Craftmatic*, 890 F.2d at 636 (upholding Section 12(a)(2) claims on allegations substantially similar to those of the Complaint). Plaintiffs have sufficiently alleged that all Defendants solicited the Plaintiffs' stock purchases for their own financial benefit. Thus, the complaint satisfies *Pinter's* seller criteria. *Pinter*, 486 U.S. at 646.-47. All Defendants were involved in soliciting investors to purchase Adams Golf stock in that (1) the Adams Golf Prospectus was a solicitation document; (2) Defendants participated in and/or supervised and controlled those who participated in the preparation and issuance of the Prospectus, Complaint ¶¶ 70-72; (3) the Adams Golf Defendants signed the Registration Statement as officers and/or directors of the issuer, Complaint ¶ 10; (4) the Adams Golf Defendants participated in road shows and otherwise promoted Adams stock in advance of the IPO; and (5) Defendants obtained direct and substantial financial benefits from the offering.

Although Plaintiffs' claims satisfy the requirements of *Pinter* and *Craftmatic*, the existence
of cases from other Circuits in which courts found on different facts that no solicitation occurred[2]
merely serves to demonstrate how fact specific these merits-based issues regarding seller status are.
Such issues are more appropriately addressed after meaningful opportunity for both sides to
investigate the facts through discovery.

### B.    The Facts Do Not Warrant Subclassing.

In securities litigation, certification of a single, unified class with respect to all claims
against all defendants, including 12(a)(2) claims against underwriters, is the norm. *See, e.g.*, *In re
WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267 (S.D.N.Y. 2003). Here, since all underwriters
participated in drafting the Prospectus and soliciting class members, all underwriters are statutory
sellers to those who bought stock in the IPO. There is no reason to treat underwriters who pass title
to buyers and underwriters who solicited buyers differently.

Rather, the issue Defendants raise relates only to the nature and amount of damages to which
each class member is entitled and from whom she or he may be entitled to collect. Courts have
repeatedly declined to create subclasses to address such issues, however, as these matters can easily
be addressed as a function of claims administration. "[I]t has been commonly recognized that the
necessity for calculation of damages on an individual basis should not preclude class determination
when the common issues which determine liability predominate." *Bogosian v. Gulf Oil Corp.*, 561
F.2d 434, 456 (3d Cir. 1977).

Moreover, where such issues require the creation of subclasses, such decisions are properly
postponed until at or near the conclusion of the case. Courts are given ongoing jurisdiction over
class certification issues and have the discretion to adjust or modify the class definition as a part of

---

[2]    *E.g., Shaw v. Digital Equip. Corp.*, 82 F.3d 1194 (1st Cir. 1996); *In re Newbridge Networks
Sec. Litig.*, 767 F. Supp. 275 (D.C. 1991).

their role in managing class actions. Fed. R. Civ. P. 23(c)(1), *see also,* Fed. R. Civ. P. 23(d); 2 NEWBERG ON CLASS ACTIONS §8.12 at 200.

In light of the Court's discretion to adjust class certification rulings if and when the need presents itself, there is good reason to exercise caution when considering proposals to create subclasses, especially when they involve damages issues which may be taken care of at the time of settlement.

## II. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court deny the Defendants' arguments based on *Pinter* and deny Defendants' request for subclasses.[3]

> ROSENTHAL, MONHAIT, GROSS
> & GODDESS, P.A.
> /S/ Carmella P. Keener
> Carmella P. Keener (DSBA No. 2810)
> 919 N. Market Street,. Suite 1401
> P.O. Box 1070
> Wilmington, DE  19801
> (302) 656-4433
> Ckeener@rmgglaw.com
> **Plaintiffs' Liason Counsel**

---

[3]    Lastly, in response to this Court's inquiry on the issue of the proper class period ending date, *Klein v. A.G. Becker Paribas Inc.*, 109 F.R.D. 646 (S.D.N.Y. 1986), is factually different. The *Klein* court found that information omitted from the prospectus was disclosed by the media between July 25 and 28, 1983, and available to investors who purchased stock after that date. *Klein*, 109 F.R.D. at 652. *The Klein* court ended the class period in July (rather than in August as urged by plaintiffs), holding that "a section 11 and 12(2) claim, which is based upon a lack of information, could not be typical of such a claim made by persons who possessed additional information." *Id.* at 652.

Here, Adams Golf's October 28, 1998 press release constituted only a partial disclosure. The October 28, 1998 disclosure, unlike the January 7, 1999 disclosure, misrepresented that it was possible gray marketing could be eliminated by the end of 1998, suggesting a short-term annoyance rather than a long-term trend; concealed the need for a $4.3 million charge as a result of gray marketing; and overstated 1999 prospects. In any event, when questions of fact remain about whether a purportedly curative press release effected a complete cure of disclosure defects, certification of the broader class period is proper. *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. at 307 (citing *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982).

PLAINTIFFS' LEAD COUNSEL:

BERGER & MONTAGUE, P.C
Todd S. Collins
Elizabeth Fox
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

**Of Counsel**

LAW OFFICES OF DONALD B. LEWIS
Donald B. Lewis
Five Cynwyd Road
Bala Cynwyd, PA 19004
(610) 668-0331

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Juli F. Desper
Elizabeth A. Leland
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900

5

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 24th day of May, 2005, I electronically

filed **Plaintiffs' Supplemental Memorandum In Support Of Class Certification** with the

Clerk of Court using CM/ECF, which will send notification of such filing to the following:

/s/Jeffrey L. Moyer, Esquire
Kevin G. Abrams, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

John E. James, Esquire
Robert K. Payson, Esquire
Potter, Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

and a copy has been served by electronic mail upon the following:

Theodore J. McEvoy, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: tmcevoy@stblaw.com

Michael J. Chepiga, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: mchepiga@stblaw.com

Paul R. Bessette, Esquire
Akin, Gump, Strauss, Hauer & Feld LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111-4066
Email: pbessette@akingump.com

Jennifer R. Brannen, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-2916
Email: jbrannen@akingump.com

/s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com