UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ADAMS GOLF, INC., SECURITIES LITIGATION | § § § § § CIVIL ACTION NO. 99-371-KAJ (CONSOLIDATED) |

## THE ADAMS GOLF DEFENDANTS' SUPPLEMENTAL MEMORANDUM ON SECTION 12(a)(2) LIABILITY

A 12(a)(2) class, if certified at all, may only be certified against the Underwriter Defendants. This Court has already determined that the only plaintiffs who have standing under section 12(a)(2) are those who purchased their shares directly from the Underwriter Defendants in the IPO. *In re Adams Golf, Inc. Sec. Litig.*, 176 F. Supp. 2d 216, 223-25 (D. Del. 2001). Although the Court did not reach the issue of whether the Adams Golf Defendants qualified as statutory "sellers" under section 12(a)(2), it stated that "[l]iability under this section [12(a)(2)] extends to those who transfer title to the security and to those who successfully solicit the purchase based on direct and active solicitation." *Id.* at 223 (citing *In re Craftmatic Sec. Litig.*, 890 F.2d 628, 636 (3d Cir. 1989)). The Adams Golf Defendants did not transfer title to the plaintiffs or actively solicit any plaintiff's purchase of stock, and therefore, they are not liable as sellers under section 12(a)(2)—no such subclasses should be certified against them. This issue is now ripe for decision.

Section 12(a)(2) explicitly limits liability to defendants who "offer or sell" a security. Each defendant charged with a violation therefore must be a statutory "seller" under section 12(a)(2).[1] 15 U.S.C. § 77*l*(a)(2); *see also Pinter v. Dahl*, 486 U.S. 622, 641-42, 108 S. Ct. 2063,

---

[1] As the Court acknowledged at the May 17, 2005 hearing, there is no joint and several liability under section 12, so there must be a section 12 subclass for each defendant who is held to be a "seller" under section 12.

2075-76 (1988). Plaintiffs must show that either: (1) defendants are in privity with plaintiffs, or (2) defendants solicited their purchases with direct, active, and immediate participation in the particular sale *and* were motivated at least in part by a desire to serve their own financial interests or those of the securities owner. *Pinter*, 486 U.S. at 642-47, 2076-79; *Craftmatic*, 890 F.2d at 636 (applying the *Pinter* analysis for seller liability to section 12(a)(2) claims).

First, plaintiffs are not in privity with any of the Adams Golf Defendants. It is undisputed that the Adams Golf shares sold in the offering were sold in a "firm commitment underwriting." (*See* Consol. Am. Compl. ("CAC") ¶ 72.) Plaintiffs acknowledge that title to the securities sold in such an offering passes from the underwriters to the purchasers. (CAC ¶ 72 (stating underwriters "held title to the stock").) A number of courts have held that in a firm-commitment offering the underwriters are the "sellers." *E.g.*, *Akerman v. Oryx Communications, Inc.*, 810 F.2d 336, 344 (2d Cir. 1987); *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1215 (1st Cir. 1996), *superseded by statute on other grounds as stated in*, *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 196-97 (1st Cir. 1999); *see also In re Westinghouse Sec. Litig.*, 90 F.3d 696, 716 (3d Cir. 1996) (holding that the Westinghouse defendants could not be liable as direct sellers because plaintiffs alleged that the underwriter defendants purchased the shares from Westinghouse and resold them to the public). The Supreme Court held in *Pinter* that section 12 limits liability to "only the buyer's immediate seller." 486 U.S. at 643-44 & n.21, 108 S. Ct. at 2077 & n.21. Thus, plaintiffs cannot move up the transactional chain and attempt to reach the seller's seller. *Id.* The Adams Golf Defendants are simply "not in privity with the [plaintiffs] for section 12(2) purposes" because they are not the buyer's immediate seller. *Akerman*, 810 F.2d at 344.

Second, the Adams Golf Defendants cannot be liable on a solicitation theory. The CAC alleges only that "[d]efendants' actions of solicitation included participating in the preparation of

2

the false and misleading Prospectus."[2] (CAC ¶ 70.) The Third Circuit has held, and most other courts agree, that an issuer cannot be held liable "solely on the basis of its involvement in preparing the prospectus. The purchaser must demonstrate *direct and active participation in the solicitation of the immediate sale* to hold the issuer liable as a § 12(2) seller."[3] *Craftmatic*, 890 F.2d at 636 (emphasis added). The *Craftmatic* court further noted that the language of section 12 focuses "the inquiry on the *relationship* between the purchaser and the participant, rather than on the latter's degree of involvement in the transaction." *Id.* (citing *Pinter*, 486 U.S. at 651, 108 S. Ct. at 2080-81) (emphasis added). This suggests a requirement of direct contact with a particular buyer, not the more diffuse and generalized acts of preparing the prospectus and signing the registration statement. Plaintiffs here have not alleged or demonstrated any such direct and active solicitation by any Adams Golf Defendant of any immediate sale to any named plaintiff.[4] *Copland v. Grumet*, 88 F. Supp. 2d 326, 336-37 & n.11 (D.N.J. 1999).

