IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADAMS GOLF, INC.<br>SECURITIES LITIGATION | CONSOLIDATED<br>C.A. No. 99-371 KAJ |

**NOTICE OF SERVICE OF SUBPOENA DUCES TECUM ON KING PAR CORPORATION**

To:  Jeffrey Moyer, Esquire
      Alyssa M. Schwartz, Esquire
      Richards, Layton & Finger
      One Rodney Square
      Wilmington, DE. 19801

John E. James, Esquire
Potter, Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE. 19801

Elaine Develbliss, Esquire
Michael J. Chepiga, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

Paul R. Bessette, Esquire
Akin, Gump, Strauss, Hauer & Feld LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA. 94111-4066

Jennifer R. Brannen, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
300 West 6th Street, Suite 2100
Austin, Texas 78701-2916

**PLEASE TAKE NOTICE** that plaintiffs have caused to be served upon King Par Corporation a subpoena duces tecum in the form attached hereto.

ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.

By: /s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
919 Market Street, Suite 1401
Citizens Bank Center
Wilmington, DE. 19801
ckeener@rmgglaw.com

Delaware Liaison Counsel for Plaintiffs

AO 88 (Rev. 11/94) Subpoena in a Civil Case

# United States District Court

EASTERN DISTRICT OF MICHIGAN

In re Adams Golf Inc. Securities Litigation

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 99-371-KAJ

TO:
King Par Corporation
c/o William J. Baird
G-5140 Flushing Road
Flushing, MI 48433

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear in at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The document listed in Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| SIEMION HUCKABAY, One Town Square, Suite 1400, P.O. Box 5068, Southfield, MI. 48086 | July 12, 2005 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Counsel for Plaintiffs | June 29, 2005 |

Todd Collins, Esquire, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103
(215) 875-3000

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure on Reverse)

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                    DATE                              SIGNATURE OF SERVER

                                         _____
                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

396051

**SCHEDULE A**

**DEFINITIONS AND INSTRUCTIONS**

i. "Adams Golf" means Adams Golf, Inc. and each of its subsidiaries, divisions, parents and affiliates, and shall include any and all of its present or former directors, officers, employees, agents, attorneys or other representatives.

ii. "King Par" means King Par Corporation, and each of its offices, divisions or affiliates (including, but not limited to, King Par Super Store), and shall include any and all of its or their present or former partners, associates, directors, officers, employees, agents, attorneys or other representatives.

3. "Costco" means Costco Wholesale Corp. (formerly known at various times as "Costco," "Costco, Inc." "Price/Costco. Inc. and Costco Companies Inc.") Inc. and each of its subsidiaries, divisions, parents and affiliates, and shall include any and all of its or their present or former directors, officers, employees, agents, attorneys or other representatives.

4. "Gray market distribution" means the unauthorized distribution of a company's products to or through retailers other than authorized distributors of that company, including but not limited to discount retailers.

5. "Document" or "documents" shall have the same full meaning as used in Rule 34(a) of the Federal Rules of Civil Procedure. Specifically, each such "document" or "documents"

1

means every writing and record of every type and description in the possession, custody or control of each defendant, as defined above, and includes any record maintained in writing or by any other device or medium on which or through which information of any type is transmitted, recorded, or preserved, specifically including, but not limited to, by e-mail. "Document" or "documents" also means drafts and copies where the original is not in the possession, custody or control of a defendant, and every version of a document where such copy is not an identical duplicate of the original.

6. "Concerning" means relating to, referring to, evidencing and/or constituting.

7. "Person" means an individual, proprietorship, corporation, partnership, joint venture, association, and any other legal entity or association, including any director, officer, employee, agent or person working on behalf thereof.

8. "Communication" means every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally; by document; face-to-face; by telephone, telecopier, computer, mail, facsimile, personal delivery or overnight delivery; or otherwise.

9. "And", "or" and "and/or" have both conjunctive and disjunctive meanings; "all" and "any" both include "each" and "every."

2

10. The use of the singular herein shall be deemed to include the plural, and use of the plural herein shall be deemed to include the singular; the use of the masculine herein shall be deemed to include the feminine and neuter as appropriate in the context.

11. Responsive documents shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with this demand. If there are no documents responsive to a particular category, you shall so state in writing.

12. Unless otherwise stated or indicated by the context of the individual requests for documents set forth below, each request covers the time period from July 1, 1997 through and including June 30, 1999.

13. If any of the requests set forth below calls for information or the production of a document all or any portion of which you claim to be privileged or otherwise immune from discovery, and such information or document is withheld by you on that basis, state:

(1) the nature of the privilege or immunity claimed;

(2) the author of the document, and the author's last known name, home and business addresses and business position;

3

      (3) the last known name, home and business addresses, and business position of each individual or other person to whom the original or a copy of the document was sent or who received an original or copy of the document;

      (4) the date of the document; and

      (5) a description of the subject matter of the document sufficient to permit a judicial determination of the claim of privilege or immunity.

### DOCUMENTS TO BE PRODUCED

1. All documents concerning communications with Costco with regard to the placing of orders for Adams Golf products by King Par, for later resale through Costco outlets or other outlets to be designated by Costco.

2. All documents concerning orders placed by King Par for Adams Golf products for later distribution through sales outlets other than authorized Adams Golf retailers.

3. To the extent not produced in response to requests 1 and 2, all documents concerning gray market distribution or unauthorized distribution of Adams Golf products by Costco, King Par or any other person.

4. All documents concerning the transmission of funds and/or golf club products from Costco to King Par in exchange for the placing of orders for Adams Golf products by King Par.

4

5. All documents concerning efforts by Adams Golf (through Christopher Beebe or any other person) to cancel or otherwise prevent consummation of any order (including but not limited to an order for approximately 1,500 clubs) placed by a King Par outlet in Flint Michigan, including any documents concerning communications between King par and Adams Golf relating to such order or to reasons it would not be consummated.

5. All documents concerning discussions between King Par on the one hand and Christopher Beebe, Mark Gonsalves, Jay Greaney and/or any other representative of Adams Golf on the other, regarding orders placed or attempted to be placed for Adams Golf products by King Par and/or Costco.

6. All documents concerning communications from King Par to Adams Golf or Costco with regard to distribution of Adams Golf products by any means, including but not limited to alleged or actual gray market distribution of Adams Golf products.

7. All documents concerning communications to King Par from Adams Golf or Costco with regard to distribution of Adams Golf products by any means, including but not limited to alleged or actual gray market distribution of Adams Golf products.

396069.wpd

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 7th day of July, 2005, I electronically filed **Notice of Service of Subpoena Duces Tecum on King Par Corporation** with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Jeffrey L. Moyer, Esquire
Kevin G. Abrams, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

John E. James, Esquire
Robert K. Payson, Esquire
Potter, Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

and a copy has been served by electronic mail upon the following:

Theodore J. McEvoy, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: tmcevoy@stblaw.com

Michael J. Chepiga, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: mchepiga@stblaw.com

Paul R. Bessette, Esquire
Akin, Gump, Strauss, Hauer & Feld LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111-4066
Email: pbessette@akingump.com

Jennifer R. Brannen, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-2916
Email: jbrannen@akingump.com

/s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT, GROSS
  & GODDESS, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com