IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADAMS GOLF, INC.<br>SECURITIES LITIGATION | CONSOLIDATED<br>C.A. No. 99-371 KAJ |

**PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO AMEND COMPLAINT**

Plaintiffs, by their attorneys, hereby move this Court for an Order extending the date on which plaintiffs are required to amend their Complaint by forty five days, from July 15, 2005 to August 29, 2005, and state as follows:

1. Despite Plaintiffs' continuing efforts to prod Defendants to produce relevant documents, the Adams Golf Defendants have only recently produced certain key documents and have not yet produced other relevant documents. Defendants' failure to make timely production necessitates an extension of the time for amending the complaint. Defendants would suffer no prejudice, and the granting of this Motion would not effect the discovery deadline.

2. On November 29, 2004, the Court issued a Scheduling Order pursuant to which all motions to join other parties and to amend or supplement the pleadings were to be filed on or before July 15, 2005.

3. On December 22, 2004, Plaintiffs' counsel requested in writing that the Adams Golf Defendants respond to Plaintiffs' First Requests for Production of Documents, which were initially served on February 2, 2000.

4. On January 10, 2005, Plaintiffs requested in writing that the Adams Golf Defendants provide documents identified in their Fed. R. Civ. P. 26(a)(1)(b) disclosures.

5. On January 28, 2005, the parties met and conferred on the telephone concerning

Plaintiffs' First Request for Production of Documents. The parties agreed that the Adams Golf Defendants would produce documents on a rolling basis, and that a privilege log would be provided at the conclusion of the production. The parties also agreed that January 1, 1998 through June 11, 1999 was the relevant time period. However, Plaintiffs reserved the right to modify that time period as discovery progressed.

6. Plaintiffs received the Adams Golf Defendants' initial production of documents on a rolling basis. These documents were generally non-responsive to plaintiffs' document requests, as they were comprised primarily of records reflecting international sales of Adams Golf products subsequent to the Company's IPO. Despite Plaintiffs' explicit requests for relevant information concerning domestic sales during the relevant time period, virtually nothing was produced at that time concerning sales in the United States or the identity of American distributors and retailers.

7. On April 21, 2005, Plaintiffs' counsel reviewed documents at Adams Golf headquarters in Plano, Texas.

8. On June 13, 2005 the parties met and conferred on the telephone concerning the Adams Golf Defendants' document production to date. Plaintiffs enumerated numerous failures or omissions to produce relevant documents responsive to Plaintiffs' first set of document requests. Particularly, Plaintiffs requested, pursuant to document request 14, that the Adams Golf Defendants correct their failure to provide all relevant documentation by producing the Company's Sales Register for the last two quarters of 1997 and all of 1998. Defendants did not object to the relevance of plaintiffs' request for the Sales Register. Plaintiffs also requested a reconciliation of the Sales Register to the General Ledger for 1997 and 1998, which Defendants objected to on relevance grounds. Plaintiffs also repeated, *inter alia*, their request for distribution agreements and other information pertaining to distributers and retailers of Adams Golf equipment in the United States.

Also, based upon information recently received from witnesses that Adams Golf was experiencing gray marketing during 1997, Plaintiffs requested relevant documents from the last two quarters of 1997.

9. On or about June 16, 2005, plaintiffs received another box of relevant documents from the Adams Golf Defendants.

10. Subsequent to the meet and confer conference on June 13, 2005, plaintiffs complied with the Adams Golf Defendants' request during that conference to narrow Plaintiffs' document request which sought information concerning American distributors and retailers of Adams Golf products. Plaintiffs provided a list of twenty retailers and/or distributors. Plaintiffs have not received the requested information to date.

11. Plaintiffs received five additional boxes of documents from the Adams Golf Defendants on June 22, 2005. These documents appear to be more substantive and relevant than documents previously produced by the Adams Golf Defendants. The documents also appear to have been in the custody and control of the Adams Golf Defendants since at least 1998. Plaintiffs' review of these documents is on-going.

12. On June 27, 2005, the Adams Golf Defendants informed plaintiffs that they would not produce the Company's Sales Register for the last two quarters of 1997 and 1998 because it had been destroyed on or about January 31, 1999.

13. On July 1, 2005, the Adams Golf Defendants produced their privilege log.

14. Plaintiffs respectfully move this Court for an extension of the July 15, 2005 amendment deadline because Defendants' document production is on-going, and Defendants have not yet produced relevant documents that they have agreed to produce during meet and confer conferences. While awaiting the production of additional relevant documents, plaintiffs are

analyzing the five boxes of documents produced on June 22, 2005. Plaintiffs only learned definitively on June 27, 2005 that the Company allegedly destroyed the computerized Sales Register before Plaintiffs filed suit. In the absence of the Sales Register, which is a computerized compilation of relevant sales data, plaintiffs must now compile and analyze extensive amounts of sales and financial information related to gray marketing. This effort is both labor intensive and time consuming. While analyzing these recently produced documents, plaintiffs must now also analyze and respond to the Adams Golf Defendants' privilege log, produced four business days before the filing of this motion. Further, after analyzing documents produced by the Adams Golf Defendants, plaintiffs served an additional document request concerning former Vice President of Sales Mark Gonsalves' departure from the Company. The Adams Golf Defendants are to respond to this additional request, which is relevant and likely to yield substantive and significant evidence, by July 24, 2005.

15. Defendants would not be prejudiced by the extension of the deadline.

16. The Adams Golf Defendants oppose this motion.

Dated: July 8, 2005

LEAD COUNSEL FOR PLAINTIFFS:

BERGER & MONTAGUE, P.C.
Todd Collins
Elizabeth Fox
Neil Mara
1622 Locust Street
Philadelphia, PA. 19103
(215) 875-3000

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.

By: __/s/ Carmella P. Keener__
Carmella P. Keener (DSBA No. 2810)
919 N. Market Street, Suite 1401
Citizens Bank Center
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com

Delaware Liaison Counsel for Plaintiffs