EXHIBIT 1

1622 LOCUST STREET    PHILADELPHIA. PA 19103-6305  ·  phone 215/875-3000  |  fax 215/875-4604  |  www.bergermontague.com

# Berger&Montague,P.C.
ATTORNEYS AT LAW

| | |
|---|---|
| WRITER S DIRECT DIAL | (215) 875-5806 |
| WRITER S DIRECT FAX | (215) 875-4604 |
| WRITER S DIRECT E-MAIL | efox@bm.net |

**ELIZABETH FOX**

December 22, 2004

Jennifer Brannen, Esquire
**Akin, Gump, Strauss, Hauer & Feld, LLP**
300 West 6th Street, Suite 2100
Austin, TX  78701

    **Re:**   **IN RE ADAMS GOLF, INC. SECURITIES LITIGATION**
            **Consolidated Civil Action No. 99-371-KAJ**

Dear Jenny:

    As you may remember in 1999, Plaintiffs served their First Request for Production of Documents (the "First Request"). The Adams Golf defendants responded with objections and did not produce any documents.

    I enclose an additional copy of Plaintiffs' First Request. To streamline the the document production process, we request that you make production first with respect to the following specific document requests: 2, 4, 8, 11-14, 18, 19, 21, 23, 26, 27, and 34. Please produce these documents to me at my office in Philadelphia by January 22, 2005.

    To make sure that defendants will avoid undue burden in responding to these requests, Plaintiffs are willing to incorporate two limitations with respect to the January 22, 2005 production. First, the "relevant time period" shall mean calendar year 1998. Second, the emails to be produced pursuant to Request 34 shall be limited to emails concerning the subject matter of the document requests referenced in the paragraph immediately above (2, 4, 8, 11-14, 18-19, 21, 23, 26, and 27).

    In addition, with regard to Requests 18 and 19, in light of your previous objections, the term "price sensitive general discount warehouses, department stores or membership clubs" is a term used by Adams Golf in its Registration Statement and Prospectus. It includes at least Costco, Sports Authority and Canadian Tire, as well as the companies named in the requests, and likely others.

# Berger&Montague,P.C.
ATTORNEYS AT LAW

Jennifer Brannen, Esquire
**Akin, Gump, Strauss, Hauer & Feld, LLP**
December 22, 2004
Page 2

This letter is without waiver of our right to production of all documents covered by the First Request except for documents requested in Requests 31-33. We also reserve the right to propound other document requests. However, once we receive the documents on January 22, 2005, Plaintiffs will review the production to attempt to streamline, if possible, defendants' continuing production pursuant to the First Request.

Thank you very much. Please call if you have questions.

Sincerely,

Elizabeth W. Fox

EWF/sw

cc:     Elaine Divelbliss, Esquire
        Juli Desper, Esquire
        Beth Leland, Esquire
        Carmella Keener, Esquire
        Donald Lewis, Esquire

C:\LssWork\389250_04.wpd

# EXHIBIT 2

1622 LOCUST STREET | PHILADELPHIA 19103-6305 | *phone* 215/875-3000 | *fax* 215/875-4604 | *www.bergermontague.com*

# Berger&Montague,P.C.
### ATTORNEYS AT LAW

| | |
|---|---|
| WRITER'S DIRECT DIAL | (215) 875-5806 |
| WRITER'S DIRECT FAX | (215) 875-4604 |
| WRITER'S DIRECT E-MAIL | efox@bm.net |

**ELIZABETH W. FOX**

January 10, 2005

Jennifer Brannen, Esquire
**Akin, Gump, Strauss, Hauer & Feld, LLP**
300 West 6th Street, Suite 2100
Austin, TX 78701

    **Re:    IN RE ADAMS GOLF, INC. SECURITIES LITIGATION**
            **Consolidated Civil Action No. 99-371-KAJ**

Dear Jenny:

    Please produce the documents that you identified on behalf of Adams Golf in your initial disclosures under Federal Rule 26(a)(1)(B). To the extent that you withhold any documents as privileged, please send us a privilege log that meets the requirements of Rule 26(b)(5).

