ROSENTHAL, MONHAIT, GROSS & GODDESS, P. A.

ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
KEVIN GROSS
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567
E-MAIL RMGG@RMGGLAW.COM

July 28, 2005

VIA ELECTRONIC FILING

The Honorable Kent A. Jordan
United States District Court, District of Delaware
844 N. King Street, Room 6325
Lockbox 10
Wilmington, DE 19801

**Re:    Adams Golf Securities Litigation, Civ. Action No. 99-371 (KAJ)**

Dear Judge Jordan:

On behalf of plaintiffs and the Class, we have extensively negotiated about the form of Order for class certification with the defendants, as required by the Court's Memorandum Order of June 27, 2005, and teleconference of July 14, 2005. Unfortunately, we have been unable to come to agreement with the underwriter defendants concerning the provision of the form of Order relating to class representatives for two of the three subclasses.

We have agreed that one of the original Class plaintiffs, Patricia Craus, who bought her Adams stock in the IPO from defendant Lehman Brothers, ("Lehman"), shall be designated in the form of Order as representative for the Subclass alleging 12(a)(2) claims against Lehman. However, as to the other two 12(a)(2) Subclasses -- against Bank of America Montgomery Securities, Inc., now Bank of America, ("Bank of America") and Ferris, Baker, Watts, Inc. ("Ferris, Baker") - - neither of the other Subclass representatives, Dr. Shockley and Mr. Morrash, purchased from Bank of America or Ferris, Baker in the IPO.

Although numerous Class members have contacted plaintiffs' counsel during the pendency of the litigation, no IPO purchaser from Bank of America or Ferris, Baker has yet come forward to volunteer as a subclass representative.

Under these circumstances, we request that the Court enter an Order, in the form submitted herewith, providing that the Bank of America and Ferris, Baker Subclass representatives will be designated later. Then, at the time we provide notice to the Class, we intend, subject to the Court's approval, to provide Class members the opportunity to step forward to seek to represent the Bank of America and Ferris, Baker Subclasses.

Honorable Kent A. Jordan
July 28, 2005
Page 2

_____

Under Rule 23(d)(2), a court may order that notice be given to class members to give them a chance "to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses or otherwise come into the action." Here, intervention by a Class member would be appropriate under this rule "to intervene and present claims".

In Boesky Sec. Litig., 120 F.R.D. 624, 626 (S.D.N.Y. 1988) the court, citing Rule 23(d)(2) and the Manual for Complex Litigation, ruled that it was appropriate to notify the class that any class member could seek to intervene to "eliminate any supposed atypicality in representation." Likewise, in Lowenschuss v. C.G. Bludhorn, 78 F.R.D. 675, 678 (S.D.N.Y. 1978), aff'd., 613 F.2d 18 (2d Cir. 1980), the court disqualified Mr. Lowenschuss as class representative and ordered him as the plaintiff to send a notice to all class members "seeking a substitute representative and/or interveners" pursuant to Rule 23(d)(2). See also Leist v. Tamco Enterprises, Inc., 39 Fed.R.Serv. 2d (Callaghan) 417 (S.D.N.Y. 1984) (class representative injured and in a coma; appropriate step is to send notice to the class that a new representative is needed).

In addition, in In re A.T. Cross Sec. Litig., C.A. No. 00-213 ML (D.R.I.) a section 10(b) securities class action, the court had shortened the class period so that the previous class representative was no longer a class member. Despite opposition by defendants, the court permitted plaintiffs to send notice to the class to obtain new class representatives even though the statute of limitations and repose had run. See Order of September 29, 2004, attached as Exhibit 1.

Defendants object to this or any procedure to find a new class representative on the ground that any new plaintiff is barred from intervening by the three year "statute of repose" 15 U.S.C. 77m. This is incorrect. The cause of action for all Class members dates back to the original filing of the Class complaint in 1999. Crown Cork & Seal Co., 462 U.S. 345, 350 (1983) (the filing of a class action tolls the statute of limitations as to all asserted members of the class); American Pipe & Construction Co. v. Utah, 414 U.S. 537, 554 (1974) (same); McKowan Lowe & Co., Ltd. v. Jasmine Ltd., 295 F.3d 380, (3d Cir. 2002). (In 1933 Act case, where intervener filed to be class representative five years after the IPO, both the one-year and three-year statutes of limitations are tolled, and the matter is permitted to go forward as a class action).

In McKowan the lower court denied a motion for class certification because the original class plaintiff was atypical and inadequate. Another class member promptly moved to intervene. The lower court found the intervener could bring an individual action because his claim was tolled by American Pipe, but rejected the intervener's claim to represent the class, based on the statute of limitations. The Third Circuit reversed, finding that the rationales of the Supreme Court in American Pipe and Crown Cork & Seal were consistent with allowing a class member intervener to continue the class action, when the class met the requirements of Rule 23 except that the original

Honorable Kent A. Jordan
July 28, 2005
Page 3

_____

proposed class representative was inadequate.  McKowan at 384-85.  See also Yang v. Odom,  392 F.3rd 97 (3d Cir. 2004), cert. denied, Odom v. Yang, 2005 U.S. LEXIS 4196 (2005) (attached as Exhibit 2); Goodman v. Lukens Steel Co., 777 F.2d 113, 124 (3d Cir. 1985); Haas v. Pittsburgh National Bank, 526 F.2d 1083 (3d Cir. 1975).

