
Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**John E. James**
Partner
Attorney at Law
jjames@potteranderson.com
302 984-6018 Direct Phone
302 658-5607 Fax

August 1, 2005

**By E-File**

The Honorable Kent A. Jordan
United States District Court for the
 District of Delaware
844 North King Street
Wilmington, Delaware 19801

   Re: In re Adams Golf, Inc. Securities Litigation
     <u>Consolidated C.A. No. 99-371-KAJ</u>

Dear Judge Jordan:

   We are counsel for defendants Lehman Brothers, Inc., Ferris, Baker Watts, Inc., and Banc of America Securities LLC (collectively, the "Underwriter Defendants") in the above-captioned action. We are writing in response to Plaintiffs' submission of a proposed class certification order and letter dated July 28, 2005. As explained more fully below, the Plaintiffs' proposed order is deficient and should not be entered because (1) there are no proper class representatives for two of the three proposed 12(a)(2) subclasses and (2) the proposed order characterizes Plaintiffs' allegations in a manner inconsistent with the single remaining issue in this case.

**The Plaintiffs Cannot Proceed Without Proper Class Representatives**

   This Court has held on two occasions that there is no joint and several liability under Section 12(a)(2) and, therefore, subclasses are required to assert 12(a)(2) claims against the individual underwriters.[1] Furthermore, this Court has made it clear that Plaintiffs must designate a proper class representative for each subclass, *i.e.*, an individual who can trace his or her purchase of securities directly to one of the three Underwriters.[2] The Court also held that Plaintiffs cannot proceed in the vague hope that discovery might somehow cure the lack of

---

[1] *See* Transcript of May 17, 2005 Hearing at 60:13-17; Transcript of July 14, 2005 Telephone Conference at 7:19-8:4. The relevant portions of these two transcripts are attached as Exhibits A and B, respectively.

[2] *See* Transcript of July 14, 2005 Telephone Conference at 7:19-8:4.

The Honorable Kent A. Jordan
August 1, 2005
Page 2

proper representatives, stating that Plaintiffs need "a proper plaintiff to start with" for each class and directing Plaintiffs to "get somebody proper in the mix."[3]

Plaintiffs now admit that they have a subclass representative for only *one* of the three proposed subclasses. Nevertheless, Plaintiffs ask the Court to certify 12(a)(2) subclasses against all three Underwriters, with the suggestion that appropriate representatives might be found "at a later date." This is exactly what the Court has held they cannot do. A 12(a)(2) subclass cannot be certified without a class representative who can assert 12(a)(2) claims against the appropriate underwriter. *See Murray v. U.S. Bank Trust Nat'l Ass'n*, 365 F.3d 1284, 1288 n.7 (11th Cir. 2004) ("[I]t is well-settled that prior to the certification of a class . . . the district court must determine that at least one named class representative has Article III standing to raise each class sub-claim"); *Holmes v. Pension Plan of Bethlehem Steel*, 213 F.3d 124, 135 (3d Cir. 2000) ("[A] plaintiff who lacks the personalized, redressable injury required for standing to assert claims on his own behalf would also lack standing to assert similar claims on behalf of a class.").

Furthermore, the time for intervention by new plaintiffs with standing to assert 12(a)(2) claims against the Underwriters has long since passed. Section 13 of the Securities Act, 15 U.S.C. §77m, provides:

> No action shall be maintained to enforce any liability created under section [11] or [12(a)(2)] of this title unless brought within one year after the discovery of the untrue statement or the omission... **In no event shall any such action be brought to enforce a liability created... under [12(a)(2)] of this title more than three years after the sale [of the security].**

(Emphasis added). The initial public offering at issue here took place in 1998 and this case has been pending for six years. The language of the statute is clear on its face: "in no event" may claims be asserted after three years, and it is now far too late for Plaintiffs to begin to search for additional claimants who might have standing to assert 12(a)(2) claims.

Nor do *American Pipe* and its progeny operate to toll the Section 13 statute of repose in this case. *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) (holding that the filing of a class action tolls the statute of limitations for individual claims of putative class members). Plaintiffs attempt to blur the distinction between statutes of limitation and repose, but they are distinct concepts. *See In re Williams*, 276 B.R. 394, 398 (Bkrtcy. E.D.Pa. 2002) ("[A] statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time."). Unlike statutes of limitation, statutes of repose, including the Section 13 statute applicable here, are *not* generally subject to equitable tolling. The Fourth Circuit has held that:

---

[3]   Id.

