**EXHIBIT A**

1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3                           - - -

    IN RE: ADAMS GOLF, INC.,
 4  SECURITIES LITIGATION,           :   CIVIL ACTION
                                     :
 5                                   :   NO. 99-371 (KAJ)

 6                           - - -

 7                    Wilmington, Delaware
                Tuesday, May 17, 2005 at 2:00 p.m.
 8              CLASS CERTIFICATION HEARING

 9                           - - -

10   BEFORE:   HONORABLE KENT A. JORDAN, U.S.D.C.J

11                           - - -
     APPEARANCES:
12

13
             ROSENTHAL MONHAIT GROSS & GODDESS, P.A.
14           BY:  CARMELLA P. KEENER, ESQ.

15                and

16           LAW OFFICES OF DONALD B. LEWIS.
             BY:  DONALD B. LEWIS, ESQ.
17                (Bala Cynwyd, Pennsylvania)

18                and

19           BERGER & MONTAGUE, P.C.
             BY:  TODD S. COLLINS, ESQ.,
20                (Philadelphia, Pennsylvania)

21                and

22

23

24
                                      Brian P. Gaffigan
25                                    Registered Merit Reporter
```

```
 1    APPEARANCES: (Continued)

 2
             KELLER ROHRBACK
 3           BY:  ELIZABETH A. LELAND, ESQ., ESQ.
                  (Seattle, Washington)
 4
                       Counsel for Plaintiffs
 5

 6           RICHARDS LAYTON & FINGER
             BY:  ALYSSA M. SCHWARTZ, ESQ.
 7
                  and
 8
             AKIN GUMP STRAUSS HAUER & FELD, LLP
 9           BY:  PAUL R. BESSETTE, ESQ., and
                  JENNIFER R. BRANNEN, ESQ.
10                (Austin, Texas)

11
                       Counsel for Adams Golf Defendants
12

13

14           POTTER ANDERSON & CORROON
             BY:  JOHN E. JAMES, ESQ.
15
                  and
16
             SIMPSON THACHER & BARTLETT
17           BY:  THEODORE J. McEVOY, ESQ.
                  (New York, New York)
18
                       Counsel for Adams Golf Defendants
19

