FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 AUG -3 PM 3: 17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| IN RE ADAMS GOLF, INC.<br>SECURITIES LITIGATION | CONSOLIDATED<br>C.A. No. 99-371 KAJ |
|---|---|

### ORDER CERTIFYING A CLASS AND SUBCLASSES

Having considered the submissions and oral argument of plaintiffs and defendants on plaintiffs' motion for class certification, the Court finds:

1. That the Class and Subclass, as defined below, meet the prerequisites of Rule 23(a) in that (a) the members of the Class and the Subclass are so numerous that joinder of all members is impracticable; (b) there are common questions of law or fact; (c) the claims and defenses of the Class representatives, Kenneth Shockley, Patricia Craus, John Morrash and Todd Tonore, and of the representative of the Lehman Subclass, Patricia Craus are typical of the claims and defenses of the Class and Lehman Subclass; and (d) the Class and Subclass representatives will fairly and adequately protect the interests of the Class and Subclass.

2. That the Class and Subclass meet the prerequisites of Rule 23(b)(3) in that questions of law and fact common to members of the Class and the Subclass predominate over individual questions, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Accordingly, it is **ORDERED**, as follows:

1. Pursuant to Federal Rule of Civil Procedure 23 (a) and (b)(3), a class, against all defendants, is certified under Section 11 of the Securities Act of 1933 (the "Class"). The Class consists of all persons who bought Adams Golf common stock between July 10, 1998 and

October 22, 1998, inclusive, pursuant to or traceable to Adams Golf's July 10, 1998 Registration Statement, and suffered damages thereby. Class representatives are Kenneth Shockley, John Morrash, Patricia Craus and Todd Tonore.

2. The claims of the Class are that defendants bear responsibility (as issuer, signatories, or underwriters) for the registration statement that became effective July 10, 1998, and omitted material facts required to be stated therein, and that Class members suffered damages thereby.

3. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), a subclass against Lehman Brothers Holdings, Inc. ("Lehman") is certified under Section 12(a)(2) of the Securities Act of 1933 (the "Lehman Subclass"). The Lehman Subclass shall consist of all persons who bought Adams Golf stock from Lehman in the initial public offering on July 10, 1998, and suffered damages thereby. The Lehman Subclass representative is Patricia Craus.

4. The claims of the Lehman Subclass are that, pursuant to Section 12(a)(2) of the Securities Act of 1933, defendant Lehman sold stock by means of a prospectus that omitted a material fact required to be stated in the prospectus.

5. Excluded from both the Class and the Lehman Subclass are defendants and members of their immediate families, any entity in which a defendant has a controlling interest, and the heirs, successors and assigns of any excluded individual or entity.

6. Lead Counsel for the Class and Lehman Subclass is Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103, 215-875-3000. Liaison Counsel is Rosenthal, Monhait, Gross & Goddess, P.A., 919 Market Street, Suite 1401, P.O. Box 1070, Wilmington, DE 19899, 302-656-4433.

7.  Pursuant to Rule 23(c)(2)(b), plaintiffs shall submit to the Court, a form of Notice to the Class and the members of the Lehman Subclass within sixty (60) days of the entry of this Order.

**SO ORDERED THIS** 3rd **day of** August **2005.**

UNITED STATES DISTRICT JUDGE