# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| ———————————————x | |
| : | CONSOLIDATED |
| IN RE ADAMS GOLF, INC. : | C.A. No. 99-371 KAJ |
| SECURITIES LITIGATION : | |
| : | CLASS ACTION |
| ———————————————x | JURY TRIAL DEMANDED |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT

BERGER & MONTAGUE, P.C.
Todd S. Collins
Elizabeth W. Fox
Neil Mara
1622 Locust Street
Philadelphia, Pennsylvania 19103
(215) 875-3000

**Plaintiffs' Lead Counsel**

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
Carmella P. Keener (DSBA No. 2810)
Suite 1401, Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com

**Plaintiffs' Delaware Liaison Counsel**

LAW OFFICES OF DONALD B. LEWIS
Donald B. Lewis
5 Bala Cynwyd Road
Bala Cynwyd, Pennsylvania 19004
(610) 668-0331

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Juli F. Desper
Elizabeth Leland
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900

Dated: September 1, 2005

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.  The Standard for Granting Motions to Amend
    The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.  The Amended Complaint Will Not Cause
    Undue Delay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C.  The Amendments Are Not Made in Bad Faith . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

D.  Undue Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

E.  The Proposed Amendments Are Not Futile . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

**CASES**                                                                 **Page(s)**

*In re Adams Golf Sec. Litig.*, 381 F.3d 267 (3d Cir. 2004) ............................... 1

*Air Prods. & Chems., Inc. v. Eaton Metal Prods. Co.*
    256 F. Supp. 2d 329 (E.D. Pa. 2003) ...................................... 3, 4, 5

*Bailey v. United Airlines*, 279 F.3d 194 (3d Cir. 2002) .................................. 3

*Cooper v. Ficarra*, No. 96-7520,
    1997 U.S. Dist. LEXIS 14217 (E.D. Pa. Sept. 12, 1997) .......................... 4

*In re Daimler Chrysler AG Sec. Litig.*, 200 F. Supp. 2d 439 (D. Del. 2002) ............... 3

*Dole v. Arco Chemical Co.*, 921 F.2d 484 (3d Cir. 1990) ............................... 3

*Epstein v. Township of Whitehall*, No. 88-0534,
    U.S. Dist. LEXIS 7436 (E.D. Pa. June 29, 1989) ............................... 4

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................... 3, 8

*Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, Inc.*
    663 F.2d 419 (3d Cir. 1981) ................................................ 3

*Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*
    106 F. Supp. 2d 761 (D.N.J. 2000) .......................................... 4

## OTHER AUTHORITIES

Fed. R. Civ. P. 15 ................................................................ 1, 3

Sections 11 and 12 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77(l)(a)(2) ............. 1

## INTRODUCTION

Plaintiffs file this Brief in support of their motion for leave to file their Second Consolidated and Amended Class Action Complaint ("Amended Complaint"). Since Plaintiffs have met all the requirements of Rule 15 of the Federal Rules of Civil Procedure, and the considerations required by the Third Circuit, this Court should allow plaintiffs to amend.

## STATEMENT OF FACTS

This is a securities class action in which the Third Circuit found that the gray market allegations in the current complaint, filed May 17, 2000, state a viable claim.  In re Adams Golf Sec. Litig., 381 F.3d 267, 278 (3d Cir. 2004).  On remand, this Court issued a Scheduling Order on November 29, 2004, which provided that all motions to amend should be filed by July 15, 2005. On July 14, 2005, this Court extended the time for filing the motion to amend the complaint to September 1, 2005.

Plaintiffs have interviewed numerous witnesses and reviewed thousands of documents produced in discovery. Plaintiffs now seek to amend their complaint for a variety of reasons. First, they wish to flesh out the allegations about gray marketing, the original of which the Third Circuit found stated a cause of action under Sections 11 and 12 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77(l)(a)(2).  See Adams Golf, 381 F.3d at 278.  Second, plaintiffs seek to add allegations of three additional material misrepresentations and omissions in the Adams Golf Registration Statement and Prospectus, namely; (1) the failure to disclose the material risk that pre-IPO double-shipping, unlimited rights of return and improper reserving would adversely impact post-IPO financial results; (2) the failure to disclose the risk Adams Golf faced because it had no individual written contracts with its retailers and no method to trace its clubs; and; (3) the failure to disclose the material risk

facing Adams Golf if retailers' profit margins were to decrease. Finally, Plaintiffs seek to conform the complaint to this Court's rulings on class certification and the ending date of the Class Period.

