# EXHIBIT 1

2 of 2 DOCUMENTS

**STEVE COOPER and JOANNE MAISANO executrix for estate of PETE MAISANO v. ROBERT FICARRA, SABRINA DESIDERIO, MANFRED KATTEN, and JOSEPH CELLINI**

**CIVIL ACTION NO. 96-7520**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*1997 U.S. Dist. LEXIS 14217*

**September 12, 1997, Decided**
**September 12, 1997, Filed**

**DISPOSITION:** [*1] Plaintiffs' Motion For Leave to File an Amended Complaint GRANTED.

**LexisNexis(R) Headnotes**

**COUNSEL:** For STEVE COOPER, JOANNE MAISANO, EXECUTRIX FOR THE ESTATE OF PETE MAISANO, PLAINTIFFS: ALAN C. MILSTEIN, MESIROV, GELMAN, JAFFE, CRAMER & JAMIESON, PHILA, PA USA.

For STEVE COOPER, JOANNE MAISANO, EXECUTRIX FOR THE ESTATE OF PETE MAISANO, PLAINTIFFS: GEORGE J. ARGIE, ARGIE AND ASSOCIATES, MAYFIELD VILLAGE, OH USA.

For ROBERT FICARRA, SABRINA DESIDERIO, MANFRED KATTEN, JOSEPH CELLINI, DEFENDANTS: NICHOLAS J. LISI, PADOVA & LISI, PHILADELPHIA, PA USA.

**JUDGES:** PETER B. SCUDERI, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** PETER B. SCUDERI

**OPINION:**

### MEMORANDUM AND ORDER

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

September 12, 1997

Presently before this court is Plaintiffs' Motion for Leave to File an Amended Complaint Pursuant to *Federal Rule of Civil Procedure 15*, defendants' response in opposition thereto, and plaintiffs' reply brief. For the reasons discussed below, plaintiffs' motion will be granted.

**FACTS:**

Plaintiffs instituted the instant action on November 7, 1996, alleging breach of contract and fraudulent inducement under Pennsylvania common law. On June 19, 1995, plaintiffs [*2] entered into a private agreement to buy a bar/tavern/adult cabaret business known as the "Emerald Club" from defendants. The Emerald Club was operated pursuant to a variance granted by the City of Philadelphia's Zoning Board of Adjustment on October 28, 1993. In November, 1993, the Chinese Gospel Church appealed to the Pennsylvania Court of Common Pleas, challenging the zoning board's granting of the variance. As of June 19, 1995, the date of the sale of the business to the plaintiffs, the appeal was pending in the Court of Common Pleas. Plaintiffs contend that the pendency of the appeal was not disclosed by the defendants at the time of the sale. On October 11, 1995, the Court of Common Pleas reversed the decision of the zoning board, thereby striking down the zoning variance. The decision of the Court of Common Pleas was affirmed by the Commonwealth Court of Pennsylvania on July 12, 1996.

Plaintiffs' original complaint consists of six claims under Pennsylvania common law. The proposed amended complaint presents five additional claims--one Pennsylvania common law breach of contract claim, two allegations of violations of Pennsylvania securities law

and two allegations of violations [*3] of federal securities laws.

Defendants oppose the amendment on the grounds that it would cause them undue burden and expense. Specifically, defendants argue that: (1) new causes of action under Pennsylvania statutes as well as under federal statutes and regulations would require them to conduct additional discovery and research to defend against the claims; (2) plaintiffs were dilatory in requesting an amendment and the proximity of the trial date creates a hardship for defendants; (3) the law under which defendants would proceed in their amended complaint is inapplicable; and (4) defendants original complaint states adequate grounds for compensation should plaintiffs prevail at trial.

**DISCUSSION:**

*Rule 15(a) of the Federal Rules of Civil Procedure* provides that a party may amend its pleading by leave of court and that "leave shall be freely given when justice so requires." *Fed. R. Civ. P. 15(a)*. In *Foman v. Davis, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)*, the Supreme Court directed that leave to amend a pleading should be denied only in certain exceptional circumstances:

> In the absence of any apparent or declared reason such as undue delay, bad [*4] faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment, futility of the amendment, etc.--the leave sought should, as the rules require, by "freely given."

