UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ADAMS GOLF, INC., SECURITIES LITIGATION | § § § § | CIVIL ACTION NO. 99-371-KAJ (CONSOLIDATED) |

### THE ADAMS GOLF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT

Of Counsel:
Paul R. Bessette
Jennifer R. Brannen
Michelle A. Reed
Laura Moriaty
Akin Gump Strauss Hauer & Feld LLP
300 W. 6th Street, Suite 2100
Austin, Texas 78701
(512) 499-6200

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19899
(302) 651-7700

Attorneys for Defendants Adams Golf, Inc.,
B.H. Adams, Richard H. Murtland, Darl P.
Hatfield, Paul F. Brown, Jr., Roland E. Casati,
Finis F. Conner, and Stephen R. Patchin

Dated: September 15, 2005

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    INTRODUCTION ........................................................................................................................2

II.    LEGAL STANDARD ..................................................................................................................2

III.    ARGUMENT ...............................................................................................................................3
    A.    Absent an Extension of the Case Schedule, the Adams Golf Defendants Will Be Unduly Prejudiced Should the Court Permit the Proposed Amendment at This Late Stage of the Case .........................................................................3
    B.    The Proposed New Claims Are Futile ................................................................................4

IV.    CONCLUSION ............................................................................................................................5

# TABLE OF AUTHORITIES

## CASES

*In re Adams Golf, Inc. Sec. Litig.*,
176 F. Supp. 2d 216 (D. Del. 2001) ................................................................................5

*Foman v. Davis*,
371 U.S. 178 (1962) ........................................................................................................2

*Heyl & Patterson Int'l Inc. v. F.D. Rich Housing*,
663 F.2d 419 (3d Cir. 1981) ...........................................................................................4

*Kiser v. General Elec. Corp.*,
831 F.2d 423 (3d Cir. 1987) .......................................................................................2, 3

*Massarky v. General Motors Corp.*,
706 F.2d 111 (3d Cir. 1983) ...........................................................................................3

## STATUTE

15 U.S.C. § 77z-1(a)(8)(b)(1) ..............................................................................................3

RLF1-2922916-1

ÿÿAdams Golf, Inc., B.H. (Barney) Adams, Darl P. Hatfield, Richard H. Murtland, Paul F. Brown, Roland E. Casati, Finis F. Conner and Stephen R. Patchin (collectively, the "Adams Golf Defendants") respectfully submit this Opposition to Plaintiffs' Motion for Leave to File a Second Consolidated and Amended Complaint ("Motion for Leave").

## I.   INTRODUCTION

There are many reasons why the Court should deny plaintiffs' leave to amend their complaint a second time. Their request comes very late in the case—after six years and a roundtrip visit to the Third Circuit. Plaintiffs were slow to seek leave in the first place—they asked for an extension of the deadline at nearly the last minute. And now the proposed new claims are futile—they do not state a legally cognizable claim. The proposed amendment should be denied for the additional reason that, notwithstanding the normally liberal standards for granting leave, the resulting compression of the discovery schedule will cause undue prejudice to the Adams Golf Defendants. At a minimum, should the Court decide to grant plaintiffs leave to file their Second Consolidated and Amended Complaint ("SAC"), the Adams Golf Defendants seek a 90-day extension of the case schedule to accommodate the work necessary to defend against the new claims.

Accordingly, the Adams Golf Defendants request that the Court either deny plaintiffs' Motion for Leave or grant the concurrently filed Motion to Amend the Scheduling Order.

## II.   LEGAL STANDARD

Defendants recognize that the Court has discretion to grant leave to amend and that courts should grant leave except in unusual circumstances. *Kiser v. General Elec. Corp.*, 831 F.2d 423, 426-27 (3d Cir. 1987). The Supreme Court has established that leave to amend should be freely granted in the absence of any circumstance such as undue prejudice to the opposing party or futility of amendment, among others. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts have

ÿÿheld that undue prejudice results when amendment will cause a party "undue difficulty in preparing its defense." *Kiser*, 831 F.2d at 428. An amendment is futile if the amended complaint would not withstand a motion to dismiss. *Massarky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

## III. ARGUMENT

### A. Absent an Extension of the Case Schedule, the Adams Golf Defendants Will Be Unduly Prejudiced Should the Court Permit the Proposed Amendment at This Late Stage of the Case

This case has been pending over six years and already has been up to the Third Circuit. Plaintiffs were slow in seeking leave to amend by waiting until nearly the last minute to ask the Court for an approximately seven-week extension of the deadline. Plaintiffs finally filed their Motion for Leave on September 1, 2005, which now has unreasonably compressed the discovery schedule. The current discovery deadline is November 21, 2005. Although the Adams Golf Defendants completed their document production five months before the close of discovery on June 17, 2005, plaintiffs had not attempted to take any depositions before filing their Motion for Leave.

