UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| IN RE: ADAMS GOLF, INC., | § | CIVIL ACTION NO. 99-371-KAJ |
| SECURITIES LITIGATION | § | (CONSOLIDATED) |
| | § | |

## THE ADAMS GOLF DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER

Adams Golf, Inc., B.H. (Barney) Adams, Darl P. Hatfield, Richard H. Murtland, Paul F. Brown, Roland E. Casati, Finis F. Conner and Stephen R. Patchin (collectively, the "Adams Golf Defendants") respectfully move the Court to amend the Scheduling Order by extending the discovery and other deadlines by 90 days to avoid prejudice to the parties based on plaintiffs' decision to file a motion for leave to amend their complaint ("Motion for Leave") a second time. In support of their Motion, the Adams Golf Defendants state as follows:

1. Pursuant to the Court's Scheduling Order, the current discovery deadline is November 21, 2005. (D.I. 120 at ¶ 4(c).) Plaintiffs sought and were granted a near seven-week extension of their deadline to amend the complaint with full knowledge of the existing case schedule. (D.I. 170.) At the July 14, 2005 telephonic hearing on plaintiffs' extension motion, this Court indicated a willingness to consider extending the discovery deadline if necessary, should plaintiffs decide to file a motion for leave to amend the complaint. (D.I. 172.) On September 1, 2005, plaintiffs filed their Motion for Leave, which is pending. (D.I. 180.) Concurrently with this motion for amendment, the Adams Golf Defendants have filed their Opposition to Plaintiffs' Motion for Leave, which explains the undue prejudice that will result if plaintiffs are allowed to file their proposed Second Consolidated and Amended Complaint ("SAC") without an accompanying extension of the discovery deadline and case schedule.

2. Good cause exists to extend the case schedule should the Court decide to allow plaintiffs to file the SAC. First, the Adams Golf Defendants intend to file a motion to dismiss the new claims.[1] Of course, under the Private Securities Litigation Reform Act, discovery then will be stayed pending the motion to dismiss.[2] If some or all of the new claims become part of the operative complaint, then defendants will need time to both re-review the thousands of pages already reviewed and to seek out new documents in support of their defenses. The requested extension is also necessary because no depositions have been taken yet and a ruling on the motion to dismiss likely will not be made until late October or November. Given the difficulty of scheduling depositions during the holiday season, a 90-day extension seems prudent.

3. Under Federal Rule of Civil Procedure 16(b), the Court may modify its Scheduling Order for good cause shown, which is certainly present here. Plaintiffs previously requested and this Court granted a seven-week extension of the deadline to amend their complaint. At that time, the Adams Golf Defendants raised the issue of the November 21, 2005 discovery deadline, and the Court indicated that it would consider extending the deadline if and when plaintiffs filed a motion for leave to amend the complaint. Plaintiffs did so on September 1, 2005.

4. Good cause is shown when the moving party demonstrates "'that the deadlines cannot be reasonably met despite its diligence.'" *Globespanvirata, Inc. v. Texas Instruments, Inc.*, No. Civ.A. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent-A-Center v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003); *see also* Fed. R. Civ. P. 16 advisory committee's note. In light of recent events, the current scheduling deadline is not

---

[1] As the Adams Golf Defendants explain in the concurrently filed Opposition to Plaintiffs' Motion for Leave, although the Adams Golf Defendants believe that the claims in the SAC are futile and should be dismissed, they also recognize that courts generally grant leave to amend liberally.

[2] 15 U.S.C. §77z-1(a)(8)(b)(1).

realistic. Before plaintiffs decided to amend, defendants had completed their document production months in advance of the scheduled discovery close, and only depositions remained to be taken. Plaintiffs never attempted to take depositions before filing their Motion for Leave.

