UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE ADAMS GOLF, INC.<br>SECURITIES LITIGATION | :<br>:<br>: | CONSOLIDATED<br>C.A. NO. 99-371 KAJ |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR
## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

BERGER & MONTAGUE, P.C.
Todd S. Collins
Elizabeth W. Fox
Neil Mara
1622 Locust Street
Philadelphia, Pennsylvania 19103
(215) 875-3000

*Plaintiffs' Lead Counsel*

OF COUNSEL:

LAW OFFICES OF DONALD B. LEWIS
Donald B. Lewis
5 Bala Cynwyd Road
Bala Cynwyd, Pennsylvania 19004
(610) 668-0331

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Juli F. Desper
Elizabeth Leland
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900

Dated: September 22, 2005

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
Carmella P. Keener (DSBA No. 2810)
Suite 1401, Citizens Bank Center
P. O. Box 1070
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com

*Plaintiffs' Delaware Liaison Counsel*

# TABLE OF CONTENTS

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

A.    Defendants Will Not Be Prejudiced By Plaintiffs' Amendment . . . . . . . . . . . . . . . . . . . . . 1

B.    The Amendments Are Not Futile . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## TABLE OF AUTHORITIES

<u>**CASES**</u>

*In re Adams Golf Sec. Litig.*, 381 F.3d 267 (3d Cir. 2004) ........................ 4

*Air Prods. and Chemicals, Inc. v. Eaton Metal Prods.*,
     256 F.Supp. 2d 329 (E.D.Pa. 2003) ..................................... 3

*Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir.1990) .......................... 1

*Sylvania Gardens Apartments v. Hartford Fire Ins. Co.*,
     1999 U.S. Dist. LEXIS 5343 (E.D.Pa., April 19, 1999) ................... 2

<u>Statutes</u>

15 U.S.C. §77z - 1(a)(8)(b)(1) ........................................... 2

In their response, Defendants[1] complain that they will be prejudiced because Plaintiffs seek to amend at this "late stage" of the case, and that the new claims are futile. In fact, Defendants will suffer no prejudice, and they fail to meet their burden of proving that any of the new claims is futile. Accordingly, the Court should grant Plaintiffs' motion and allow Plaintiffs to file the proposed Second Consolidated and Amended Class Action Complaint ("Amended Complaint").

A.    **Defendants Will Not Be Prejudiced By Plaintiffs' Amendment**

To establish prejudice, Defendants must prove that their "ability to present [their] case would be seriously impaired were the amendment allowed." Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990). Defendants claim that they are prejudiced because the motion for leave to amend was filed "late." To the contrary, Plaintiffs filed for leave on the date scheduled by the Court. Previously, Plaintiffs had asked the Court to extend the date for filing an amended complaint, and despite Defendants' opposition, the Court did so on July 24, 2005, amending the Scheduling Order and finding no unfairness or prejudice to Defendants.

Moreover, the new claims in the proposed Amended Complaint are closely related to the old claims. All claims, new and old, assert violations of Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "1933 Act"). All claims, new and old, assert nondisclosure and misrepresentation of material facts in the Registration Statement and the Prospectus. All claims, new and old, concern undisclosed risks in the sale of Adams

---

[1]    The Adams Golf Defendants filed an opposition. The Underwriter Defendants filed a joinder in which they incorporated the opposition by reference.

1

Golf's golf clubs.

Thus, Defendants' ability to mount a defense is unchanged by the Amended Complaint. With the new claims closely linked to the old, the amount of additional discovery required is likely to be limited. Mere inconvenience or increased work does not amount to prejudice. Sylvania Gardens Apartments v. Hartford Fire Ins. Co., 1999 U.S. Dist. LEXIS 5343 at *4 (E.D.Pa. April 19, 1999) (attached hereto).

Indeed, in their Opposition, Defendants do not even pretend to prove actual prejudice. Rather Defendants appear to be seeking an extension of the entire pretrial schedule, at the same time refusing to produce deponents before the Court rules an Plaintiffs' motion for leave and the motion to dismiss that Defendants plan to file, and invoking the automatic stay provisions under the PSLRA, 15 U.S.C. §77z - 1(a)(8)(b)(1). In a word, since Defendants cannot satisfy their burden to show that the Amended Complaint will unduly prejudice them in presenting their case at trial, the Court should grant Plaintiffs' motion for leave.[2]

---

[2]    With respect to Defendants' Motion to Amend the Discovery Schedule ("Defendants' Scheduling Motion"), Plaintiffs' principal concern is that discovery proceed promptly and, in addition, that discovery on all issues, including the new claims contained in the proposed Amended Complaint, take place over the same amount of time (81 days) available under the current schedule provided for by the Scheduling Order as of September 1, 2005, when Plaintiffs moved for leave to amend. Plaintiffs have proposed to Defendants a stipulation that would, subject to Court approval, achieve these goals, obviating the need for the Court to address Defendants' Scheduling Motion. Plaintiffs' response to Defendants' Scheduling Motion is due September 29, 2005.

