## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IN RE ADAMS GOLF, INC.**<br>**SECURITIES LITIGATION** | **CONSOLIDATED**<br>**C.A. No. 99-371 KAJ** |

### ORDER REQUIRING RULE 23(c)(2)(B) NOTICE

WHEREAS:    On August 3, 2005, this Court certified this case as a Class Action on behalf

of a class of all persons who bought stock of Adams Golf, Inc. ("Adams Golf") between July 10,

1998 and October 22,1998 inclusive, pursuant to or traceable to Adams Golf's July 10, 1998

Registration Statement, and suffered damages thereby, and certified a Subclass against Lehman

Brothers Holdings, Inc. ("Lehman") of all persons who bought Adams Golf stock from Lehman in

the initial public offering of July 10, 1998 and suffered damages thereby; and,

WHEREAS:    Plaintiffs have requested from Adams Golf a  mailing list of Class members;

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), that

plaintiffs' counsel shall cause to be sent promptly by first class mail to all Class and Subclass

Members who can be identified through reasonable effort a Notice of Pendency of Class Action, in

substantially the form attached as Exhibit A.

IT IS FURTHER ORDERED that plaintiffs' counsel shall cause to be published, in the

national edition of the Wall Street Journal and through the internet, a Summary Notice, in

substantially the form attached hereto as Exhibit B.

_____
U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

§
IN RE:  ADAMS GOLF, INC.,            §        CIVIL ACTION NO. 99-371-KAJ
SECURITIES LITIGATION               §        (CONSOLIDATED)
                                     §

## NOTICE OF PENDENCY OF CLASS ACTION

This is a notice to all persons who purchased the common stock of Adams Golf, Inc. (the

"Company" or "Adams Golf"), between July 10, 1998 and October 22, 1998 ("the Class

Period"), pursuant to or traceable to Adams Golf's July 10, 1998 Registration Statement, except

defendants, members of the immediate families of the individual defendants, any entity in which

a defendant has a controlling interest and the legal affiliates, representatives, heirs, controlling

persons, successors, and predecessors in interest or assigns of any excluded party ("the Class").

If you purchased Adams Golf common stock between July 10, 1998 and October 22, 1998, you

are a member of the Class unless you fall within the above exceptions.

This notice is required by Rule 23 of the Federal Rules of Civil Procedure and by an

Order of the United States District Court of the District of Delaware ("the Court"). The purpose

of this notice is to inform you: 1) that this class action case is pending in the Court; 2) that the

Court has certified the Class described above; 3) how this certification may affect your rights;

and 4) your choices with respect to this class action.

## I.    DESCRIPTION OF THE CASE

### A.    PROCEDURAL ASPECTS OF THE CASE

1.    This case was filed in 1999 under Sections 11 and 12 of the Securities Act of 1933 (the

"1933 Act") against Adams Golf, a company that manufactures and sells golf clubs, and several

398782

1

Adams Golf directors and officers who signed the Registration Statement, which included the Prospectus used in connection with Adams Golf's initial public offering ("IPO") in 1998 ("the Registration Statement"). The individuals named as defendants are: Barney Adams, the Chairman of the Board, Chief Executive Officer and President of Adams Golf at the time of the IPO; two other Adams Golf officers at the time of the IPO, Darl Hatfield and Richard Murtland; and several directors of Adams Golf at the time of the IPO, Paul F. Brown, Roland Casati, Finis Conner and Stephen Patchin. Also named as defendants were the underwriters for the IPO: Lehman Brothers Holdings, Inc., Banc of America LLC (at the time of the IPO named Nationsbanc Montgomery Securities), and Ferris Baker Watts, Inc.

2.      On April 25, 2000, the Court appointed Lead Plaintiffs and appointed the law firm of Berger & Montague, P.C., Philadelphia, Pennsylvania, as Lead Counsel.

3.      In December 2001, the Court granted defendants' motions to dismiss the entire case. Plaintiffs appealed, and on August 25, 2004, the Third Circuit Court of Appeals partially reversed the Court's order, and reinstated the case with respect to the gray-marketing claim described below.

