# EXHIBIT A

AO88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

## MIDDLE DISTRICT OF GEORGIA

IN RE ADAMS GOLF SECURITIES LITIGATION           Civil Action No. 99-371-KAJ (Consolidated)

TO:    Mark Gonsalves
       120 Camak Place
       Eatonton, GA. 31024

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X] YOU ARE COMMANDED to appear in at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| TO BE DETERMINED | November 16, 2005  9:30 a.m. |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents related to your employment at Adams Golf, Inc.

| PLACE | DATE AND TIME |
|---|---|
| Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA. 19103 | November 7, 2005 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Todd Collins -nm    Attorney for Plaintiff | October 5, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Todd Collins, Esq.
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

(See Rule 45, Federal Rules of Civil Procedure on Reverse)

AO88 (Rev. 11/91) Subpoena in a Civil Case

C:\LssWork\398030_01.wpd

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103
Tel: 215-875-3000

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

C:\LssWork\398030_01.wpd

1622 LOCUST STREET | PHILADELPHIA, 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger & Montague, P.C.
ATTORNEYS AT LAW

WRITER'S DIRECT DIAL | 215-875-3022
WRITER'S DIRECT FAX | 215 875-4674
WRITER'S DIRECT E-MAIL | Nmara@bm.net

October 5, 2005

**VIA HAND DELIVERY**
Mr. Mark Gonsalves
120 Camak Place
Eatonton, GA. 31024

Re:  **Adams Golf Securities Litigation**
     **C.A. No. 99-371 KAJ**

Dear Mr. Gonsalves:

I am one of the attorneys representing plaintiffs in the above captioned case. You have been served with a subpoena requiring you to undertake two separate activities: (1) you are to produce all documents in your possession related to your employment at Adams Golf, Inc.; and (2) you are to appear for a deposition.

You will note that the documents in your possession must be produced to our offices by November 7, 2005. You may simply mail the documents to us - you do not need to produce the documents in person. You will also note that the location of your deposition has yet to be determined. We will work with you to conduct your deposition at a location that is near your home and convenient for you. Similarly, the November 16th deposition date may be moved to a later date because we anticipate defendants will move to stay discovery in the case in advance of the noticed deposition date. (If the stay of discovery occurs, all discovery, including document production and depositions, will immediately cease until the termination of the stay. We will notify you if and when this happens. Any documents in your possession should be retained until the end of the stay). Again, we will work with you to reschedule the deposition at a mutually convenient time. If the deposition date changes, the subpoena compelling your attendance remains in effect.

David Berger*§
Harold Berger
H. Laddie Montague, Jr.§
Merrill G. Davidoff*
Sherrie Raiken Savett
Daniel Berger
Todd S. Collins ‡
Carole A. Broderick
Russell D. Henkin**
Stephen A. Whinston
Gary E. Cantor
Barbara A. Podell
Ruthanne Gordon
Martin I. Twersky
Peter R. Kahana
Susan Schneider Thomas
Jeanne A. Markey ‡‡
Gary L. Azorsky ‡‡
Lawrence Deutsch‡‡
Jonathan D. Berger
Peter Nordberg
Robin Switzenbaum**‡‡+
Jerome M. Marcus
Lawrence J. Lederer§
Robert A. Kauffman**
Bart D. Cohen
Michael T. Fantini§
David F. Sorensen
Arthur Stock
Jonathan Auerbach‡‡
Edward W. Millstein‡‡
Bret P. Flaherty
Charles Pearsall Goodwin‡‡
Eric L. Cramer*

Elizabeth W. Fox
Sheryl S. Levy
Kendall S. Zylstra
Neil F. Mara∞
Peter Russell Kohn
Ellen T. Noteware
Phyllis M. Parker
Glen L. Abramson
Douglas M. Risen‡‡
Lane L. Vines‡‡
Darin R. Morgan‡‡
Michael C. Dell'Angelo‡‡
Neill W. Clark
Joy P. Clairmont
David A. Langer
Keino R. Robinson‡‡§§
Shanon J. Carson
Casey M. Preston
Daniel Simons‡‡
Jennifer MacNaughton-Wong

OF COUNSEL:
Stanley R. Wolfe
Jay Robert Stiefel
Carey R. D'Avino***

*    also admitted in NY
**   also admitted in FL
‡    also admitted in DE
‡‡   also admitted in NJ
††   also admitted in MD
§    also admitted in DC
§§   also admitted in IL
∞    also admitted in CT
+    also admitted in CA
***  only admitted in NY

## Berger & Montague, P.C.
ATTORNEYS AT LAW

If you feel it necessary, I encourage you to discuss this letter and the subpoena with your attorney. If you have any questions or concerns please do not hesitate to call me at 215-875-3022.

Sincerely,

Neil Mara

C:\LssWork\399042.wpd