

**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000
www.potteranderson.com

John E. James
Attorney at Law
Partner
jjames@potteranderson.com
302 984-6018 Direct Phone
302 658-1192 Facsimile

December 22, 2005

**BY CM-ECF AND BY HAND**
Honorable Kent A. Jordan
United States District Court Judge
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 6325
Wilmington, DE 19801

    Re:   *In re: Adams Golf, Inc. Securities Litigation*
            **Civil Action No. 99-371-KAJ**

Dear Judge Jordan:

      This firm, together with Simpson Thacher & Bartlett LLP, are counsel for defendants Lehman Brothers, Inc. ("Lehman"), Ferris, Baker Watts, Inc. ("FBW"), and Banc of America Securities LLC ("BOA") (collectively, the "Underwriter Defendants") in the above-captioned action. Pursuant to the procedures set forth in the Court's November 29, 2004 Scheduling Order, we respectfully submit this letter in response to Plaintiffs' letter of December 21, 2005.

**Background**

      Plaintiffs' characterization of this dispute simply misstates and misconstrues the facts and communications preceding Plaintiffs' request for a conference. The Underwriter Defendants have repeatedly acknowledged that Plaintiffs have a right to discovery on this issue and have repeatedly confirmed that each Underwriter will produce a 30(b)(6) witness on this subject at the appropriate time. The only "impasse" in this matter arises from Plaintiffs' improper demands and their desire to void their stipulated agreement with the Defendants regarding the timing and conduct of discovery.

Honorable Kent A. Jordan                -2-                      December 22, 2005

By letter dated July 27, 2005, Plaintiffs requested that the Underwriter Defendants produce e-mails from calendar year 1998. On August 5, 2005, counsel for the Underwriter Defendants advised Plaintiffs that, after consultation with each of the Underwriters, it had been confirmed that neither BOA nor FBW were in possession of any e-mails dating back to 1998. 1998 e-mails were not archived and had long since been deleted, prior to the filing of this action, pursuant to the retention policies in place at BOA and FBW in 1998.

Plaintiffs were also advised that Lehman had a limited number of back-up tapes containing e-mails from 1998. These e-mails were stored in two formats, but Lehman no longer possessed the necessary hardware or software to recover e-mails stored in one of these formats. Plaintiffs were told that even those backup tapes from which e-mails might still be recovered would not contain a complete record of every e-mail sent or received during 1998. Furthermore, the information stored on the tapes might not indicate the identities of any of the authors or recipients of the e-mails that could be recovered. Finally, Plaintiffs were advised that Lehman was undertaking to recover e-mails from these tapes, but that it would take a significant amount of time to recover any e-mails and there was no guarantee that the tapes would contain any relevant e-mails at all. Lehman is continuing its efforts to recover e-mails from these backup tapes, but no relevant e-mails have been recovered to date.

Despite the fact that Plaintiffs were clearly told that two of the three Underwriters did not possess any e-mails from 1998 and there was no guarantee that any relevant e-mails might be recovered by the third, plaintiffs re-visited the issue in increasingly combative letters dated September 26 & 27, 2005 (the "September Letters"), and demanded sworn affidavits from each of the Underwriters on the subject. Plaintiffs do not dispute that there is no provision for such a request under the Federal Rules of Civil Procedure.

On September 29, 2005, in light of the issues raised by Plaintiffs' motion to amend their complaint to add certain new claims, including the likelihood that Defendants would move to dismiss any new claims (thereby triggering the automatic stay of discovery under the PSLRA), Plaintiffs agreed to a stipulation which provides that "discovery, including depositions, should not proceed" while the PLSRA stay is in effect. The stipulation does not contain, nor did the Underwriter Defendants agree to, any exception for any issue. Furthermore, the Underwriter Defendants specifically asked for, and Plaintiffs provided, their assurance that it was "plaintiffs' intention to take no depositions in the period prior to the PSLRA stay going into effect." On October 11, 2005, the Underwriter Defendants responded to the September Letters, again offering to provide witnesses on this topic pursuant to Rule 30(b)(6) at the appropriate time.

On October 24, 2005, Plaintiffs sent yet another letter, containing baseless and conclusory allegations of spoliation of evidence and discovery abuse, and threatening sanctions if the Underwriter Defendants did not acquiesce to Plaintiffs' improper demands that they provide affidavits or proceed immediately with depositions in spite of the parties' stipulated discovery agreement. Four days later, Plaintiffs served an interrogatory on each Underwriter Defendant, again requesting detailed information regarding e-mails.

The Underwriter Defendants served timely responses and objections to Plaintiffs' interrogatories on November 28, 2005, again stating the simple fact of the matter – two of the

Honorable Kent A. Jordan -3- December 22, 2005

Underwriters have no e-mails to produce and the third is endeavoring to recover e-mails that may turn out to be completely irrelevant. Given the detailed information that Plaintiffs seek on this issue, the Underwriters maintain that depositions pursuant to Rule 30(b)(6) are the most efficient and appropriate means of responding to Plaintiffs' demands.

**Underwriter Defendants' Position in this Dispute**

Since August, the Underwriters have repeatedly confirmed that Plaintiffs will be entitled to depose a 30(b)(6) witness for each Underwriter Defendant regarding e-mail issues at the appropriate time. However, because Plaintiffs have sought to amend their complaint, potentially raising new issues for discovery, the parties entered into a stipulation staying discovery until the motion is resolved and the Defendants have had the opportunity to move to dismiss any new claims. This agreement is eminently reasonable and serves to avoid unnecessary duplication and expense. Furthermore, the plaintiffs *explicitly confirmed* that it was not their intention to pursue deposition discovery in the period prior to the imposition of a PSLRA stay, should the Defendants move to dismiss.

Plaintiffs have apparently decided to focus their time and resources on seeking to impose sanctions on the Underwriters. The mere fact that plaintiffs have seized on this particular tactic and would like to pursue it immediately, however, does not warrant a breach of the parties' stipulated agreement, nor does it change the underlying and valid reasons for that agreement. Accordingly, the Underwriter Defendants respectfully request that the Court deny Plaintiffs' request for expedited discovery on this issue.

          Respectfully submitted,

          /s/ John E. James

          John E. James (No. 996)

cc: Peter T. Dalleo, Clerk of the Court (By CM-ECF And By Hand)
     Camella P. Keener (By CM-ECF)
     Allyssa M. Schwartz (By CM-ECF)
     Todd S. Collins (By Facsimile)

JEJ/cml/23310
712468/1