IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE : ) | |
| ) | Civil Action No. 99-371-KAJ |
| ADAMS GOLF, INC., SECURITIES ) | (Consolidated) |
| LITIGATION ) | |

## MEMORANDUM ORDER

### I.     INTRODUCTION

This is a securities class action brought by plaintiff-shareholders ("Plaintiffs") against Adams Golf, Inc. and certain of its officers and underwriters (collectively, "Defendants"). Before me now is Plaintiffs' Motion for Leave to File Second Consolidated and Amended Class Action Complaint (D.I. 180) and Defendants' Motion to Amend the Scheduling Order (D.I. 188). For the reasons that follow, I will grant Plaintiffs' motion and deny Defendants' motion as moot.

### II.    BACKGROUND

The background of this action has been set forth in earlier opinions. *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 270-73 (3d Cir. 2004); *In re Adams Golf, Inc. Sec. Litig.*, 176 F. Supp. 2d 216, 218-21 (D. Del. 2001).[1] In short, Plaintiffs allege that the registration statement and prospectus accompanying the Initial Public Offering ("IPO") of Adams Golf common stock in 1998 "contained materially false and misleading

---

[1]This case was originally assigned to the Honorable Roderick R. McKelvie. (D.I. 12.) When he retired from the court in 2002, the case was referred to Magistrate Judge Mary Pat Thynge, on June 14, 2002. (D.I. 80.) On January 6, 2003, the case was reassigned to me. (D.I. 87.)

statements" in violation of the Securities Act of 1933. *In re Adams Golf*, 381 F.3d at 270. Specifically, according to Plaintiffs, those materials "failed to disclose that [Adams Golf's] revenues were artificially inflated by a 'gray market' distribution of Adams Golf golf clubs." *Id.* at 271.

On September 1, 2005, Plaintiffs filed a motion (D.I. 180) seeking leave to amend their complaint by adding the following:

(1) additional allegations concerning gray marketing;

(2) allegations that Defendants failed to "disclose the material risk that pre-IPO double-shipping, unlimited rights of return and improper reserving would adversely impact post-IPO financial results;"

(3) allegations that Defendants failed to "disclose the risk Adams Golf faced because it had no individual written contract with its retailers and no method to trace its clubs;"

(4) allegations that Defendants failed to "disclose the material risk facing Adams Golf if retailers' profit margins were to decrease;" and

(5) changes to conform the complaint to "rulings on class certification and the ending date of the Class Period." (D.I. 182 at 1-2.)

## III. DISCUSSION

According to the Federal Rules of Civil Procedure, leave to amend "shall be freely given [by the court] when justice so requires." Fed. R. Civ. P. 15(a). "A policy of favoring decisions on the merits, rather than on the technicalities, underlies this Rule." *CenterForce Techs., Inc. v. Austin Logistics Inc.*, No. Civ.A.99-243, 2000 WL 652943,

at *3 (D. Del. Mar. 10, 2000) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)). Thus, "leave to amend should be freely granted . . . unless there is sufficient reason to deny leave." *Id.* "Sufficient reasons include undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, failure to cure deficiencies in former amendments, and futility of amendment." *Id.* (citing *Foman*, 371 U.S. at 182; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

According to Plaintiffs, the need to amend arises from new facts discovered during the course of this litigation, which support the new allegations and "further support the original gray market claim." (D.I. 182 at 4.) In support of their position that leave to amend should be denied, Defendants make two arguments.

First, Defendants argue that they will be unduly prejudiced by the proposed amendments unless the case schedule is amended to allow sufficient time for additional discovery. (D.I. 187 at 3-4.) However, any prejudice to Defendants as a result of a compressed schedule has been removed by the parties' agreement, to which I have assented (D.I. 192), to extend the time for discovery. According to the parties' stipulation, in the event that Plaintiffs are allowed to amend, Defendants will move to dismiss, "thereby triggering the mandatory discovery stay imposed by the Private Securities Litigation Reform Act of 1995." (*Id.*) Thus, discovery would be stayed pending decision on Defendants' motion to dismiss, and the parties have agreed that discovery would continue for 81 days after the end of that stay. (*Id.*) Not only does that agreement reduce the prejudice to Defendants, it also effectively makes moot

Defendants' Motion to Amend the Scheduling Order to extend the discovery and other case deadlines by 90 days. (D.I. 188.)

Second, Defendants argue that the proposed amendments are futile. (D.I. 187 at 4-5.) However, the Defendants "believe that it may be more appropriate to fully address the new claims' shortcomings on a motion to dismiss rather than in [an opposition to Plaintiffs' motion.]" (*Id.* at 4.) Since Defendants do no more than outline a "basic sense for the proposed amendment's futility" in preparation for such a motion to dismiss (*id.*), the issue will not be decided here.

Therefore, since Defendants have not shown that they will be unduly prejudiced or that the proposed amendments are futile, I will grant Plaintiffs leave to amend the complaint.

## IV. CONCLUSION

Accordingly, for the reasons set forth herein, it is hereby ORDERED that Plaintiffs' Motion for Leave to File Second Consolidated and Amended Class Action Complaint (D.I. 180) is GRANTED, and Defendants' Motion to Amend the Scheduling Order (D.I. 188) is DENIED as moot.

/s/ [signature]
UNITED STATES DISTRICT JUDGE

January 24, 2006
Wilmington, Delaware