IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADAMS GOLF, INC.<br>SECURITIES LITIGATION | CONSOLIDATED<br>C.A. No. 99-371 KAJ |

## NOTICE OF DEPOSITION OF LEHMAN BROTHERS, INC.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiffs will take the deposition of Lehman Brothers, Inc. ("Lehman Brothers") on February 9, 2006, at 10:00 A.M., at a place agreed on by the parties. The deposition or depositions will continue from day-to-day until completed. The deposition or depositions will be taken before a notary public or other person authorized to administer oaths and will be recorded stenographically and/or videotaped.

THIS NOTICE NAMES AS THE DEPONENT A CORPORATION. Under the provisions of Rule 30(b)(6), Lehman Brothers is required to identify and produce for deposition one or more officers, directors, managing agents or other agents or employees who consent to testify on its behalf and are the officers, directors, agents, or employees most knowledgeable as to the following matters:

    1.    The nature of the use of e-mail, and extent of creation or receipt of electronic documents, by members of the Working Group (as defined below) in connection with the Adams Golf Engagement (as defined below) in 1998;

    2.    The regular and actual practices of the members of the Working Group with respect to maintaining, storing and disposing of electronic documents, including e-mails, created or obtained in connection with their work on the Adams Golf Engagement in 1998;

3. The provisions of, and form of, the document destruction policy or policies in force at Lehman Brothers during the period from January 1998 through the date on which the last evidence relating to Lehman Brothers' work on the Adams Golf Engagement was destroyed or became unable to be retrieved;

4. All efforts made by Lehman Brothers in and after 1998 to comply with the records-keeping provisions of Section 17(a)(1) of the Securities Exchange Act of 1934, Rule 17a-4 promulgated thereunder, and <u>Reporting Requirements for Brokers or Dealers under the Securities Exchange Act of 1934</u>, SEC Rel. No. 34-38245 (Feb. 5, 1997);

5. The date or dates on which electronic evidence relating to Lehman Brothers' work on the Adams Golf Engagement in 1998, including documents on computer hard drives, documents on storage devices, and documents on back-up tapes, were erased or destroyed or otherwise became unavailable for retrieval;

6. whether before, at or after the time this litigation was filed, any effort was made by Lehman Brothers to ascertain whether electronic evidence of its work on the Adams Golf Engagement still existed; whether any of the electronic evidence generated by or obtained by members of the Working Group was ever made subject to a directive that it be preserved or destroyed; and if such a directive was issued, the content of, distribution of and duration of the directive;

7. The full details of the circumstances under which electronic evidence relating to the activities of the Working Group on the Adams Golf Engagement in 1998 came to be unavailable to plaintiffs;

8. The nature of, location of and extent of any remaining tapes, back-up tapes, disks or other storage devices containing electronic documents generated by the Working Group in connection with its work on the Adams Golf Engagement in 1998, and why these particular potential sources of evidence continue to exist;

9. The full details of the circumstances under which Lehman Brothers tapes containing electronic evidence relating to its work on the Adams Golf Engagement in 1998 came to be corrupted or missing data, so that the e-mails on them are not currently retrievable;

10. How, when and under what circumstances Lehman Brothers ceased to maintain the hardware or software necessary to retrieve e-mails generated by members of the Working Group in connection with work on the Adams Golf Engagement during 1998;

11. All efforts that have been made to retrieve electronic evidence potentially relevant to this litigation.

You are invited to attend and examine the witness(es).

Dated: January 25, 2006

                              ROSENTHAL, MONHAIT, GROSS
                                 &GODDESS, P.A.

                              /s/ Carmella P. Keener
                              Carmella P. Keener (DSBA No. 2810)
                              919 N. Market St. Suite 1401
                              P.O. Box 1070
                              Wilmington, DE  19801
                              (302) 656-4433
                              ckeener@rmgglaw.com
                              **Plaintiffs' Liaison Counsel**

BERGER & MONTAGUE, P.C
Todd S. Collins
Elizabeth W. Fox
Neil F. Mara
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000 Phone
**Plaintiffs' Lead Counsel**

**Of Counsel**

LAW OFFICES OF DONALD B. LEWIS
Donald B. Lewis
Five Cynwyd Road
Bala Cynwyd, PA 19004
(610) 668-0331

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Juli F. Desper
Elizabeth A. Leland
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900

## DEFINITIONS AND INSTRUCTIONS

### Definitions

1. Plaintiffs incorporate by reference the definitions set forth in Plaintiff's First Set of Interrogatories to All Defendants.

2. The term "Working Group" means J. Stuart Francis, Olga Pulido-Crowe, Patrick Walravens, Mark Paley, Brad Smith, Sameet Mehda, Jim Holderman, Troy Huggins, M. Bradley Smith, Brian Lantier and Bernard Picchi, as well as all employees or other representatives of Lehman Brothers who provided the afore- mentioned persons with information with respect to work on the Adams Golf Engagement.

3. The term "Adams Golf Engagement" for purposes of this deposition notice shall mean any and all work done by or for Lehman Brothers in connection with Adams Golf Inc.'s 1998 initial public offering as well as in connection with post-IPO analysis of Adams Golf, including the researching and writing of research reports, commentary or recommendations concerning Adams Golf, specifically including, but not limited to, observation or research of whether Adams Golf products were appearing in Costco outlets.

### Instructions

1. Lehman Brothers is requested to identify in writing on or before February 2, 2006, each person designated pursuant to Rule 30(b)(6) and the subjects about which each such person will testify.

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 25th day of January, 2006, I electronically filed the **NOTICE OF DEPOSITION OF LEHMAN BROTHERS, INC.** with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Jeffrey L. Moyer, Esquire
Alyssa M. Schwartz, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

John E. James, Esquire
Brian C. Ralston, Esquire
Potter, Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

and a copy has been served by electronic mail upon the following:

Theodore J. McEvoy, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: tmcevoy@stblaw.com

Michael J. Chepiga, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: mchepiga@stblaw.com

Paul R. Bessette, Esquire
Akin, Gump, Strauss, Hauer & Feld LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111-4066
Email: pbessette@akingump.com

Jennifer R. Brannen, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-2916
Email: jbrannen@akingump.com

Michelle Reed, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-2916
Email: mreed@akingump.com

s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT, GROSS
 & GODDESS, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com