IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ADAMS GOLF, INC., SECURITIES LITIGATION, | ) ) ) ) | C.A. No. 99-371-KAJ (CONSOLIDATED) |

## NOTICE OF SUBPOENA OF KPMG, L.L.P.

TO:

Carmella P. Keener
Rosenthal, Monhait & Goddess
919 Market Street, Suite 1401
Wilmington, DE 19801

Robert K. Payson
John E. James
Potter Anderson & Corroon LLP
1313 North Market Street, Hercules Plaza
Wilmington, Delaware 19801

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, the attached subpoena *duces tecum* will be served on KPMG, L.L.P.

Jeffery L. Moyer (#3309)

Of Counsel:
Paul R. Bessette
Jennifer R. Brannen
Christopher W. Ahart
Michelle A. Reed
Akin Gump Strauss Hauer & Feld LLP
300 W. 6th Street, Suite 2100
Austin, Texas 78701

Dated: April 28, 2006

moyer@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, PA
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendants Adams Golf, Inc.,
B.H. Barney Adams, Richard H. Murtland,
Darl P. Hatfield, Paul F. Brown, Jr., Roland E.
Casati, Finis F. Connor, and Stephen R. Patchin

### Issued by the

# UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

In re: Adams Golf, Inc. Securities Litigation          **SUBPOENA IN A CIVIL CASE**

Case Number:    99-371-KAJ (Del.)

TO:    KPMG, L.L.P.
       Attn:  Rick Breslow
       345 Park Avenue
       New York, NY 10154-0102

---

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:
See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| Offices of Akin Gump Strauss Hauer and Feld, LLP<br>300 West 6th Street, Suite 2100<br>Austin, Texas 78701 | May 5, 2006<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Attorney for Defendants_ | 04/28/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Paul R. Bessette
Akin Gump Strauss Hauer & Feld LLP, 300 West 6th Street, Suite 2100, Austin, Texas 78701
(512) 499-6250

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88  (Rev. 1/94) Subpoena in a Civil Case

#5907472

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)            MANNER OF SERVICE

SERVED BY (PRINT NAME)            TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)     fails to allow reasonable time for compliance,
    (ii)    requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv)   subjects a person to undue burden.

(B) If a subpoena

    (i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii)    requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

    (iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**
**FOR SUBPOENA DUCES TECUM OF KPMG L.L.P.**

**DEFINITIONS**

1.     "Adams Golf" refers to defendant Adams Golf, Inc., its predecessors, successors, parents, subsidiaries, officers, directors, employees, and agents.

2.     "Audit Working  Papers" and "Review Working Papers" have the same broad meaning they have in the American Institute of Certified Public Accountants Professional Standards volumes, and includes all of those documents, required by law, regulation, professional accounting standards organizations (*e.g.*,  FASB, AICPA, Statements of Audit Standards, and Statements of Standard Accounting Practice), or an accounting firm's (*i.e.*, KPMG's) own Audit Manuals and Review Manuals to be among the papers an auditor prepares, collects, and maintains as a record, by the auditors, of the procedures applied, the tests performed, the information obtained, and the pertinent conclusions reached in the course of the auditing engagement to which the Audit Working Papers relate or the review engagement to which the Review Working Papers relate.  The Audit Working Papers include, but are not limited to, all accounting worksheets, memoranda, or other papers utilized in the preparation of the audited financial statements.  The Review Working Papers include, but are not limited to, all accounting worksheets, memoranda, or other papers utilized in the preparation of the quarterly financial statements.

3.     "Concerning," in addition to its customary and usual meaning, means discussing, constituting, mentioning, pertaining to, assessing, embodying, recording, stating, relating to, regarding, describing, touching upon or summarizing.

4.     "Document" has the same meaning as the definition of writings, recordings and photographs in Rule 1001 of the Federal Rules of Evidence and includes all written and graphic

matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies, and drafts, and both sides thereof, including but not limited to: letters, correspondence, contracts, agreements, books, journals, ledgers, statements, reports, studies, billings, invoices, worksheets, audits, balance sheets, income statements, checks, diagrams, diaries, calendars, recordings, instructions, lists, minutes of meetings, orders, resolutions, facsimile transmissions, electronic mail ("email"), computer files stored by any electronic means, and all other informal or formal writing or tangible things and any and all amendments or supplements to all of the foregoing, whether prepared by a party or another person.

