# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ALYSSA M. SCHWARTZ

DIRECT DIAL NUMBER
302-651-7756
SCHWARTZ@RLF.COM

April 28, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
District of Delaware
844 N. King Street, Room 6325
Lockbox 10
Wilmington, DE 19801

Re:     **Adams Golf Securities Litigation, C.A. No. 99-371 KAJ**

Dear Judge Jordan:

      Defendants are sorry to trouble the Court, but write regarding a dispute over the proposed Scheduling Order in the above-referenced case. The Adams Golf Defendants and the Underwriter Defendants prefer the June 18-29, 2007 trial date offered by the clerk over the March date initially proposed by chambers for two reasons. First, Adams Golf's lead trial counsel has another case set for trial in February 2007. Second, the parties originally compressed the expert report deadlines and the summary judgment briefing beyond normal timeframes to be able to propose a December trial date, based on the Court's strong desire expressed at the motion to dismiss hearing to keep a 2006 trial date (although the Court did not have the benefit of the prior Scheduling Order or the parties' Stipulation when scheduling was briefly discussed).

      Now that the Court has indicated that the trial will be in the first part of 2007, it makes sense to expand the expert discovery and dispositive motion briefing schedule to a reasonable timeframe to give the parties sufficient time to develop and make their arguments. Also, the Adams Golf Defendants and the Underwriter Defendants want to make sure the Court has the time it needs to consider the dispositive motions before the pretrial order date. The June trial date, along with the following interim deadlines, will achieve these goals.

      Accordingly, the Adams Golf Defendants and Underwriter Defendants propose the following schedule:

| | |
|---|---|
| Discovery Cutoff: | June 30, 2006 (no change from current schedule) |
| Expert Reports: | July 14, 2006 |
| Rebuttal Expert Reports: | July 28, 2006 |

RLF1-3008462-1

The Honorable Kent A. Jordan
April 28, 2006
Page 2

| | |
|---|---|
| Expert Discovery Cutoff: | August 11, 2006 |
| SJ/Daubert Motions: | September 8, 2006 |
| SJ/Daubert Oppositions: | October 6, 2006 |
| SJ/Daubert Replies: | October 27, 2006 |
| Pretrial Order: | April 23, 2007 |
| Pretrial Conference: | May 21, 2007 |
| Trial: | June 18-29, 2007 |

Defendants' understanding on April 26, 2006 was that plaintiffs would not oppose the June trial date, although they believed the extension from the proposed March date to be unnecessary. They also agreed with defendants in principle to extend the compressed schedule for expert discovery and dispositive motions.[1] For some reason yet to be articulated, they now will not agree to a more reasonable schedule and have not responded to our e-mail inquiring whether they are now opposed to the June trial date.

Counsel for defendants remain available should Your Honor wish to discuss the proposed schedule.

Respectfully,

Alyssa M. Schwartz (#4351)

AMS:lmg
cc: Clerk of the Court (by Electronic File)
   Carmella P. Keener (by Electronic File and Hand Delivery)
   John E. James (by Electronic File and Hand Delivery)
   Todd S. Collins (by Federal Express)
   Theodore J. McEvoy (by Federal Express)

---

[1] Plaintiffs' lead counsel and the Adams Golf Defendants' lead counsel, during a telephone conference, had verbally agreed that we would compromise on the March trial date if a more reasonable schedule for expert discovery and dispositive motions could be set. The Adams Golf Defendants' lead counsel agreed to run the risk of overlapping trials to achieve the more important goal of a reasonable timeframe for expert discovery and summary judgment briefing.
After the telephone conference, plaintiffs' lead counsel informed defendants that an extended schedule would not be possible with the March trial date if we kept the Court's preferred distance between dispositive motions and the pretrial conference. Defendants informed plaintiffs that under these circumstances we preferred the June trial date and a reasonable expert discovery and dispositive motion schedule, and we proposed the dates listed above. Plaintiffs then insisted that the parties write the Court although they refused to articulate a reason for their changed position, leaving defendants with the impression that they wish to gain some unfair advantage from the artificially compressed schedule that was only set to achieve a December trial date. If a more reasonable expert discovery and dispositive motion briefing schedule is not possible with a March trial date, then defendants prefer the June trial date.

RLF1-3008462-1