The *Copland* court noted that its rejection of plaintiffs' section 12(a)(2) claim was consistent with the Third Circuit's decisions in *Craftmatic* and *Westinghouse* because both those cases involved sufficient allegations of defendants' direct and active solicitation of the *particular*

---

[2] The CAC also contains a bald assertion that "[d]efendants were sellers, offerors, and/or solicitors of sales of the shares offered pursuant to the Prospectus." (CAC ¶ 69.) Plaintiffs further alleged that the Individual Defendants signed the Registration Statement (CAC ¶ 10) and will likely argue that this constitutes solicitation, but there is no authority within the Third Circuit supporting such a proposition. At least one district court has found that "[r]efusing to hold Defendants liable solely on the basis that they signed the Registration Statement and Prospectus comports with the Supreme Court's guidance in *Pinter*. . . ." *In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096, 1120-21 (D. Nev. 1998) (also finding allegations of "[s]imple involvement in preparing a registration statement or prospectus, or participation in activities regarding the sale of securities" insufficient to establish the kind of relationship between plaintiff and defendant necessary to establish statutory-seller status).

[3] The Private Securities Litigation Reform Act of 1995 (the "Reform Act") changed the designation of former section 12(2) of the Securities Act to 12(a)(2). The language of the statute did not change.

[4] Even if the Court assumes arguendo that plaintiffs demonstrated that the Adams Golf Defendants solicited the plaintiffs' purchases, plaintiffs' CAC contains no allegations and plaintiffs have

3

*plaintiffs.* 88 F. Supp. 2d at 337 n.11 (quoting the allegations in *Westinghouse* and *Craftmatic* to demonstrate that the language in the pleadings there connected defendants' solicitation directly to the plaintiffs). Plaintiffs' allegations here, like those in *Copland*, are insufficient as a matter of law because "the allegations which purport to establish [the Adams Golf Defendants'] statutory seller status do not contain any reference to 'the relationship between the purchaser and the participant. . . .'" *Compare id.* (citing *Pinter*, 486 U.S. at 642, 108 S. Ct. 2063) *with* CAC ¶ 70 (alleging only that defendants participated in the Prospectus's preparation).

Accordingly, none of the Adams Golf Defendants can be held liable as "sellers" under section 12(a)(2), and there can be no section 12(a)(2) subclasses certified against any of them.

*/s/ Jeffrey L. Moyer*
Jeffrey L. Moyer (#3309)
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, Delaware 19899
(302) 651-7700
moyer@rlf.com
schwartz@rlf.com
Attorneys For Defendants Adams Golf, Inc., B.H. Adams, Richard H. Murtland, Darl P. Hatfield, Paul F. Brown, Jr., Roland E. Casati, Finis F. Conner, And Stephen R. Patchin

Of Counsel:
Paul R. Bessette
Jennifer R. Brannen
Christopher W. Ahart
Michelle A. Reed
Akin Gump Strauss Hauer & Feld Llp
300 W. 6th Street, Suite 2100
Austin, Texas 78701

Dated: May 24, 2005

---

failed to show that the Adams Golf Defendants were motivated by a desire to serve their own financial interest or that of the securities owner—a necessary component of the statutory-seller test.

4

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2005, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Carmella P. Keener
Rosenthal, Monhait, Gross & Goddess
919 Market Street, Suite 1401
Wilmington, DE 19801

Robert K. Payson
John E. James
Potter Anderson & Corroon LLP
1313 North Market Street, Hercules Plaza
Wilmington, Delaware 19801

I hereby certify that on May 24, 2005, I have Federal Expressed the document(s) to the following non-registered participants:

Todd S. Collins
Jacob A. Goldberg
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103

Michael J. Chepiga
Elaine M. Divelbliss
Theodore J. McEvoy
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017

/s/ Alyssa M. Schwartz
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
schwartz@rlf.com