            Sincerely,

            *Elizabeth W. Fox*

            Elizabeth W. Fox

EWF/sw

cc:    Carmella Keener, Esq.
       Juli Desper, Esq.
       Don Lewis, Esq.
       Elaine Divelbliss, Esq.
       Jeffrey Moyer, Esq.
       John James, Esq.

EXHIBIT 3

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

━━━━━━━━━━━━━━━  Attorneys at Law

**JENNIFER R. BRANNEN**
512 499 6258/fax: 512 499 6290
jbrannen@akingump.com

January 18, 2005

VIA FACSIMILE

Ms. Liz Fox
Berger & Montague
1622 Locust Street
Philadelphia, PA 19103

   Re: Adams Golf Securities Litigation

Dear Liz:

  As required by Federal Rule of Civil Procedure Rule 26(a)(1)(B), we provided plaintiffs with "a description by category and location" of all documents in defendants' possession that we may use to support our claims or defenses. No more is required under the rules at this time. To the extent that plaintiffs' Rule 34 document requests seek these documents, we will respond to the requests at the appropriate time.

  Once the Adams Golf defendants have served their responses, we will be glad to schedule a meet-and-confer call. We believe it is in everyone's best interest to be sure that the parties are in agreement regarding the scope of discovery before beginning document production. We anticipate beginning a rolling document production shortly after we reach agreement on any outstanding issues.

  Please let me know if you have any questions.

       Sincerely,

       Jennifer R. Brannen

JRB:dj

cc: Carmella Keener, Esq.
   Juli Desper, Esq.
   Don Lewis, Esq.

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

■■■■■■■ Attorneys at Law

Ms. Liz Fox
January 14, 2005
Page 2

Theodore McEvoy, Esq.
Elaine Divelbliss, Esq.
Jeffrey Moyer, Esq.
John James, Esq.

# EXHIBIT 4

# AKIN GUMP
# STRAUSS HAUER & FELD L.L.P.

━━━━━━━━━━━━━ Attorneys at Law

JENNIFER R. BRANNEN
512 499 6258/fax: 512 499 6290
jbrannen@akingump.com

February 7, 2005

VIA EMAIL AND REGULAR MAIL

Ms. Liz Fox
Berger & Montague
1622 Locust Street
Philadelphia, PA 19103

     Re:   Adams Golf Securities Litigation

Dear Liz:

The purpose of this letter is to memorialize the parties' agreements and disagreements on Plaintiffs' First Request for Production of Documents, as discussed during our meet-and-confer telephone conference on January 28, 2005.

Defendants explained that we believe it is most efficient to agree on the scope of discovery early in the discovery process to prevent any need to re-review the documents later.

Defendants have begun reviewing documents and will produce them to plaintiffs on a rolling basis. If defendants will be producing more than ten boxes, defendants will notify plaintiffs to provide them the opportunity to review the documents before production. All production will be subject to the protective order entered by Judge Jordan on December 14, 2004. At the end of the rolling production, defendants will produce a privilege log.

## GENERAL OBJECTIONS

The parties agreed that January 1, 1998 through June 11, 1999 is the relevant time period, and defendants will review and produce documents that were created during this period. Defendants also explained that they would produce documents to the extent they are relevant to plaintiffs' only remaining claim—the gray-market allegation. This allegation will be broadly construed by defendants to include purported documents that may include any alleged overselling to distributors, returns or discounts allegedly allowed in response to gray marketing, or any other subject matter that bears on potential gray-market problems.

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━━ Attorneys at Law

Ms. Liz Fox
February 7, 2005
Page 2


## OBJECTIONS TO SPECIFIC REQUESTS

### Request 1

This request seeks documents identifying filing categories. Defendants agreed to produce all documents that identify categories if relevant to the remaining claims and defenses.

### Request 2

This request seeks documents concerning document preservation, retention, or destruction policies. Defendants explained that Adams Golf likely did not have a document-retention policy in 1998, but if there is such a policy, they will produce it.

### Request 3

This request seeks documents identifying the organizational structure and management hierarchy of the Company and all organizational changes therein. Plaintiffs stated that they are seeking organizational charts that depict Adams Golf management positions and any subsequent organizational charts that identify changes in management structure.