Here, where the Court has found that the Class and Subclasses meet the requirements of Rule 23, but none of the Subclass representatives bought their stock from defendants Bank of America or Ferris, Baker, the one/three statute of limitations, 15 U.S.C. 77m is tolled under McKowan, because every Class member's cause of action began in 1999, when plaintiffs filed the Class complaint.  It makes no difference if the three-year statute is labeled a "statute of repose".

Accordingly, plaintiffs request that this Court approve their proposed form of Order (filed herewith) and allow them to include in the Class notice a request that Class members who purchased Adams stock in the IPO from Bank of America or Ferris, Baker come forward as possible new Subclass representatives.

Plaintiffs have filed contemporaneously herewith an appropriate proposed form of Order.

Respectfully submitted,

/s/ Carmella P. Keener

CARMELLA P. KEENER (DSBA No. 2810)
ckeener@rmgglaw.com

Delaware Liaison Counsel for Plaintiffs and the Class

CPK/jls

cc:    Kevin G. Abrams, Esquire (via electronic filing)
       Jeffrey L. Moyer, Esquire (via electronic filing)
       Robert K. Payson, Esquire (via electronic filing)
       John E. James, Esquire (via electronic filing)
       Theodore J. McEvoy, Esquire (via email)
       Michael J. Chepiga, Esquire (via email)
       Paul R. Bessette, Esquire (via email)
       Jennifer R. Brannen, Esquire (via email)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL ALDRIDGE and
BARBARA ALDRIDGE, individually
and on behalf of all others similarly
situated

v.                                          C.A. No. 00-203 ML

A.T. CROSS COMPANY;
BRADFORD R. BOSS; RUSSELL A.
BOSS; JOHN E. BUCKLEY; and
JOHN T. RUGGIERI

## ORDER

This matter is before the Court on the plaintiffs' motion for leave to provide notice to the class. The plaintiffs' proposed form of notice is appended as "Exhibit A" to their motion. The defendants have filed an objection to the plaintiffs' motion.

It is hereby ordered:

(1) The plaintiffs' motion is granted in part and denied in part. The motion is granted to the extent that plaintiffs shall provide notice to members of the original class: (a) of the revised class period; and (b) that a member of the revised class may seek appointment as a substitute class representative. The notice shall be in the form specified in paragraph (2), infra. The plaintiffs' motion is denied to the extent that plaintiffs seek to disseminate "Exhibit A".

(2) The notice shall set forth the following:

(a) The name of the case, its civil action number and a designation that the matter is pending in this Court.

(b) The description of the class as originally certified and the date of certification.

(c) The following statements *verbatim*:

(i) On July 21, 2004, the Court revised the class period. The "revised class period" is July 16, 1998 through April 22, 1999.

(ii) You are a member of the "revised class" if you were a member of the original class and purchased Cross stock during the revised class period.

144

(iii) On September 9, 2004, the Court determined that neither Barbara Aldridge nor Michael Aldridge is an appropriate class representative of the revised class.

(iv) On September 29, 2004, the Court granted plaintiffs 30 days in which to move for the appointment of a substitute class representative.

(v) If you are a member of the revised class and wish to serve as a substitute class representative, contact class counsel:

> Lawrence Deutsch, Esq.
> Berger & Montague, P.C.
> 1622 Locust Street
> Philadelphia, PA 19103
>
> Tel: (215) 875-3000
> Fax: (215) 875-4604

If you wish to serve as a substitute class representative, you must contact class counsel no later than October 19, 2004.

(vi) As a substitute class representative you will not be required to make any out-of-pocket payments for attorneys' fees or expenses. If there is a recovery, either as a result of a settlement or judgment, plaintiffs' counsel may file a petition with the Court for an award of attorneys' fees and expenses to be paid from that recovery. Each class member will receive a pro rata share of any settlement or judgment.

(d) The "Notice to Banks, Brokers and other Nominees" in the form set forth Paragraph II.5 of "Exhibit A" to plaintiffs' motion.

(3) No statements other than those authorized in paragraph (2) are authorized.

(4) The plaintiffs shall file their motion for appointment of a substitute class representative on or before October 29, 2004.

SO ORDERED.

Mary M. Lisi
United States District Judge
September 29, 2004

# EXHIBIT 2

LEXSEE 2005 US LEXIS 4196

**Steven A. Odom, et al., Petitioners v. Pedro Yang, et al.**

**No. 04–1157.**

**SUPREME COURT OF THE UNITED STATES**

*125 S. Ct. 2294; 161 L. Ed. 2d 1088; 2005 U.S. LEXIS 4196; 73 U.S.L.W. 3684*

**May 23, 2005, Decided**

**PRIOR HISTORY:** *Yang v. Odom, 392 F.3d 97, 2004 U.S. App. LEXIS 25966 (3d Cir. N.J., 2004)*

**JUDGES:** [*1] Rehnquist, Stevens, O'Connor, Scalia, Kennedy, Souter, Thomas, Ginsburg, Breyer.

**OPINION:** Petition for writ of certiorari to the United States Court of Appeals for the Third Circuit denied.