The Honorable Kent A. Jordan
August 1, 2005
Page 3

> to adopt an interpretation that tolling principles should be applied to extend the three-year period of § 13 would require us to ignore the plain meaning of the language that says "in no event" may an action be filed more than three years after the sale and defeat the very purpose of a statute of repose.

*Caviness v. Derand Resources Corp.*, 983 F.2d 1295, 1301 (4th Cir. 1993). *See also Hansen v. Shearson/American Exp., Inc.*, 890 F. Supp. 416, 423 (E.D. Pa. 1995) ("[T]here is no rational way to interpret the three-year prong of a one-year/three-year statute of limitations except as an absolute cutoff"); *In re Sharps Run Associates, L.P.*, 157 B.R. 766, 783 (D.N.J. 1993) ("If the statute is deemed to be one of repose rather than one of limitations, the plaintiff may not employ equitable tolling").[4]

To the extent Plaintiffs rely on *McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 295 F.3d 380 (3d Cir. 2002), that case concerned the tolling of a statute of *limitations* and did not address the effect of the Section 13 statute of repose. While the Underwriters do not dispute that a statute of *limitations* may be tolled, in the appropriate circumstances, under *American Pipe*, it is not proper for a class action plaintiff to attempt to certify a class first and search for appropriate representatives later, as Plaintiffs propose to do here. *See Korwek v. Hunt*, 827 F.2d 874, 878 (2d Cir. 1987) ("[T]he *American Pipe* tolling rule does not apply to permit putative class members to file a subsequent class action.") (collecting cases). Similarly, the order in *In re A.T. Cross Securities Litigation*, C.A. No. 00-213 ML (D.R.I. Sept. 29, 2004), which Plaintiffs attached to their letter, gives no indication that the court in that case considered the issue of Section 13 statute of repose and certainly does not make any findings regarding its applicability.

**The Proposed Order Is Inconsistent With Prior Rulings**

Finally, Plaintiffs' proposed class certification order characterizes the class claims in a manner that is inconsistent with the single remaining issue in this case as defined by the Third Circuit, which is the materiality of the *omission* of information from registration statement. *In re Adams Golf, Inc Sec. Lit.*, 381 F.3d 267, 274 (3d Cir. 2004) ("The plaintiffs alleged that by

---

[4] Our research has not uncovered Third Circuit authority directly examining the effect of the Section 13 statute of repose in this context. However, in *Data Access Systems Securities Litigation*, 843 F.2d 1537, 1546 (3d Cir. 1988), the Court noted that "[t]here are reasons for the three-year period of repose in the 1934 Act" and quoted the following language from a Seventh Circuit opinion:

> The legislative history in 1934 makes it pellucid that Congress included statutes of repose because of fear that lingering liabilities would disrupt normal business and facilitate false claims. **It was understood that the three-year rule was to be absolute.**

*Data Systems*, 843 F.2d at 1546, *quoting Norris v. Wirtz*, 818 F.2d 1329, 1332 (7th Cir.), *cert. denied*, 484 U.S. 943 (1987) (emphasis added).

The Honorable Kent A. Jordan
August 1, 2005
Page 4

omitting any mention of what they characterize as a gray market problem, Adams Golf rendered the registration statement false or misleading . . .") Paragraphs 2 and 5 of the proposed order refer to "untrue statements of material fact" contained in "oral communication[s]," neither of which are at issue in this case. The Underwriter Defendants are aware that Plaintiffs have been granted additional time to move for leave to amend their complaint. However, the proposed class certification order is not the appropriate vehicle for raising new allegations or theories of liability.

*   *   *

Accordingly, the Underwriter Defendants request that the Court deny Plaintiffs' request for entry of their proposed class certification order and enter the form of order annexed hereto as Exhibit C.

Respectfully submitted,

*John E. James by RR Payson (a 74)*

John E. James (I.D. 996)

JEJ/mp
cc:   Dr. Peter T. Dalleo, Clerk of Court (By E-File)
      Carmella P. Keener, Esquire (By E-File)
      Raymond J. DiCamillo, Esquire (By E-File)

699620/23310