20

21

22

23

24

25
```

adequate to handle the responsibilities that they have. Third Circuit case law that I feel I am certainly bound by, I believe that they've demonstrated a sufficient level of understanding of what the case is about.

Interest in the case, I take it, is factually significant that these folks found the lawyers and not the other way around. That they, at least in one instance, solicited one of the group to participate and the person, Dr. Shockley agreed to step in. This demonstrates to me that it's a group that knows enough about each other and enough about the case and enough about the relationship with the counsel who will be prosecuting the case that they can fairly be said to be legitimate representatives of the class, and that it is a class that ought to be certified.

The issue of a lack of a written fee agreement, certainly things have changed over time in class actions. And nowadays, I've seen, and it's getting to be more typical, particularly with large institutional investors, that you get agreements in advance and that make people promise "I'm not going to seek more than X percent of a recovery, et cetera" that there is no requirement in law for something like that. The fact that that didn't exist here doesn't make these folks either unknowledgeable or unengaged or puppets on the string of counsel, as the argument from the defense seems to imply. So I reject those arguments. I

1   accept the arguments from the plaintiffs and I'm going to
2   certify a class of some sort.
3           I'm reserving on the question of the length of
4   certification. I'm going to go back and re-read and take a
5   look at the October and January disclosures and see which
6   side I think has the better of that argument and whether in
7   fact it is the type of issue that a more developed record
8   ought to be had on it in any event.
9           So is there anything that else that we should be
10  talking about before we break here today? Mr. McEvoy.
11          MR. McEVOY: Did Your Honor have any partial
12  ruling with respect to the subclass issue?
13          THE COURT: Only to this extent, sir. That I
14  agree with the defense that there is not joint and several
15  liability. Therefore, we need some kind of separate 12(a)
16  subclasses because, otherwise, who knows who has got
17  responsibility to who in that context.
18          So thank you for mentioning it. That is an
19  accurate point and one that I'll have in mind as I'm going
20  back trying to sort out the various arguments with respect
21  to the timing on the certification.
22          MR. McEVOY: Thank you, Your Honor.
23          MR. COLLINS: If I may, Your Honor. Mr.
24  Bessette mentioned the Pinter v Dahl line of cases. And
25  that is not something that was addressed in the defendants'

1    opposition.  If the Court thinks it's appropriate,
2    plaintiffs would be glad to brief that issue, but we
3    didn't -- since the defendants didn't raise it in their
4    brief on this motion, we didn't think that it was going to
5    be addressed today.
6         MR. BESSETTE:  And just to clarify, your Honor,
7    I didn't cite the Pinter case but we cited the Court's prior
8    ruling that it was limited and that class went to the
9    underwriters and I just wanted to make the point here which
10   is why I didn't dwell on it very long that this 12(a)(2)
11   class for seller couldn't involve the company.  It has to be
12   the underwriters.
13        THE COURT:  Well, you know, I really do feel
14   like I've had plenty of paper.  But having said that, I
15   recognize that there is a lot at stake for folks here.  So
16   here is what we're we'll do.
17        I'm going to go ahead and let you folks do some
18   sort of cross submissions on that.  If you think that this
19   Pinter case is something I ought to be looking at, then you
20   folks give me memorandum that shouldn't be any more than at
21   the most five double-spaced pages.  And less is more that is
22   focused on that specific issue. And just submit them at the
23   same time.  You know what your arguments are because you
24   have been sitting in court with each other.  I don't need
25   any responses or surreplies.  Just give me something in a

**EXHIBIT B**

1

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

F. KENNETH SHOCKLEY, M.D.,          :    CIVIL ACTION
et al., Individually and on         :
behalf of all others similarly      :
situated,                           :
                                    :
          Plaintiffs,                :
                                    :
     v                              :
                                    :
ADAMS GOLF, INC., et al.            :
                                    :
          Defendants.                :    NO. 99-371 (KAJ)

- - -

Wilmington, Delaware
Thursday, July 14, 2005 at 10:10 a.m.
TELEPHONE CONFERENCE

- - -

BEFORE:        HONORABLE KENT A. JORDAN, U.S.D.C.J.

- - -

APPEARANCES:


     ROSENTHAL MONHAIT GROSS & GODDESS
     BY:  CARMELLA P. KEENER, ESQ.

          and

     BERGER & MONTAGUE, P.C.
     BY:  TODD S. COLLINS, ESQ.,
          ELIZABETH WILLIAMS FOX, ESQ., and
          NEIL F. MARA, ESQ.
          (Philadelphia, Pennsylvania)

               Counsel for Plaintiffs


                              Brian P. Gaffigan
                              Registered Merit Reporter

```
 1   APPEARANCES:   (Continued)
 2
 3              RICHARDS LAYTON & FINGER, P.A.
                BY:  ALYSSA M. SCHWARTZ, ESQ.
 4
                     and
 5
                AKIN GUMP STRAUSS HAUER & FELD
 6              BY:  JENNIFER R. BRANNEN, ESQ., and
                     MICHELLE REED, ESQ.
 7                   (Austin, Texas)

 8                     Counsel for Adams Golf Defendants

 9
                POTTER ANDERSON & CORROON, LLP
10              BY:  JOHN E. JAMES, ESQ.

11                   and

12              SIMPSON THACHER & BARTLETT
                BY:  THEODORE J. McEVOY, ESQ.
13                   (New York, New York)

14                     Counsel for Underwriter Defendants

15
16
17
18
19
20
21                            - oOo -

22                       P R O C E E D I N G S

23          (Proceedings started at 10:10 a.m.)