## **SUMMARY OF ARGUMENT**

1.  Leave to amend shall be freely given. To prevent amendment, Defendants must establish undue delay or dilatory motive, bad faith, undue prejudice or futility of amendment.

2.  Plaintiffs have filed the motion on the date scheduled by the Court. There is no undue delay.

3.  Plaintiffs have not proposed the amended complaint in bad faith. On the contrary, the proposed amendment ensures Defendants have full and fair notice of Plaintiffs' claims.

4.  Defendants' ability to defend their case will not be prejudiced by the amendment.

5.  None of the changes is futile. Some changes conform the complaint to Court rulings. Other amendments reflect more detail learned by counsel after review of thousands of documents. Still others reflect newly discovered material misstatements and omissions in the IPO materials which were not known to Plaintiffs before discovery.

## ARGUMENT

### A.    The Standard for Granting Motions to Amend the Complaint.

Under Federal Rule of Civil Procedure 15, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

"The question of whether to grant leave to amend a complaint is within the discretion of the district court." In re Daimler Chrysler AG Sec. Litig., 200 F. Supp. 2d 439, 443 (D. Del. 2002) (quoting Bailey v. United Airlines, 279 F.3d 194, 283 (3d Cir. 2002)). Pursuant to Rule 15, the district court should freely grant leave to amend unless there is undue delay, bad faith, dilatory motive on the part of the movant, undue prejudice or futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962); Daimler Chrysler, 200 F. Supp 2d. at 443.

The Third Circuit has noted that courts have demonstrated a "strong liberality" in their interpretation of this rule. See Air Prods. & Chems., Inc. v. Eaton Metal Prods. Co., 256 F. Supp. 2d 329, 332 (E.D. Pa. 2003) (granting plaintiff's motion for leave to amend its complaint to add a claim based on new evidence obtained during discovery). The decision to permit an amendment "should be exercised in favor of granting leave to amend except in unusual circumstances." Id.

The Third Circuit has emphasized that among the factors enunciated in Foman v. Davis, undue "prejudice to the non-moving party is the touchstone for the denial of an amendment." Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, Inc., 663 F.2d 419, 425 (3d Cir. 1981). The burden of showing undue prejudice rests with the party opposing amendment. To make the requisite showing of prejudice, the adverse party "is required to demonstrate that its ability to present its case would be seriously impaired were the amendment allowed." Air Prod., 256 F. Supp. 2d at 332 (quoting Dole v. Arco Chemical Co., 921 F.2d 484, 488 (3d Cir. 1990)).

Further, denial of an amendment on the ground that the amendment would be futile requires a showing that the claims are futile on their face. "[T]he proposed amended pleading must be viewed in the light most favorable to the plaintiff and should not be rejected unless it is clear that the plaintiff is not entitled to any relief thereunder." Air Prods., 256 F. Supp. 2d at 332 (citing Epstein v. Township of Whitehall, No. 88-0534, U.S. Dist. LEXIS 7436 (E.D. Pa. June 29, 1989)). "[I]t is not required that the parties engage in the equivalent of substantive motion practice upon the proposed new claim; [what is required is] that the newly asserted claim appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." Air Prods., 256 F. Supp. 2d at 332 (quoting Cooper v. Ficarra, No. 96-7520, 1997 U.S. Dist. LEXIS 14217 (E.D. Pa. Sept. 12, 1997)). Therefore, under "the liberal pleading standard applied to the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile." Air Prods., 256 F. Supp. 2d at 332 (quoting Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 765 (D.N.J. 2000)).

**B.    The Amended Complaint Will Not Cause Undue Delay.**

There is no delay of any sort, since plaintiffs have filed their motion, which attaches the proposed Amended Complaint, on the day specified by this Court. Nor will this amendment requrie any increased discovery. Plaintiffs will take the same depositions whether or not the Amended Complaint is filed.

**C.    The Amendments Are Not Made in Bad Faith**

There is no issue of bad faith. Simply, plaintiffs have discovered new facts on examination of documents turned over by defendants and third parties. The facts uncovered lead to claims of additional materially misleading statements and material omissions, which make the Registration Statement and Prospectus untrue, and further support the original gray market claim.

### D.    Undue Prejudice

Defendants are not prejudiced by these amendments. Indeed, defendants produced the documents on which the amendments are based, so they should have been aware of the factual basis for the new claims. Moreover, there are seventy-five days of discovery left under the present Scheduling Order, so that Defendants have ample time for investigation of the new claims. Defendants cannot show that their "ability to present their case would be seriously impaired were the amendment allowed." Air Prods., 256 F. Supp. 2d at 32.