*Foman* at 182. Although courts in the Third Circuit generally grant requests to amend liberally, a court's discretion under Rule 15 "must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is 'the touchstone for the denial of leave to amend.'" *Heyl & Patterson International, Inc. v. F.D. Rich Housing of the Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981)*, cert. denied sub nom. *F.D. Rich Housing of the Virgin Islands, Inc. v. Gov't of the Virgin Islands, 455 U.S. 1018, 72 L. Ed. 2d 136, 102 S. Ct. 1714 (1982)*. Where prejudice is asserted as a ground for opposing amendment of a pleading, "it is the opposing party's burden to prove that such prejudice will occur." *Kiser v. General Electric Corp., 831 F.2d 423, 428 (3d Cir. 1987)* cert. denied sub nom. *Parker-Hannifin Corp. v. Kiser, 485 U.S. 906, 99 L. Ed. 2d 238, 108 S. Ct.* [*5] *1078 (1988)*. In order to justify the denial of a motion to amend, the asserted prejudice must amount to more than mere inconvenience to the non-moving party. *Fingermates, Inc. v. Nailtigues Cosmetic Corp., 1996 U.S. Dist. LEXIS 20942, 1996 WL 901967, *2 (D.N.J. 1996)*.

Defendants first contend that the proposed amendments will require substantial additional discovery and research, thereby prejudicing defendants by imposing an undue burden upon them. Review of plaintiffs' proposed amended complaint, however, reveals that the additional claims which plaintiffs present do not vary significantly from those raised in plaintiffs' original complaint. The addition of alternate legal remedies grounded on similar legal theories will not unduly burden the defendants with discovery. See *Phoenix Technologies, Inc. v. TRW, Inc., 834 F. Supp. 148, 151 (E.D.Pa. 1993)*(a party will not be prejudiced by a proposed amendment which does not vary significantly from the original pleading). Although defendants contend that additional research will be necessary to prove that they "did not know...and could not have known of the untruth or omission" which is alleged, I do not find that any additional research or discovery regarding [*6] defendants' own knowledge will create an undue burden. See Phoenix Technologies (in a fraud claim involving one party's knowledge and intentions, it is unlikely that it would be necessary for that party to conduct discovery in order to ascertain its own beliefs and intentions); see also *ESI Montgomery County, Inc. v. Montenay International Corp., 899 F. Supp. 1061 (S.D.N.Y. 1995)*(in a fraud action, it is unlikely that defendants will need to conduct significant additional discovery regarding a plaintiff's reliance on the alleged misrepresentations and the loss that plaintiff allegedly suffered as a result thereof when the same issues were raised in breach of contract claims that plaintiff brought in its first complaint). Because I find that defendants have not carried their burden of demonstrating prejudice caused by the burden of additional discovery, I must dismiss this portion of defendants argument.

Defendants' second argument is that the discovery and research required by the addition of new claims would present an undue hardship for defendants because plaintiffs were dilatory in requesting the amendment. Defendants also argue that they would be prejudiced by an amendment [*7] which occurs in such close proximity to trial. As previously stated, defendants have failed to carry their burden in demonstrating prejudice due to additional discovery; however, I will address the timing of plaintiffs' request for an amended complaint in

Case 1:99-cv-00371-GMS   Document 182-2   Filed 09/01/2005   Page 4 of 9

Page 3
1997 U.S. Dist. LEXIS 14217, *

order to investigate the possibility of bad faith or dilatory motive on the part of plaintiffs.

Plaintiffs filed their original complaint on November 11, 1996 and Defendants' filed their answer, affirmative defenses and counterclaim to plaintiffs complaint on February 3, 1997. Local counsel entered an appearance for plaintiffs on March 21, 1997. The instant motion to amend the complaint was filed by plaintiffs on August 5, 1997. Trial is scheduled for September 29, 1997.

Plaintiffs' counsel claim that the instant motion was filed "only days" after receiving transcripts from final depositions taken in mid-July. At said depositions, plaintiffs contend that they acquired new information regarding defendants' understanding of the agreement at issue. This information formed the basis for plaintiffs' amendments to the complaint. Plaintiffs also point out that unsuccessful attempts to informally negotiate an amendment with defendants caused [*8] delay in the filing of their motion to amend the complaint.