Should the Court grant plaintiffs' motion for leave, the Adams Golf Defendants intend to file a motion to dismiss the new allegations because they are not sufficiently particular and add nothing to the case. In short, the proposed amendment is futile. Under the Private Securities Litigation Reform Act, discovery is stayed while "*any* motion to dismiss" is pending. 15 U.S.C. § 77z-1(a)(8)(b)(1) (emphasis added). The motion to dismiss likely will not be resolved until late October or November. If some or all of plaintiffs' new claims are allowed to become part of the operative complaint, then the Adams Golf Defendants will need time to search thousands of pages of documents to prepare defenses against those claims and to properly prepare witnesses for depositions. Accordingly, they will be unduly prejudiced and "deprived of the opportunity to

3

ÿÿpresent facts or evidence which [they] would have offered," unless the concurrent Motion to Amend the Scheduling Order is granted. *Heyl & Patterson Int'l Inc. v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981).

### B. The Proposed New Claims Are Futile

The Adams Golf Defendants believe that the new allegations are futile and that this is an appropriate reason to deny the amendment. Given the liberality with which courts grant leave to amend, however, the Adams Golf Defendants believe that it may be more appropriate to fully address the new claims' shortcomings on a motion to dismiss rather than in this Opposition. Nonetheless, it is important that the Court have a basic sense for the proposed amendment's futility.

Plaintiffs seek to add three new claims—that defendants failed to disclose and misrepresented the following material risks: (1) that the Company's post-IPO results would be materially adversely affected by practices including "double shipping," shipments with unlimited or liberal return rights and under-reserving for returns; (2) the Company's failure to take reasonable actions to protect its "selective retail distribution policy" with written contracts prohibiting retailers from reselling or transshipping clubs to non-end-users; and (3) that the Company's results would be adversely affected by a decline in retailers' margins. (SAC ¶ 22.) None of these allegations states a claim.

First, the Company specifically addressed a decline in retailers' margins in more than one place in the Registration Statement. (*E.g.*, Ex. 1 at A009-10 ("Such competition could result in significant *price erosion* or increased promotional expenditures, either of which could have a material adverse effect on the Company's business, operating results and financial condition.") (emphasis added); Ex. 1 at A011 ("[C]ompetitive pressures resulting in lower than expected average selling prices . . . could result in the Company failing to achieve its expectations as to

4

ÿÿfuture sales or net income.")[1]  Second, plaintiffs fail to provide adequate allegations about how any of these purported "material" risks actually materially and adversely affected results. In particular, with regard to their allegation that the Company failed to disclose that certain pre-IPO practices would adversely affect post-IPO results, they fail to allege how many clubs were double shipped and whether these shipments were recognized in the S-1 financial statement. Third, they fail to identify what statements in the Registration Statement and Prospectus were rendered false and misleading by the Company's pre-IPO practices. Post-IPO results are simply irrelevant in a section 11 case. Finally, they fail to provide any support for their claim that the Company was required by the securities laws to disclose the precise nature of its contracts with retailers or how it implemented its "selective retail distribution policy."

For all these reasons and others, plaintiffs' claims are futile.

## IV. CONCLUSION

The Court should deny plaintiffs' Motion for Leave because the Adams Golf Defendants will be unduly prejudiced at this late stage of the case and because plaintiffs' claims are futile. Alternatively, the Adams Golf Defendants request that the Court grant their concurrently filed Motion to Amend the Scheduling Order.

---

[1] The Court previously judicially noticed the S-1 in connection with defendants' motion to dismiss plaintiffs' first amended complaint. (D.I. 45; *see also In re Adams Golf, Inc. Sec. Litig.*, 176 F. Supp. 2d 216, 219 (D. Del. 2001) ("The court draws the following facts from the plaintiffs' consolidated and amended class action complaint and the documents referenced therein.") A courtesy copy of the cited pages is attached as Ex. 1.

|  |  |
|---|---|
| | *[signature]* |
| Of Counsel: | Jeffrey L. Moyer (#3309) |
| Paul R. Bessette | moyer@rlf.com |
| Jennifer R. Brannen | Alyssa M. Schwartz (#4351) |
| Michelle A. Reed | schwartz@rlf.com |
| Laura Moriaty | Richards, Layton & Finger, P.A. |
| Akin Gump Strauss Hauer & Feld LLP | 920 North King Street |
| 300 W. 6th Street, Suite 2100 | Wilmington, Delaware 19899 |
| Austin, Texas 78701 | (302) 651-7700 |
| (512) 499-6200 | |

Attorneys for Defendants Adams Golf, Inc., B.H. Adams, Richard H. Murtland, Darl P. Hatfield, Paul F. Brown, Jr., Roland E. Casati, Finis F. Conner, and Stephen R. Patchin

Dated: September 15, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2005, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Carmella P. Keener
Rosenthal, Monhait, Gross & Goddess
919 Market Street, Suite 1401
Wilmington, DE 19801

Robert K. Payson
John E. James
Potter Anderson & Corroon LLP
1313 North Market Street, Hercules Plaza
Wilmington, Delaware 19801

I hereby certify that on September 15, 2005, I have Federal Expressed the foregoing document(s) to the following non-registered participants:

Todd S. Collins
Elizabeth W. Fox
Neil F. Mara
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103

Michael J. Chepiga
Elaine M. Divelbliss
Theodore J. McEvoy
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017

Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
schwartz@rlf.com

RLF1-2851933-1