5. Now, plaintiffs' late decision to seek leave to amend their complaint, which has unreasonably compressed the discovery schedule, and their refusal to agree to any extension of the case schedule,[3] has put the Adams Golf Defendants in the necessary position of seeking this relief. Should plaintiffs' new claims survive, defendants will have to re-review thousands of pages of documents and may need to seek out new documents to prepare defenses to these later-introduced claims. And if the claims are stricken, such resolution likely will occur in late October or November, leaving the parties with little to no time to schedule and take depositions in the midst of the holiday season. A 90-day extension would minimize expenses by not requiring witnesses to be deposed twice.[4] It also would allow the Adams Golf Defendants sufficient time to locate documents to defend against new claims (if necessary) and accommodate schedules of non-party witnesses during the holidays.

6. Therefore, the Adams Golf Defendants respectfully request that the Court amend the Scheduling Order to extend the discovery and other case deadlines by 90 days.

---

[3] Although plaintiffs have temporarily agreed to postpone depositions based on the Adams Golf Defendants' stated intent to file this Motion, they refused to agree to the requested extension, or indeed, any extension, and gave no reason whatsoever for their refusal.

[4] Plaintiffs have suggested in correspondence that they should be able to re-depose witnesses on their new claims, which of course is improper under the Federal Rules absent leave of Court. FED. R. CIV. P. 30(a)(2)(B).

|  |  |
|---|---|
| OF COUNSEL: | /s/ Jeffrey L. Moyer |
|  | Jeffrey L. Moyer (#3309) |
| Paul R. Bessette | moyer@rlf.com |
| Jennifer R. Brannen | Alyssa M. Schwartz (#4351) |
| Michelle A. Reed | schwartz@rlf.com |
| Laura Moriaty | Richards, Layton & Finger |
| Akin Gump Strauss Hauer & Feld LLP | 920 North King Street |
| 300 W. 6th Street, Suite 2100 | Wilmington, Delaware 19899 |
| Austin, Texas 78701 | (302) 651-7700 |
| (512) 499-6200 |  |

Attorneys For Defendants Adams Golf, Inc., B.H. Adams, Richard H. Murtland, Darl P. Hatfield, Paul F. Brown, Jr., Roland E. Casati, Finis F. Conner, And Stephen R. Patchin

Dated: September 15, 2005


CERTIFICATION PURSUANT TO
DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Counsel for defendants Adams Golf, Inc., B.H. (Barney) Adams, Darl P. Hatfield, Richard H. Murtland, Paul F. Brown, Roland E. Casati, Finis F. Conner and Stephen R. Patchin consulted with counsel for the plaintiffs pursuant to District of Delaware Local Rule 7.1.1 and determined that plaintiffs do not consent to the relief sought in the attached motion.

Alyssa M. Schwartz (#4351)

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ADAMS GOLF, INC., SECURITIES LITIGATION | § § § § | CIVIL ACTION NO. 99-371-KAJ (CONSOLIDATED) |

## [PROPOSED] ORDER

After considering defendants Adams Golf, Inc., B.H. (Barney) Adams, Darl P. Hatfield, Richard H. Murtland, Paul F. Brown, Roland E. Casati, Finis F. Conner and Stephen R. Patchin's (collectively, the "Adams Golf Defendants") Motion to Amend the Scheduling Order (the "Motion"), and all briefing and any argument thereon, and good cause having been shown for the relief sought in the Motion, the Court GRANTS the Motion to extend the discovery and other case deadlines by 90 days.

IT IS HEREBY ORDERED this ____ day of _____ 2005.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2005, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Carmella P. Keener
Rosenthal, Monhait, Gross & Goddess
919 Market Street, Suite 1401
Wilmington, DE 19801

Robert K. Payson
John E. James
Potter Anderson & Corroon LLP
1313 North Market Street, Hercules Plaza
Wilmington, Delaware 19801

I hereby certify that on September 15, 2005, I have Federal Expressed the foregoing document(s) to the following non-registered participants:

Todd S. Collins
Elizabeth W. Fox
Neil F. Mara
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103

Michael J. Chepiga
Elaine M. Divelbliss
Theodore J. McEvoy
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017

_____
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
schwartz@rlf.com

RLF1-2851933-1