**B.    The Amendments Are Not Futile**

Defendants also contend that the new allegations are futile.  They admit that they must meet the same standard in proving futility of amendment as they would have to prove under a Rule 12(b) motion to dismiss.  Air Prods. and Chemicals, Inc. v. Eaton Metal Prods., 256 F.Supp. 2d 329, 332 (E.D.Pa. 2003).   However, Defendants make no effort to meet that standard here but purport to save their arguments for their second bite at the apple, the motion to dismiss.

Defendants claim that the Registration Statement and the Prospectus specifically addressed the new claim of a risk to Adams Golf from a decline in retailers' margins by mentioning the possibility that "price erosion" and "lower than expected average selling prices" could have a material adverse effect on the Company.  These statements in the Registration Statement and the Prospectus, however, did not address the risk of lower retailers' margins.  They addressed only the possible adverse effect if the Company's prices went down.  A different, and undisclosed, risk concerned the possibility of the Company's retailers suffering lower margins.  As discovery will show, lower prices for the Company's products would not necessarily imperil retailers' margins.  This undisclosed risk that the Company faced with respect to retailers' margins could gravely damage the Company's "'Growth Strategy'" of "'assisting existing retailers to increase their sales of the Tight Lies fairway woods by maintaining the relatively high margins currently enjoyed by such retailers'".  (¶85 of the Amended Complaint, quoting from the Registration Statement and the Prospectus)  Nor do Defendants give any explanation about how warning about the obvious risks of lower prices would remove their duty to

3

warn about the more complex, less obvious risk posed by lower retailer margins. Defendants' duty to warn of the risk of low retailer margins arose from the statements in the Registration Statement explaining how high retailer margins benefit the Company. (¶¶31 and 86 of the Amended Complaint)

Defendants' argument on futility of the double-shipping allegations appears to be based on materiality. Defendants have ignored two points made by the Third Circuit in In re Adams Golf Sec.Litig., 381 F.3d 267 (3d Cir. 2004). First, the Third Circuit reaffirmed that complaints under the 1933 Act are "subject only to the liberal notice pleading standard of Fed.R.Civ. P. 8." Id. at 273 n.5. Second, the Third Circuit ruled that "[m]ateriality is ordinarily an issue left to the fact-finder and is therefore not typically a matter for Rule 12(b)(6) dismissal." Id. at 274. Under this standard, Plaintiffs are not required to plead how many excess clubs Adams Golf shipped, or how much Adams Golf recorded with respect to contingent "sales". Plaintiffs have given adequate notice that they intend to prove that such questionable practices gave rise to a material risk to post-IPO performance. Further, the proposed Amended Complaint specifically alleges that 1) Adams Golf documents show that double shipping occurred before the IPO; 2) immediately after the IPO, the Company was underreserved for returns of clubs by 43%, which means that reported pre-IPO reserves were too low; and 3) Barney Adams connected the high level of post-IPO returns with the "falsely reported" sales before the IPO. (¶ 77 of Amended Complaint).

Defendants also claim, in relation to the double-shipping allegations, that Plaintiffs do not state what statements in the Registration Statement and the Prospectus

4

were misleading because of the double shipping practices. The Complaint makes clear, however, that the practices such as double shipping "had the effect of including in revenue twice the sales value of these transactions." (¶73 of the Amended Complaint.) Sales results were reported in the Registration Statement. In addition, the risk disclosure section of the Registration Statement and the Prospectus omitted this material risk. (¶¶71, 89 of the Amended Complaint.)

Finally, Defendants claim that they were not required to report in the Registration Statement and the Prospectus that they had no written contracts with retailers, and no way to trace transhipped clubs. However, since gray marketing was occurring before the IPO, and the Company was unable to determine which retailers or distributors were selling to Costco and others on the gray market, Defendants had a duty to warn investors that Adams Golf faced a material risk arising from its failure to take steps to limit or prevent transshipments. Defendants could not prevent transshipments or gray marketing or find out who was responsible, because the Company had no restrictive contracts with retailers and no identifying numbers on golf clubs sold. These were material facts that should have been revealed in the Registration Statement.