4.      On August 3, 2005, the Court granted plaintiffs' motion in part and certified this case as a Class Action on behalf of the Class. The Court also certified a Subclass of persons (consisting of some of the members of the Class) who purchased Adams Golf stock in the IPO on July 10, 1998 from Lehman Brothers. The Court appointed Class members John Morrash, Todd Tonore, Kenneth Shockley and Patricia Craus as Class Representatives and appointed Patricia Craus as Subclass Representative.

5.      The Court also ordered that this notice be sent to all members of the Class.

398782

2

6.      Plaintiffs have recently sought to amend their complaint to assert additional claims

regarding the Registration Statement's alleged misrepresentations and omissions about the

company's sales and sales practices. Defendants have opposed the amendment as untimely and

futile.

**B.    PLAINTIFFS' CLAIMS**

1.      To offer stock to the public, the 1933 Act requires that a company file a registration

statement including a prospectus with the Securities and Exchange Commission ("SEC"). The

SEC requires that the registration statement and prospectus describe the company, its business,

the risks that the company faces and other material information including financial statements, so

that investors will have a reasonable basis upon which to decide whether to invest in the stock.

2.      The 1933 Act provides that shareholders may sue a company and anyone who signed the

registration statement, as well as the underwriters of the public offering, if the registration

statement contains any untrue statement of a material fact or omits a material fact necessary to

make the statements in it not misleading, and if the shareholder was damaged by the material

misstatement or omission.

3.      On behalf of the Class, plaintiffs have made the following claims:

        a.      In its Registration Statement, Adams Golf told potential investors that the

Company sells some clubs directly to individual golfers, and limits its distribution of Adams

Golf clubs to retailers that market premium quality golf clubs, including "on- and off-course golf

shops and selected sporting goods retailers." The Registration Statement said that the Company

does not sell its products through "price sensitive general discount warehouses, department

stores or membership clubs."

398782

3

      b.    Before the IPO, Adams Golf had discovered that some of its clubs were for sale at reduced prices at some Costco stores. Costco had apparently bought the clubs on the "gray market," and was selling them at prices lower than those offered by the selected shops or authorized dealers that were Adams Golf's customers.

      c.    Adams Golf issued a press release on June 9, 1998, stating that it was investigating the unauthorized sale of Adams Golf clubs by Costco. However, Adams Golf did not disclose in the Registration Statement that Costco was engaged in the unauthorized distribution of Adams Golf clubs and did not specifically disclose in the Registration Statement the risk that gray marketing might hurt Adams Golf's business.

      d.    Plaintiffs claim that defendants omitted from the Registration Statement the material risk that gray marketing would cause Adams Golf's sales to decline, and that stores such as Costco would sell at such low prices that Adams Golf's customers, the specialty golf shops, would not be able to compete, causing harm to Adams Golf and its shareholders.

      e.    Adams Golf offered its stock in the IPO at $16 per share. On October 23, 1998, the first trading day after Adams Golf forecasted that the recent gray-market distribution of its clubs would adversely affect its fourth-quarter sales, the share price closed at $3.88.

4.    Defendants deny all of plaintiffs' claims and deny that any material information required to be disclosed was omitted from the Registration Statement.

5.    The Court has not ruled or expressed any opinion on the validity or strength of Plaintiffs' claims.

398782

4

## II.    INSTRUCTION TO CLASS MEMBERS

### A.    IF YOU ARE A MEMBER OF THE CLASS AND WISH TO REMAIN WITHIN THE CLASS, YOU DO NOT NEED TO RESPOND TO THIS NOTICE. YOU WILL NOT BE REQUIRED TO PAY ANY ATTORNEYS' FEES OR COSTS IF YOU REMAIN IN THE CLASS, AND YOU COULD POSSIBLY WIN MONEY DAMAGES.