5.    "Financial Statements" includes, but is not limited to, balance sheets, statements of income, earnings, retained earnings, stockholders' equity, cash flows, cash-flow projections, notes to each such statement and other notes which pertain to the past or present financial condition of Adams Golf, whether any of the foregoing is audited or unaudited, whether final, interim or *pro forma*, complete or partial, consolidated, yearly, quarterly, monthly or otherwise.

6.    "Including" means including, but not limited to.

7.    "IPO" means Adams Golf, Inc.'s initial public offering of shares on or about July 10, 1998.

8.    "KPMG" means KPMG LLP and any of its agents, representatives, and attorneys, and all other natural persons, businesses, advisors, consultants, and legal entities purporting to act for or on their behalf.

9.    "Person" or "persons" includes without limitation individuals, corporations, partnerships, limited partnerships, unincorporated associations, and all other governmental and non-governmental entities.

10.    The masculine includes the feminine and vice versa.

11.    The plural includes the singular and vice versa.

12.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive; the singular includes the plural and the plural includes the singular; the use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the Request documents that might otherwise be construed outside its scope.

13.    To the extent provided by the Federal Rules of Civil Procedure, these discovery requests are intended to be continuing in nature. You are required to supplement your answers when appropriate or necessary.

## INSTRUCTIONS

1.    You are to produce all documents responsive to the Requests that are in your possession, custody or control, including all those within the possession, custody or control of your agents and representatives and all those that can be obtained through reasonably diligent efforts.

2.    If any specific Request cannot be complied with in full, it shall be complied with to the extent possible, and an explanation shall be given as to why full compliance is not possible.

3.    Each Request for documents requires the production of each original, or an identical copy of the original, and all non-identical copies (whether made different from the original because of the notes or notations made on such copies or otherwise).

4.    All documents should be produced in the same order as they are kept or maintained by you.

5.    Documents not otherwise responsive to a request shall be produced if such documents refer to, relate to, or explain the documents called for this Request or if such documents are attached to documents called for by this Request and constitute routing slips, transmittal memoranda or

letters, comments, evaluations, or similar documents.

6.    If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning the loss of such document.

7.    If you claim that any document which you are requested to produce is privileged, you must provide the following information in writing, at the time of production set forth above or at a time mutually agreeable by the partners, with respect to each such document:

        a.    The nature of the privilege you claim;

        b.    The facts upon which you rely as the basis for claiming the privilege;

        c.    The person who created, wrote, or prepared the document;

        d.    The title (if any) and date on which the document was created, written, prepared or transmitted;

        e.    The time period, if any, that the document relates to or concerns;

        f.    The general subject matter of the document;

        g.    The general nature of the document (e.g., letter, telegram, memorandum);

        h.    Each person (if any) who signed the document;

        i.    Each person to whom the document was directed, circulated or shown;

        j.    Each person now in possession of the document or any copy hereof; and

        k.    The number of pages the document contains.

8.    All documents produced in response to these Requests shall be organized and labeled to correspond with the categories set forth below.

## TIME PERIOD

The time period for each document request is January 1, 1997 through December 31, 1999.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.      All documents that were prepared by, reviewed by, or provided to KPMG related to the IPO.

2.      All documents concerning the Company's Financial Statements for fiscal years ended December 31, 1997 through December 31, 1999.

3.      All Audit Working Papers and Review Working Papers prepared or generated by KPMG in connection with its audits and reviews of Adams Golf's Financial Statements for fiscal years 1997 through 1999.

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2006, I electronically filed the foregoing with the Clerk

of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the

following:

Carmella P. Keener
Rosenthal, Monhait & Goddess
919 Market Street, Suite 1401
Wilmington, DE  19801

Robert K. Payson
John E. James
Potter Anderson & Corroon LLP
1313 North Market Street, Hercules Plaza
Wilmington, Delaware  19801

I hereby certify that on March 9, 2006, I have Federal Expressed the foregoing

document(s) to the following non-registered participants:

Todd S. Collins
Jacob A. Goldberg
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA  19103

Michael J. Chepiga
Elaine M. Divelbliss
Theodore J. McEvoy
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY  10017

Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
schwartz@rlf.com