### Request 4

This request seeks Adams Golf Board of Directors and committee minutes, agendas, documents, and other materials. Defendants explained that they will produce all such documents if they are relevant to the gray-market allegations. Plaintiffs contend that this should include any documents where the Board discussed what should be included in the prospectus or explanation of parameters for inclusion in the IPO prospectus. Defendants agreed that to the extent any Board discussions involved gray-market allegations or set up particular criteria for inclusion in the prospectus, defendants will produce such documents. Defendants do not agree to produce all Board minutes that discuss the IPO if they are not otherwise relevant.

Plaintiffs further explained that other documents may be brought up in depositions and that they would also request those documents. Defendants agreed that if a relevant document is discussed in a deposition that was not previously produced, defendants will produce that document, but defendants do not agree to allow plaintiffs the right to re-depose that witness.

### Requests 5, 7-12, 15-16, 18

These requests seek various communications with shareholders, press releases, and other documents, none of which are limited by subject matter. Defendants agree to produce all

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━ Attorneys at Law

Ms. Liz Fox
February 7, 2005
Page 3

documents responsive to these requests that are relevant to plaintiffs' gray-market allegations, broadly construed as explained in the general objections portion above. Plaintiffs agreed that this will satisfy their requests so long as the gray-market allegation is broadly construed.

### Request 6

This request seeks transfer records evidencing ownership of Adams Golf common stock shares. Plaintiffs stated that they do not currently need the documents responsive to this request and that these documents need only be produced if a class is certified. Defendants agreed that they would contact the transfer agent if a class is certified, but clarified that the transfer agent would likely not have the names of all individual shareholders.

### Request 14

This request seeks all documents concerning the distribution of Adams Golf Tight Lies, requesting all contracts and agreements, sales figures, and other documents. Defendants explained that this request is unduly burdensome because Adams Golf had hundreds of distributors, very few of which are at issue in this litigation. Defendants agreed to provide plaintiffs a list of distributors, assuming such a discrete list exists. Plaintiffs agreed that they would review this list and then make later requests when they determine which distributors are involved in the gray-market allegations. Defendants agreed to provide all documents responsive to this request that are related to WDC MacKenzie.

### Request 17

This request seeks all documents concerning sales of Adams Golf Tight Lies product. Defendants agreed to produce all documents that are relevant to the gray-market allegations. Plaintiffs clarified that they are primarily looking for sales reports.

### Request 19

This request seeks documents about Adams Golf's alleged distribution through "price sensitive general discount warehouses." Defendants explained that Adams Golf did not distribute through such channels, and therefore the only potential documents would be related to unauthorized secondary distribution through its distributors. Plaintiffs agreed that they were seeking documents regarding this unauthorized distribution.

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━  Attorneys at Law

Ms. Liz Fox
February 7, 2005
Page 4

### Request 20

This request seeks documents concerning sales of Adams Golf Tight Lies to foreign retailers or distributors. Plaintiffs clarified that this request overlaps with Request 17 and that plaintiffs are essentially seeking sales figures and any documents discussing sales and where the Tight Lies product ultimately ended up.

### Request 21

This request seeks documents concerning the Company's credit or return policies and any allowances granted to sales representatives, distributors, or retailers. Defendants clarified that if there was a general credit or return policy, they would produce it. Defendants also agreed to produce documents relevant to credits or returns related to gray-market allegations, but clarified that producing documents regarding all returns, particularly those unrelated to alleged gray marketing, was unduly burdensome. Plaintiffs explained that they are looking for broad company policies and will issue a later request if they want documents related to specific distributors.

### Request 22

This request seeks documents concerning analyses of sales of Adams Golf Tight Lies. Defendants explained that this request is duplicative of Request 17. Plaintiffs clarified that this is really a subset of Request 17.

### Request 23-25

These requests seek all documents concerning the preparation, drafting, and dissemination of the Registration Statement and Prospectus, including communications with the auditors, underwriters, and SEC. Defendants objected to these requests because they are vastly overbroad, unduly burdensome, and not limited by subject matter. Defendants agreed to produce documents relevant to the broadly construed gray-marketing allegation, but explained that they would not produce all communications with the underwriters, accountants, and SEC regardless of subject matter.