24          THE COURT:  Hi, this is Judge Jordan.  Who do I
25   have on the line?
```

1   class plaintiff to assert these claims and the appropriate
2   class plaintiff is someone who bought from the particular
3   underwriter. And the case that cited to the Court at oral
4   argue on May 17th, the Griffin vs. Paine Webber case, it's
5   2001 Westlaw 740764, it's the Southern District of New York
6   case, I think addresses this issue and says pretty plainly
7   if you want to assert 12(a)(2) class, 12(a)(2) claims, you
8   need plaintiffs who purchase directly from the underwriter
9   as an appropriate class plaintiff.
10   We don't think it's a burden for the plaintiffs
11   to identify the appropriate person. That knowledge is
12   distinctly within their control and we don't think it would
13   cause problems to identify it now rather than speculating on
14   what discovery might turn up later.
15   THE COURT: I have to agree, and my memorandum
16   order is clearly inartfully worded to the extent it left the
17   parties with the impression that I was reversing field on
18   what I had said at the oral argument.
19   And I also agree with the position Mr. McEvoy
20   has articulated that it gets things out of order to say,
21   well, because there might turn out to be some kind of
22   factual development that would show each underwriter
23   responsible for soliciting all the purchasers, you got
24   to have a proper plaintiff to start with. And if your
25   later factual development demonstrates what you have said,

1  Mr. Collins, then there may end up being some different
2  lineup of liability at the end. But in the first instance,
3  I can't assume that is what will happen so you need to get
4  somebody proper in the mix.
5              MR. COLLINS: Very good, Your Honor.
6              THE COURT: So you folks should be addressing
7  the case on that, addressing the form of order on that
8  basis.
9              Now let's talk about the timing here on the
10 effort to amend the complaint. And, Mr. Collins, I'll give
11 the ball to you on this one first.
12             MR. COLLINS: Thank you, Your Honor. We see
13 this as a pretty straightforward issue in which frankly the
14 system is working. We're undertaking diligent discovery.
15 Certainly, the Adams Golf defendants are also working hard
16 on the discovery process. What is happening as we go
17 forward in discovery is our direction is getting honed, we
18 learn more specifically what documents we need. As we
19 learn that, we make specific pointed requests and there is
20 a response.
21             There are at least three categories, Your Honor,
22 in which, as we have learned more through the discovery
23 process and through our continuing investigation, we need
24 more documents that haven't been produced yet. We're not
25 pointing fingers. All it is is that we've been doing

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADAMS GOLF, INC.<br>SECURITIES LITIGATION | CONSOLIDATED<br>C.A. No. 99-371 KAJ |

### PROPOSED ORDER CERTIFYING A CLASS AND SUBCLASSES

Having considered the submissions and oral argument of plaintiffs and defendants on plaintiffs' motion for class certification, the Court finds:

1.    That the Class and Subclass, as defined below, meet the prerequisites of Rule 23(a) in that (a) the members of the Class and the Subclass are so numerous that joinder of all members is impracticable; (b) there are common questions of law or fact; (c) the claims and defenses of the Class representatives, Kenneth Shockley, Patricia Craus, John Morrash and Todd Tonore, and of the representative of the Lehman Subclass, Patricia Craus are typical of the claims and defenses of the Class and Lehman Subclass; and (d) the Class and Subclass representatives will fairly and adequately protect the interests of the Class and Subclass.

2.    That the Class and Subclass meet the prerequisites of Rule 23(b)(3) in that questions of law and fact common to members of the Class and the Subclass predominate over individual questions, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Accordingly, it is **ORDERED**, as follows:

1.    Pursuant to Federal Rule of Civil Procedure 23 (a) and (b)(3), a class, against all defendants, is certified under Section 11 of the Securities Act of 1933 (the "Class"). The Class consists of all persons who bought Adams Golf common stock between July 10, 1998 and

October 22, 1998, inclusive, pursuant to or traceable to Adams Golf's July 10, 1998 Registration Statement, and suffered damages thereby. Class representatives are Kenneth Shockley, John Morrash, Patricia Craus and Todd Tonore.

2.  The claims of the Class are that defendants bear responsibility (as issuer, signatories, or underwriters) for the registration statement that became effective July 10, 1998, and omitted material facts required to be stated therein, and that Class members suffered damages thereby.

3.  Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), a subclass against Lehman Brothers Holdings, Inc. ("Lehman") is certified under Section 12(a)(2) of the Securities Act of 1933 (the "Lehman Subclass"). The Lehman Subclass shall consist of all persons who bought Adams Golf stock from Lehman in the initial public offering on July 10, 1998, and suffered damages thereby. The Lehman Subclass representative is Patricia Craus.

4.  The claims of the Lehman Subclass are that, pursuant to Section 12(a)(2) of the Securities Act of 1933, defendant Lehman sold stock by means of a prospectus that omitted a material fact required to be stated in the prospectus.

5.  Excluded from both the Class and the Lehman Subclass are defendants and members of their immediate families, any entity in which a defendant has a controlling interest, and the heirs, successors and assigns of any excluded individual or entity.

6.  Lead Counsel for the Class and Lehman Subclass is Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103, 215-875-3000. Liaison Counsel is Rosenthal, Monhait, Gross & Goddess, P.A., 919 Market Street, Suite 1401, P.O. Box 1070, Wilmington, DE 19899, 302-656-4433.

7. Pursuant to Rule 23(c)(2)(b), plaintiffs shall submit to the Court, a form of Notice to the Class and the members of the Lehman Subclass within sixty (60) days of the entry of this Order.

**SO ORDERED THIS** \_\_\_\_\_ **day of** _____ **2005.**

_____
**UNITED STATES DISTRICT JUDGE**