### E.    The Proposed Amendments Are Not Futile.

The gray marketing claim has already been sustained by the Third Circuit's ruling. The new allegations simply flesh out the extent of gray marketing before the IPO, and the undisclosed risk posed by gray marketing. None of this section of the proposed Amended Complaint could possibly be futile, since the Third Circuit has already ruled that Plaintiffs can go forward on the gray marketing claim.

Second, the amendments conform the complaint to the rulings of this Court on class certification and the end of the Class Period. This also cannot be futile.

Third, the Amended Complaint alleges that Adams Golf's Registration Statement and Prospectus failed to disclose and misrepresented the material risk that the Company's post-IPO results would be materially impacted because of pre-IPO practices that included "double shipping," shipments with liberal or unlimited rights of return, and under reserving. Plaintiffs first discovered these practices from interviews of former Adams Golf employees. They are corroborated in the documents produced by Adams Golf, although these practices are not mentioned in the Registration Statement and Prospectus. Essentially, Adams Golf employees shipped out, as sales, more clubs then its customers ordered or could sell to end users. This had the effect of increasing the reported

sales before the IPO. Returns after the IPO impacted post-IPO results, which turned out to be lower than the market had expected. There is nothing in the Registration Statement or Prospectus that warns of the risk that the sales practices listed above would inflate pre-IPO sales numbers and adversely impact results after the IPO.

Another new claim in the Amended Complaint is that the Registration Statement and Prospectus failed to disclose the risk and fact of the lack of written contracts between Adams Golf and Adams Golf's authorized United States retailers. Authorized dealers had no obligation to refrain from resale or "transshipment" of clubs to discount retailers or distributors rather than to end users. Further, the Company did not disclose that it had no identifying markings on clubs, so once a club was on sale at a discount store, Adams could not tell which of its dealers had transshipped it. The Registration Statement and Prospectus repeatedly stated that Adams Golf sells to on and off-course golf shops and selected sports stores, but it never warned that these customers were not prevented by contract from selling to discounters, or that Adams could not identify the source of transhipped clubs. This was a material omission that plaintiffs had no knowledge of until plaintiffs requested the sales contracts with United States dealers and discovered that no written contracts existed before the IPO. Failure to warn about these risks was a material omission.

The last new claim in the proposed Amended Complaint is that the Registration Statement and Prospectus failed to disclose and misrepresented the material risk that Adams Golf's results would be adversely affected by a decline in retailers' margins.  The Registration Statement and Prospectus boasted that Adams Golf's retailers' margins are high, making it desirable for exclusive shops to sell Adams Golf's clubs, but they failed to disclose the material risk posed to Adams in the

event that these margins were to decrease.  Since a large proportion of Adams Golf's sales was through high-end retailers that enjoyed high margins, an unfavorable change in margins would cause a decrease in orders from these retailers.

## CONCLUSION

Since none of the <u>Foman v. Davis</u> factors apply to Plaintiffs' amendments, this Court should

grant leave to file the Second Consolidated and Amended Class Action Complaint as attached as

Exhibit A to plaintiffs' motion.

DATED: September 1, 2005

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.

_____/s/ Carmella P. Keener_____
Carmella P. Keener. (DSBA No. 2810)
Suite 1401, Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com

**PLAINTIFFS' LEAD COUNSEL:**

BERGER & MONTAGUE, P.C.
Todd S. Collins
Elizabeth W. Fox
Neil Mara
1622 Locust Street
Philadelphia, Pennsylvania 19103
(215) 875-3000

**OF COUNSEL:**

LAW OFFICES OF DONALD B. LEWIS
Donald B. Lewis
5 Bala Cynwyd Road
Bala Cynwyd, Pennsylvania 19004
(610) 668-0331

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Juli F. Desper
Elizabeth Leland
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 1st day of September, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Jeffrey L. Moyer, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

John E. James, Esquire
Robert K. Payson, Esquire
Potter, Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

and a copy has been served by electronic mail upon the following:

Theodore J. McEvoy, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: tmcevoy@stblaw.com

Michael J. Chepiga, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: mchepiga@stblaw.com

Paul R. Bessette, Esquire
Akin, Gump, Strauss, Hauer & Feld LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111-4066
Email: pbessette@akingump.com

Jennifer R. Brannen, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-2916
Email: jbrannen@akingump.com

s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com