Delay alone is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party. *Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir. 1988)* citing *Cornell & Co., Inc. v. Occupational Safety and Health Review Commission, 573 F.2d 820, 823 (3d Cir. 1978)*. While the failure to bring a timely motion to amend could prejudice a non-moving party, the Third Circuit has made clear that any such delay must rise to the level of unfair prejudice. Fingermates at *3; see also *Coventry, 856 F.2d at 520*. Because plaintiffs' counsel filed its motion as promptly as possible after conducting final depositions and because there is no indication of a bad faith or dilatory motive on the part of plaintiffs, I find there has been no undue delay in seeking leave to amend. Furthermore, in light of my conclusion that any additional discovery will not cause an undue burden, I conclude that defendants will not suffer unfair prejudice at this time by amendment of the complaint.

In their third argument, defendants contend that claims under 79 P.S. § 1-401, and 17 CFR § 240.10b-5, a federal regulation [*9] promulgated under *15 U.S.C. § 78(j)*, are not applicable to the private sale of stock in a closely held corporation. Therefore, defendants argue, amendment of the complaint to add these claims would be futile.

Futility of amendment is shown when a claim is not accompanied by a showing of plausibility sufficient to present a triable issue. *Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463 (D.N.J. 1990)*. An amendment is futile if the amended complaint would not withstand a motion to dismiss. *Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983), cert. denied, 464 U.S. 937, 78 L. Ed. 2d 314, 104 S. Ct. 348 (1983)*. In determining whether the amendment could withstand such a motion, "the proposed amended pleading must be viewed in the light most favorable to the pleader; it should not be rejected unless it appear to a certainty that the pleader would not be entitled to any relief under it." *Epstein v. Township of Whitehall, 1989 U.S. Dist. LEXIS 7436, 1989 WL 73741, *2 (E.D.Pa.)*. Evaluation of the viability of a claim does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim; it does require, however, that the newly [*10] asserted claim appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit. Harrison at 469.

Defendants have failed to provide any legal authority or precedent to support their bald assertion that state and federal securities laws would be inapplicable to the instant case. Moreover, research has failed to lead this court to conclude with certainty that plaintiffs are not entitled to relief under the relevant state and federal securities laws.

According to the Pennsylvania Securities Act of 1972, a "security" is defined, in part, as "any...stock." *70 P.S. § 1-102*. Section 1-401 of the Act prohibits activities "in connection with the offer, sale or purchase of any security, in this State, directly or indirectly." *70 P.S. § 1-401*. The broad language of the statute fails to distinguish between public and privately held stock. Similarly, *17 C.F.R. § 240.10b-5, 15 U.S.C. § 78j*, utilizes broad language in its prohibition of manipulative and deceptive devices in connection with the purchase or sale of any security. As Justice Thomas commented in his dissent in *Gustafson v. Alloyd Co., 513 U.S. 561, 131 L. Ed. 2d 1, 115 S. Ct. 1061 (1995)*: "To [*11] be sure, § 10(b) of the 1934 Act, *15 U.S.C. § 78j(b)*, and SEC Rule 10b-5 provide a cause of action for misstatements made in connection with secondary and private securities transactions." Gustafson at 592 (emphasis added). In light of relevant statutory language and caselaw, the court is reluctant to conclude that plaintiffs could not prevail under state and federal securities laws. See Harrison Beverage at 468 (it is improper to deny leave to amend if the proposed amendment is not clearly futile). As a result, the court must reject defendants argument that plaintiffs' request to amend their complaint should be denied because the amendment is futile.

Finally, defendants argue that plaintiffs' original complaint provides adequate remedies which would fairly compensate plaintiffs if they should prevail at trial. Such an argument must fail in light of the liberal spirit of the Federal Rules. As the Supreme Court stated in Foman: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman at 182. The adequacy of plaintiffs'

original claims are [*12] irrelevant to the question of whether or not plaintiffs' shall be allowed to amend their complaint. Justice requires granting plaintiffs' proposed amendment in order to facilitate a proper decision on the merits of this case.

An appropriate order follows.