Defendants make no other arguments about futility other than the bald statement that the new claims "do not state a legally cognizable claim."

## CONCLUSION

For the reasons discussed herein, and the reasons discussed in Plaintiffs' brief in support of their motion for leave to file the proposed Second Consolidated and Amended Class Action Complaint, this Court should grant Plaintiffs' Motion and allow them to file the Amended Complaint.

DATED: September 22, 2005

BERGER & MONTAGUE, P.C.
Todd S. Collins
Elizabeth W. Fox
Neil Mara
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
*Plaintiffs' Lead Counsel*

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.


/s/ Carmella P. Keener
Carmella P. Keener. (DSBA No. 2810)
919 N. Market Street
Suite 1401, Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com
*Plaintiffs' Delaware Liaison Counsel*

OF COUNSEL:

LAW OFFICES OF DONALD B. LEWIS
Donald B. Lewis
5 Bala Cynwyd Road
Bala Cynwyd, Pennsylvania 19004
(610) 668-0331

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Juli F. Desper
Elizabeth Leland
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900

*Sylvania Gardens Apartments v. Hartford Fire Ins. Co.,*
1999 U.S. Dist. LEXIS 5343 (E.D.Pa., April 19, 1999)

1 of 1 DOCUMENT

**SYLVANIA GARDENS APARTMENTS and RJS SHERWOOD ASSOCIATES v. HARTFORD FIRE INSURANCE COMPANY and INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA**

**CIVIL ACTION NO. 98-5870**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*1999 U.S. Dist. LEXIS 5343*

**April 19, 1999, Decided**
**April 20, 1999, Filed**

**DISPOSITION:** [*1] Plaintiff's Motion for Leave to File Amended Complaint GRANTED. Defendant's Motion to Dismiss DENIED AS MOOT.

**LexisNexis(R) Headnotes**

**COUNSEL:** For SYLVANIA GARDENS APARTMENTS, RJS SHERWOOD ASSOCIATES, PLAINTIFFS: ALAN C. MILSTEIN, DEREK T. BRASLOW, SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, PENNSAUKEN, NJ USA.

For HARTFORD FIRE INSURANCE COMPANY, DEFENDANT: EILEEN C. MC GINLEY, MARGOLIS, EDELSTEIN & SCHERLIS, PHILADELPHIA, PA USA.

**JUDGES:** HERBERT J. HUTTON, J.

**OPINIONBY:** HERBERT J. HUTTON

**OPINION: MEMORANDUM AND ORDER**

HUTTON, J.

April 19, 1999

Presently before the Court are the Defendant Hartford Fire Insurance Company's Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to *Federal Rule of Civil Procedure 12(b)(6)* (Docket No. 8), Plaintiffs Sylvania Gardens Apartments and RJS Sherwood Associates' reply (Docket No. 11), and Defendant's sur reply (Docket No. 14). Also before the Court are Plaintiffs' Motion for Leave to File Amended Complaint (Docket No. 9) and Defendants' reply thereto (Docket No. 13). For the reasons stated below, the

Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED** and Defendants' Motion to Dismiss is **DENIED AS** [*2] **MOOT.**

**I. BACKGROUND**

This case is a good example of poor pleading by Plaintiffs' counsel. On December 19, 1996, Plaintiffs experienced a fire loss at their property located at 4417 South 48th Street, Philadelphia, Pennsylvania. As a result, Plaintiffs submitted a claim under their primary policy of insurance issued by Defendant Insurance Company of the State of Pennsylvania ("Insurance Company"). The Insurance Company allegedly paid the Plaintiffs $ 500,000, the maximum under the policy.

Thereafter, Plaintiffs submitted a claim with Defendant Hartford Fire Insurance Company ("Hartford"). The Hartford policy was effective from June 1, 1996 to June 1, 1997. In response to the Plaintiffs' claim, Hartford paid $ 3,195,711.34 as a result of fire loss.

On November 5, 1998, the Plaintiffs filed a complaint. The first complaint named Hartford Fire Insurance Company as a defendant and had two counts. The first count alleged that Hartford failed to honor its obligations under insurance policy. The second count alleged that Hartford denied coverage under this policy in bad faith.