1.    If you remain in the Class, then any claims you have against defendants for liability or damages arising from defendants' conduct as claimed by plaintiffs will be determined in this case. Any judgment in this case, whether favorable to the Class or not, and whether entered after trial or settlement, will be binding on you and all members of the Class, unless you have filed a valid and timely request for exclusion. If plaintiffs lose, then you will not have to pay for any attorneys' fees or expenses.

2.    If the Class wins at trial or reaches a favorable settlement, then to share in any of the proceeds you will be required to prove that you bought Adams Golf stock in the Class Period, and when and for how much you sold any of your shares, through the submission of confirmation slips, brokerage statements, or other reliable evidence. Accordingly, please collect and keep any documents showing your transactions in Adams Golf common stock.

3.    If you remain a Class member, then you may, at your own expense, become a named plaintiff by entering an appearance in this lawsuit personally, or through a lawyer of your choice. If you do not do so on or before_____, then your interests will be represented by the Class Representatives, Morrash, Tonore, Shockley and Craus, through plaintiffs' counsel, Berger & Montague, P.C. You do not have to hire a lawyer or become a named plaintiff to recover money.

4.    If you remain a member of the Class, then you will not be asked to make any out-of-pocket payment for attorneys' fees or expenses. If there is a payment of money damages,

398782

5

either as a result of a settlement or judgment, then plaintiffs' counsel will file a petition with the Court for an award of appropriate attorneys' fees and expenses to be paid only out of any money damages recovered.

**B.    IF YOU DO NOT WISH TO REMAIN IN THE CLASS, THEN YOU MUST REQUEST EXCLUSION IN THE MANNER AND BY THE DEADLINE SET FORTH IN PARAGRAPH 2 BELOW.**

1.    If you exclude yourself from the Class, then: 1) you will not receive any money as your share of any recovery that may be obtained for the Class; 2) you will not be bound by any judgment, whether favorable to the Class or not, that may be entered in this case; and 3) you may pursue any claims you may have against defendants for material misstatements or omissions in the Registration Statement.

2.    If you do not wish to remain a member of the Class, then you must mail a written request for exclusion postmarked no later than _____, to: In Re Adams Golf Securities Litigation, c/o Heffler, Radetich & Saitta, LLP, P. O. Box ____Philadelphia, PA19102. You must state the following information: a) the full name, address and telephone number of the beneficial owner of the Adams Golf stock and of the person or entity requesting exclusion; b) the number of shares of Adams Golf common stock bought or sold by the beneficial owner during the Class Period and c) the date(s) on which the shares were bought or sold. If the common stock was acquired or sold by, or on behalf of, joint beneficial owners, then all such owners should sign the request for exclusion and provide such information. Any request for exclusion made by a representative on behalf of a Class member must state the capacity in which the representative is acting.

398782

6

## III.    NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

Each bank, brokerage firm or other nominee ("Nominees") who purchased or acquired

Adams Golf common stock during the Class Period for a beneficial owner, should, within ten

days of receipt of this Notice, provide a list of the names and addresses of such beneficial owners

of the common stock purchased during the Class Period to: In Re Adams Golf Securities

Litigation, c/o Heffler, Radetich & Saitta, LLP, P. O. Box  P. O. Box      , Philadelphia, PA19102

who will then mail Notices to the beneficial owners; or the nominee may request the number of

forms needed and mail them to the beneficial owners. You will be reimbursed for any expenses

directly related to this notification process.

## IV.    FURTHER INFORMATION AVAILABLE

1.    This Notice is not all-inclusive. For further information concerning the case, you

may refer to the pleadings and other papers, all of which may be inspected at the Office of the

Clerk of Court, United States District Court for the District of Delaware, 844 North King Street,

Wilmington, DE  19801, during normal business hours, or you may contact class counsel.