Plaintiffs argue that they are entitled to all documents discussing the IPO because communications with the auditors and the SEC are not privileged and because the absence of any discussion is also relevant. Plaintiffs explained that they would revisit this issue after the production. Defendants disagree that plaintiffs need to see all the documents to determine whether there was any discussion. If no documents are produced discussing gray market, plaintiffs will know there was no discussion. Defendants reemphasized that the parties should

AKIN GUMP
STRAUSS HAUER & FELD L.L.P.
━━━━━━━━━ Attorneys at Law

Ms. Liz Fox
February 7, 2005
Page 5

resolve these disputes on the front end so that there is no dispute after all of the documents have
been reviewed.

### Requests 26-27

These requests seek documents related to the alleged gray marketing of Adams Golf
products. Subject to their privilege objection, defendants agreed to produce these documents in
their entirety.

### Request 28

This request seeks all documents concerning the Company's profits and losses, including
financial statements, accounting documents, key performance indicator reports, marketing and
performance reports, club return reports, sales records, and club shipment records. Defendants
objected to this request because there is no alleged accounting fraud, so it is overly broad and not
limited by subject matter. This request could result in the production of hundreds of boxes of
shipping and return records. The Advisory Committee Notes to Rule 26 explain that the year-
2000 amendment to the Rule "signals to the court that it has the authority to confine discovery to
the claims and defenses asserted in the pleadings, and signals to the parties that *they have no
entitlement to discovery to develop new claims or defenses that are not already identified in the
pleadings*." FED. R. CIV. P. 26, advisory committee notes, at ¶ 26.

Plaintiffs explained that they are seeking documents by which they can deduce things
about gray marketing and that they are not seeking documents such as employee records.
Defendants agreed to check on the volume of the marketing and performance reports, club return
reports, sales records, and club shipment records. If they are not overly voluminous, defendants
will produce documents that are relevant to gray marketing in the broadest sense, but will not
produce all accounting documents not limited by subject matter.

### Request 29

This request seeks documents concerning sales forecasts and actual sales results from
Adams Golf Tight Lies. Plaintiffs clarified that they are seeking documents that reflect
comparisons of forecasts versus actuals.

### Request 30

This request seeks documents concerning analyses of profit margins for Adams Golf
Tight Lies. Plaintiffs clarified that "analyses of profit margins" is intended to mean discussions

AKIN GUMP
STRAUSS HAUER & FELD LLP
▬▬▬▬▬ Attorneys at Law

Ms. Liz Fox
February 7, 2005
Page 6

of profit margin or pricing or actual numbers explaining profit margin. Defendants agreed to
produce such documents.

### Requests 31-33

The parties agreed that these requests are no longer relevant.

### Request 34

This request seeks email from various Adams Golf employees and management.
Plaintiffs limited this request to emails concerning the subject matter of requests 2, 4, 8, 11-14,
18-19, 21, 23, 26, and 27. Defendants clarified that many Adams Golf employees did not use
email during the period in question and that therefore there would be very few documents
produced in response to this request.

### Request 35

This request seeks documents regarding communications and meetings with Adams Golf
sales representatives. Defendants objected to this request because it is not limited by subject
matter. Defendants agreed to produce documents that are broadly relevant to plaintiffs' gray-
marketing allegations. Plaintiffs clarified this request seeks internal company meetings with
Adams Golf sales representatives and that limiting production to documents relevant to gray
marketing is acceptable so long as gray marketing is broadly construed to include things such as
reports of large shipments.

### Request 36

This request seeks documents concerning the restructuring of the Adams Golf sales
department in October 1999. Plaintiffs explained that they think there is a typo and that this
should refer to October 1998. Defendants agreed that they will produce documents relevant to
an alleged sales department restructuring in 1998. If defendants determine that there was a
restructuring in 1999, the parties will revisit the issue to see if this restructuring is still relevant.