**ORDER**

AND NOW, this 12th day of September, 1997, upon consideration of Plaintiffs' Motion For Leave to File an Amended Complaint Pursuant to *Federal Rule of Civil Procedure 15*, and the responses thereto, IT IS HEREBY ORDERED that plaintiffs' motion is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' amended complaint attached to plaintiffs' motion as Exhibit "A," is deemed filed as of the entry date of this Order.

BY THE COURT:

PETER B. SCUDERI

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 2

2 of 2 DOCUMENTS

JEFFRY A. EPSTEIN, Individually, JEFFRY A. EPSTEIN and WILLIAM M. BERGER, Partners, t/a SEVENTH STREET JOINT VENTURE, and BERGER-EPSTEIN ASSOCIATES, INC., Plaintiffs v. THE TOWNSHIP OF WHITEHALL, MICHAEL P. HARAKAL, JR., GERALD J. FABIAN, JOHN C. WIEAND, ELIZABETH L. BUCHMILLER, CLAIR HUNSBERGER, and LINDA SNYDER and BERNARD HERRE, Defendants

Civil Action No. 88-0534

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1989 U.S. Dist. LEXIS 7436

June 29, 1989, Decided

**COUNSEL:** [*1]

James T. Huber, Esq., Allentown, Pennsylvania, for Plaintiffs.

Jeffrey B. Matzkini, Esq., Allentown, Pennsylvania, for ALL DEFTS.

**OPINIONBY:**

TROUTMAN

**OPINION:**

*MEMORANDUM*

E. MAC TROUTMAN, SENIOR UNITED STATES DISTRICT JUDGE

*Presently before us in the above-captioned action is the plaintiffs' Motion for Leave to File Amended Complaint. Plaintiffs instituted this action on January 25, 1988 pursuant to 42 U.S.C. § 1983 claiming that the defendants had deprived then of a number of rights secured to them by the Constitution of the United States. Specifically, the plaintiffs averred that the defendants: (1) deprived them of their rights under the Fourteenth Amendment to "substantive due process" and "equal protection of the laws" and (2) violated the Contracts Clause of the Constitution, U. S. Const. art. I, § 10, cl. 1. Jeffry Epstein also asserted a pendent state law claim against defendant Whitehall Township for breach of contract. Defendants filed a Motion to Dismiss which was denied by this Court on August 22, 1988.*

*The plaintiffs' action has its origin in their desire to develop a parcel of land located in Whitehall Township.*

*The individual defendants, with the exception of Michael P. Harakal, Jr.,* [*2] *served as the members of the Township's Board of Commissioners, the municipality's legislative body. Mr. Harakal served as the Township Executive. According to the facts of record, Jeffry A. Epstein is the owner of the realty in question. Epstein, as owner of the property, at some point in the past executed an agreement with a partnership consisting of himself and William A. Berger for the development of a shopping center to be known as "MacArthur Square". The partnership, trading as "Seventh Street Joint Venture", in turn, executed an agreement with Berger-Epstein Associates, Inc., under which the corporation would act as the partnership's agent in the development, leasing and management of the shopping center.*

*On May 15, 1985, Epstein and Berger-Epstein Associates, Inc., petitioned the Township pursuant to the Township's "Subdivision and Land Development Ordinance" for approval of the construction of MacArthur Square. On December 28, 1987, defendants Fabian, Wieand, Buchmiller, Hunsberger and Snyder voted to deny approval of the plan submitted by the plaintiffs, despite the fact that the Township's "Planning Commission" had recommended that the plan be approved, though subject to* [*3] *certain conditions.*

*Plaintiffs seek to amend by adding Bernard Herre, a newly elected Township Commissioner, as a defendant; by including, as additional facts, events which occurred subsequent to the original filing of the Complaint; by updating the damage claims and by adding a claim pursuant to 42 U.S.C. § 1985. For the reasons discussed*

Case 1:99-cv-00371-GMS   Document 182-2   Filed 09/01/2005   Page 8 of 9

1989 U.S. Dist. LEXIS 7436, *                                    Page 2

below, plaintiffs' motion will be granted in part and denied in part.