On January 15, 1999, Hartford filed a motion to dismiss. In this motion to dismiss, Hartford argued [*3] that they did not issue the insurance policy that Plaintiff mentions in their complaint. This Court granted Hartford's motion to dismiss as unopposed and dismissed Hartford as a defendant from the first complaint.

Subsequently, on January 29, 1999, the Plaintiff filed an amended complaint. This amended complaint

1999 U.S. Dist. LEXIS 5343, *

named the Insurance Company of the State of Pennsylvania as the defendant. While the amended complaint no longer listed Hartford as a defendant in the caption, the amended complaint still alleged that Defendant Hartford breached the terms of their insurance policy and did so in bad faith. On February 10, 1999, Hartford filed another motion to dismiss. In this motion, Hartford sought to be dismissed from the amended complaint because they were not named in the caption.

Before the Court ruled on this second motion to dismiss, the Plaintiff attempted to file a second amended complaint on February 11, 1999. The second amended complaint named both the Insurance Company of Pennsylvania and Hartford as defendants in the caption. The Clerk's Office, however, refused to docket the second amended complaint because the Plaintiffs did not seek leave of court. This Court granted the [*4] Plaintiff leave to file the second amended complaint and denied Hartford's second motion to dismiss as moot.

On February 25, 1999, Defendant Hartford filed a third motion to dismiss. The Plaintiffs responded by filing a motion for leave to file a third amended complaint. The Court considers both motions.

## II. DISCUSSION

### A. Motion to Amend

Pursuant to *Rule 15(a) of the Federal Rules of Civil Procedure:* "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Because the Plaintiff seeks to amend their complaint long after the Defendant served their responsive pleading, the Plaintiff "may amend [their complaint] only by leave of court." *Fed. R. Civ. P. 15(a).* Rule 15(a) clearly states that, "leave shall be freely given when justice so requires." Id. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)* (citations omitted); see also *Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993).* The Third Circuit has found that "prejudice [*5] to the non-moving party is the touchstone for denial of an amendment." *Id. at 1414.*

The Plaintiffs contend that, if the Court grants their motion for leave to file a third amended complaint, the Defendant's motion to dismiss is rendered moot. Given

the number of amended complaints already filed by the Plaintiffs and the corresponding motions to dismiss by the Defendant, the Defendant strenuously object to granting Plaintiffs leave to file a third amended complaint. Thus, the Defendant urges the Court to rule on their motion to dismiss.

Despite the Defendant's objections, the Court grants the Plaintiffs leave to file an amended complaint. The Defendant cannot demonstrate that it will suffer any prejudice as a result of a third amended complaint. See *Lorenz, 1 F.3d at 1414* (finding that "prejudice to the non-moving party is the touchstone for denial of an amendment"). While the Court understands the Defendant's frustration with Plaintiffs' numerous poor pleadings, it cannot deny leave to file an amended complaint on this ground under the liberal standards of the Federal Rules of Civil Procedure on this matter. Furthermore, while the Defendant argues that the filing of a Third [*6] Amended Complaint would be futile, it fails to go beyond general conclusions. Accordingly, the Plaintiffs' motion for leave to file a third amended complaint is granted.

### B. Motion to Dismiss

Because the Court grants the motion for leave to file a third amended complaint, the Defendant's motion to dismiss is moot. Therefore, the Court denies the Defendant's motion.

An appropriate Order follows.

### ORDER

AND NOW, this 19th day of April, 1999, upon consideration of the Defendant Hartford Fire Insurance Company's Motion to Dismiss and Plaintiff's Motion for Leave to File Amended Complaint, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED;**

(2) Plaintiff has twenty (20) days from the date of this Order to file a Third Amended Complaint; and

(3) Defendant's Motion to Dismiss is **DENIED AS MOOT.**

BY THE COURT:

HERBERT J. HUTTON, J.

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 22nd day of September, 2005, I electronically filed **Plaintiffs' Reply in Support of their Motion for Leave to File an Amended Complaint** with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Jeffrey L. Moyer, Esquire
Alyssa M. Schwartz, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

John E. James, Esquire
Robert K. Payson, Esquire
Potter, Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

and a copy has been served by electronic mail upon the following:

Theodore J. McEvoy, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: tmcevoy@stblaw.com

Michael J. Chepiga, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: mchepiga@stblaw.com

Paul R. Bessette, Esquire
Akin, Gump, Strauss, Hauer & Feld LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111-4066
Email: pbessette@akingump.com

Jennifer R. Brannen, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-2916
Email: jbrannen@akingump.com

s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com