## 2.    **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION. ANY INQUIRIES SHOULD BE DIRECTED TO THE FOLLOWING CLASS COUNSEL:**

### FOR THE CLASS:

Todd S. Collins, Esquire
Elizabeth W. Fox, Esquire
Neil F. Mara, Esquire
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
1-800-424-6690

398782

7

Dated:_____          Clerk of the United States District Court
                                         for the District of Delaware

398782

# EXHIBIT B

## LEGAL NOTICE

# If you bought Adams Golf Stock between July 10, 1998 and October 22, 1998, an ongoing class action lawsuit may affect your rights.

- The United States District Court for the District of Delaware has certified a Class in a class-action lawsuit against Adams Golf, Inc. and some of its officers, directors and underwriters concerning alleged misstatements and omissions in Adams Golf's Registration Statement for its initial public offering ("IPO") in July 1998.

### Who Is Included?

- If you bought Adams Golf Common Stock between July 10, 1998 and October 22, 1998 you may be part of the Class, unless you are a defendant in the lawsuit or related to a defendant.

### Who Represents the Class?

- The Class representatives are John Morrash, Kenneth Shockley, Todd Tonore and Patricia Craus. They each bought Adams Golf stock in the class period. Lead counsel for the Class is Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103.

### What Is the Lawsuit About?

- The lawsuit claims that the Registration Statement for the IPO failed to disclose the risk that "gray marketing" could pose to Adams Golf's sales. "Gray marketing" is the unauthorized distribution of a company's products to discount retailers. Adams Golf and the other defendants deny that they failed to disclose any material risks, made any material misrepresentation in or omitted any material fact from the Registration Statement. The Court has made no decision about which side is right.

### What Are My Choices?

- If you stay in the lawsuit, as a Class Member, and if the lawsuit is successful, you may be able to get a payment. If the lawsuit is unsuccessful, you will not be able to file your own suit against Adams Golf. In other words you will be "legally bound" by the result in the class action suit. If you remain in the Class, you will not have to pay attorneys' fees or costs, no matter what the result.

- Although it is not necessary, you may hire a lawyer, at your own expense, to enter your appearance in this lawsuit.

- You may decide to opt out of or exclude yourself from the Class. If you exclude yourself from the Class, you will not receive any part of any settlement or judgment reached by the Class, but you will not be legally bound if the class action is unsuccessful.

**What Do I Need To Do?**

- If you want to stay in the class you do not need to do anything. It is advisable that you save confirmation slips, brokerage statements or other evidence that you bought Adams Golf stock between July 10, 1998 and October 22, 1998. If you want to hire your own lawyer, you may enter an appearance in the class action.

- If you want to be excluded or opt out of the class you must request exclusion by **[date]**. To be excluded you must write to In re Adams Golf Securities Litigation, c/o Heffler, Radetich & Saitta, P.O. Box_____, Philadelphia, PA 19101. You must state: a) the full name, address and telephone number of the beneficial owner of the Adams Golf stock; b) the number of shares of Adams Golf stock bought or sold by the beneficial owner during the class period; and c) the date(s) on which the stock was bought and sold.

**Where Do I Go For More Information?**

- If you want information or have questions you may write to the above address to get a full notice or you may contact class counsel, Todd S. Collins, Esquire, Elizabeth W. Fox, Esquire or Neil F. Mara, Esquire, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103, telephone 1-800-424-6690.

- **Please do not contact the Court about the lawsuit**.

WSJ NOTICE 10-03-05.wpd

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 3rd day of October, 2005, I electronically filed **ORDER REQUIRING RULE 23(c)(2)(B) NOTICE** with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Jeffrey L. Moyer, Esquire
Alyssa M. Schwartz, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

John E. James, Esquire
Robert K. Payson, Esquire
Potter, Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

and a copy has been served by electronic mail upon the following:

Theodore J. McEvoy, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: tmcevoy@stblaw.com

Michael J. Chepiga, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: mchepiga@stblaw.com

Paul R. Bessette, Esquire
Akin, Gump, Strauss, Hauer & Feld LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111-4066
Email: pbessette@akingump.com

Jennifer R. Brannen, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-2916
Email: jbrannen@akingump.com

s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT, GROSS
 & GODDESS, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com