In conclusion, subject to the objections and limitations set forth in Defendants'
Objections and Responses to Plaintiffs' First Request for Production of Documents and in this
letter, and to the extent that nonprivileged responsive documents exist for the agreed-upon
production period that are relevant to the claims or defenses of the parties, defendants will make
copies available to plaintiffs in a rolling production. Please let me know if you have any
questions

AKIN GUMP
STRAUSS HAUER & FELD LLP
—————————— Attorneys at Law

Ms. Liz Fox
February 7, 2005
Page 7

Sincerely,

Jennifer R. Brannen

JRB:dj

cc:     Carmella Keener, Esq.
        Juli Desper, Esq.
        Don Lewis, Esq.
        Theodore McEvoy, Esq.
        Elaine Divelbliss, Esq.
        Jeffrey Moyer, Esq.
        John James, Esq.

# EXHIBIT 5

# Berger&Montague,P.C.
ATTORNEYS AT LAW

WRITER'S DIRECT DIAL | (215) 875-5806
WRITER'S DIRECT FAX | (215) 875-4604
WRITER'S DIRECT E MAIL | efox@bm.net

**ELIZABETH W. FOX**

February 22, 2005

Michelle A. Reed, Esquire
**Akin, Gump, Strauss, Hauer & Feld, LLP**
300 West 6th Street, Suite 2100
Austin, TX 78701

Re:    **IN RE ADAMS GOLF, INC. SECURITIES LITIGATION**
        **Consolidated Civil Action No. 99-371-KAJ**

Dear Michelle:

We will produce the documents identified in our Rule 26 disclosures to you on a disc or copy them for you, at your expense. None of these documents is privileged.

We request that you produce immediately those documents identified in your clients' Rule 26 disclosures.

As to your questions which appear to be about the objections we interposed to your initial interrogatories, we will look at the cases you cite and get back to you.

Dr. Shockley is available for deposition at this office at 11:00 a.m. on Friday, February 25, 2005. I will give his documents (2 or 3 pages) to Jenny tomorrow.

Finally, we note that although plaintiffs' document requests were served on you before you sent us discovery requests, we have not received anything from you or the investment bank defendants. We see no reason why you have delayed so long in producing the documents, and request that you produce them by the first of March, which is five weeks after your responses were due.

Sincerely,

Liz Fox

Elizabeth W. Fox

EWF/sw

cc:    Theodore McEvoy, Esq.
        Juli Desper, Esq.
        Donald B. Lewis, Esq.
        Todd S. Collins, Esq.
        Carmella Keener, Esq.

# EXHIBIT 6

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

━━━━━━━━━━━ Attorneys at Law

**MICHELLE A. REED**
512 499 6269/fax: 512 499 6290
mreed@akingump com

February 28, 2005

VIA FACSIMILE

Ms. Liz Fox
Berger & Montague
1622 Locust Street
Philadelphia, PA 19103

Re: *In re Adams Golf Securities Litigation*

Dear Liz:

I write in response to your letter dated February 22, 2005. As noted by Jennifer Brannen in her January 18, 2005 letter, our initial disclosures provided plaintiffs with "a description by category and location" of all documents in defendants' possession that we may use to support our claims or defenses. We will produce these documents as they were kept in the ordinary course of business during our rolling production to the extent requested by plaintiffs' Rule 34 document requests.

Your letter is unclear as to whether you will produce the documents and interrogatory responses requested in my February 18, 2005 letter. The case law referenced in this letter applies to all discovery requests, including document requests, interrogatories, and deposition questions (including requests for identification of confidential sources). Please respond to these requests immediately.

Finally, defendants have not "delayed so long" in producing responsive documents. We could not begin our review until you conferred with us regarding objections. We then informed plaintiffs in our meet-and-confer teleconference on January 28, 2005 that we would produce documents within 3-4 weeks. Accordingly, we will produce documents tomorrow under separate cover.

Very truly yours,

*Michelle A. Reed*

Michelle A. Reed

cc:     Theodore McEvoy

# EXHIBIT 7

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

━━━━━━━━━━━━━━━ Attorneys at Law

**MICHELLE A. REED**
(512) 499-6269/fax: (512) 499-6290
mreed@akingump.com

March 1, 2005

VIA FEDERAL EXPRESS

Ms. Liz Fox
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

     Re:   *In re Adams Golf Securities Litigation*

Dear Liz:

     I enclose documents Bates labeled ADAMS 000001 – 002835 in response to Plaintiffs' First Request for Production. Please note that due to Bates labeling gaps discovered in our quality check, we have inserted blank pages at ADAMS 002119 – 002133 where there were Bates labeling errors to avoid any confusion about missing pages. As we explained in our meet-and-confer teleconference on January 28, 2005, defendants are producing responsive documents in a rolling production and will provide a privilege log at the end of the rolling production.