*The Standard Governing Motions to Amend*

　*a. Prejudice to Defendants*

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The granting or denial of leave to amend is a flatter of discretion for the district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971). In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court set forth the guidelines governing motions to amend, as follows:

Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper [*4] subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'

In this case, plaintiffs' amendments, except for the § 1985 claim, stem from events which occurred subsequent to the date of pleading. Consequently, plaintiffs' motion to amend falls within Fed.R.Civ.P. 15(d). Under this rule, motions to amend are governed by the same prejudice standard that applies under Fed.R.Civ.P. 15(a). Soler v. G and U, Inc., 103 F.R.D. 69 (S.D. N.Y. 1984).

With regard to three of plaintiffs' proposed amendments: the addition of Bernard Herre as a defendant, updated damages claims and events which occurred subsequent to the filing of plaintiffs' Original complaint, defendants have not sufficiently demonstrated that granting the motion would result in unfair prejudice to them. True, plaintiffs have [*5] delayed in moving to amend. n1 Such a delay, however, does not alone demonstrate prejudice. See Tucker v. Reading Co., 55 F.R.D. 327 (E.D. Pa. 1972); State of Alabama v. Blue Bird Body Co., Inc., 71 F.R.D. 606 (M.D. Ala. 1976) (delay of one year not prejudicial); Applied Data Processing, Inc. v. Borroughs Corp., 58 F.R.D. 149 (D. Conn. 1973) (delay of 19 months not controlling). Here, discovery can be scheduled to ensure defendants have adequate time to prepare, precluding the possibility of undue prejudice. See Tucker, 55 F.R.D. at 329.

　　n1 This Court denied defendants' motion to dismiss on August 22, 1988, and plaintiffs did not file their motion for leave to amend until December 22, 1988. This delay, however, was compounded by defendants' failure to file a response until February 29, 1989.

　*b. Futility of Amendment*

In addition to prejudice, futility of amendment is grounds for denying a motion for leave to amend. An amendment is futile if the amended complaint would not withstand a motion to dismiss Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983), cert. denied, 464 U.S. 937 (1983). In determining whether the amendment could [*6] withstand such a motion, "the proposed amended pleading must be viewed in the light most favorable to the pleader; it should not be rejected unless it appears to a certainty that the pleader would not be entitled to any relief under it." Cooper v. American Employers' Insurance co., 296 F.2d 303, 307 (6th Cir. 1961).

To state a claim pursuant to 42 U.S.C. § 1985(3), the "plaintiff(s) must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO, et al. v. Scott, et al., 463 U.S. 825, 828-829, 103 S.Ct. 3352, 3355-56 (1983). The conspiracy, in a § 1985 action, must be on racial or otherwise class-based motivation. Cohen v. City of Philadelphia, 736 F.2d 81, 82 n.3 (3d Cir.), cert. denied, 469 U.S. 1019, 105 S.Ct. 434 (1984). The discriminatory [*7] purpose behind the conspiracy is not presumed; intentional discrimination must be clearly alleged in the complaint. Wagner v. Harmar Township, 651 F. Supp. 1286, 1288 (W.D. Pa.), aff'd, 826 F.2d 1058 (3d Cir. 1987).

Plaintiffs attempt to meet their burden under § 1985 by alleging a conspiracy, but fail to state the protected class to which they belong. As a result, this Court concludes that plaintiffs have failed to state a claim under § 1985(3).

*Conclusion*

The proposed Amended Complaint adds (1) Bernard Herre as a defendant; (2) events which occurred subsequent to the original filing of the Complaint, and (3) updated damage claims In accordance with the

*foregoing discussion, leave to file these amendments is granted. In addition, the Amended Complaint contains a claim pursuant to § 1985(3). Plaintiffs' proposed amendment based upon that statute, however, fails to state a claim upon which relief may be granted. Leave to amend the complaint to add a § 1985(3) claim is, therefore, denied.*

*An appropriate Order follows.*

ORDER

*AND NOW,* this 29th day of June, 1989, upon consideration of Plaintiffs' Motion for Leave to File Amended Complaint, Doc #15, and Defendants' [*8] response thereto, *IT IS HEREBY ORDERED* that said Motion is *GRANTED IN PART* and *DENIED IN PART.*

*IT IS FURTHER ORDERED* that plaintiffs shall file an Amended Complaint in accordance with the accompanying Memorandum, eliminating the claim pursuant to § 1985(3), within twenty (20) days of the entry of this Order.