     I have enclosed an invoice for the copying costs.

                       Very truly yours,

                       Michelle A. Reed

MAR/mk

Enclosures

cc: Theodore McEvoy

# EXHIBIT 8

# AKIN GUMP
# STRAUSS HAUER & FELD L.L.P

▬▬▬▬▬▬▬ Attorneys at Law

JENNIFER R. BRANNEN
512.499 6258/fax: 512 499 6290
jbrannen@akingump.com

March 28, 2005

VIA FACSIMILE AND REGULAR MAIL

Ms. Liz Fox
Berger & Montague
1622 Locust Street
Philadelphia, PA 19103

Re: Adams Golf Securities Litigation

Dear Liz:

We have located an additional 54 boxes of documents that contain sales, credit, and shipping records from 1998. As you requested, we will provide you with an opportunity to inspect these documents so you can determine whether you want to have them copied. The documents are located in a warehouse in Plano, Texas. Please let me know if you are interested in inspecting these documents so we can arrange a mutually convenient time for your inspection.

Finally, the document review is progressing at a steady pace. The second wave of documents was sent under separate cover to you today via second-day ground as you previously requested. We anticipate sending an additional wave of documents in the next three weeks. In the meantime, please do not hesitate to contact me should you have any questions.

Sincerely,

Jennifer R. Brannen

cc: Ted McEvoy

# EXHIBIT 9

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
━━━━━━━━━━ Attorneys at Law

MICHELLE A. REED
(512) 499-6269/fax: (512) 499-6290
mreed@akingump.com

March 28, 2005

VIA FEDERAL EXPRESS

Ms. Liz Fox
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Re:    *In re Adams Golf Securities Litigation*

Dear Liz:

I enclose documents Bates labeled ADAMS 002836 – 005748. As with the first wave of the production, these documents are in response to Plaintiffs' First Request for Production and in support of defendants' defenses. We will continue to produce documents in a rolling production and will provide a privilege log at the end of the production.

We will forward an invoice for copying costs shortly.

Very truly yours,

*[signature]*

Michelle A. Reed

MAR/jjw

Enclosures

cc: Theodore McEvoy

EXHIBIT 10

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
━━━━━━━━━━━━ Attorneys at Law

**MICHELLE A. REED**
(512) 499-6269/fax: (512) 499-6290
mreed@akingump.com

April 20, 2005

VIA FEDERAL EXPRESS

Ms. Liz Fox
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

     Re:    *In re Adams Golf Securities Litigation*

Dear Liz:

    I enclose documents Bates labeled ADAMS 005749 - 009634. As with previous waves of production, these documents are in response to Plaintiffs' First Request for Production and in support of defendants' defenses. We will continue to produce documents in a rolling production and will provide a privilege log at the end of the production.

    I have enclosed an invoice for the copying costs.

           Very truly yours,

           Michelle A. Reed

MAR/mk

Enclosures

cc:  Theodore McEvoy

# EXHIBIT 11

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

━━━━━━━━━━━━━━━━ Attorneys at Law

MICHELLE A. REED
(512) 499-6269/fax: (512) 499-6290
mreed@akingump.com

April 29, 2005

VIA FEDERAL EXPRESS

Ms. Liz Fox
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Re:    *In re Adams Golf Securities Litigation*

Dear Liz:

I enclose documents Bates labeled ADAMS 009635 - 024104. As with previous waves
of production, these documents are in response to Plaintiffs' First Request for Production and in
support of defendants' defenses. We will continue to produce documents in a rolling production
and will provide a privilege log at the end of the production.

I have enclosed an invoice for the copying costs. The copying costs were particularly
expensive because it was "glasswork" rather than regular copying (*i.e.*, the size of the documents
and fragility of the paper required the copying service to hand copy each page).

Very truly yours,

*Michelle A. Reed*

Michelle A. Reed

MAR/mk

Enclosures

cc:  Theodore McEvoy