IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x
:
:
:
IN RE ADAMS GOLF, INC.               :   CONSOLIDATED C.A. NO. 99-371 (KAJ)
SECURITIES LITIGATION            :
:
:
------------------------------------------------------------------x

### ANSWER OF UNDERWRITER DEFENDANTS
### TO THE SECOND CONSOLIDATED AND AMENDED
### CLASS ACTION COMPLAINT

      Defendants Lehman Brothers Holdings Inc., Banc of America Securities LLC (successor to Nations Banc Montgomery Securities LLC) and Ferris, Baker Watts, Incorporated, (collectively, "Underwriter Defendants") by their undersigned attorneys, hereby answer the Second Consolidated and Amended Class Action Complaint filed on January 25, 2006 ("Complaint") as follows. The Underwriter Defendants deny all allegations that are not expressly admitted as set forth below.

### NATURE OF THE ACTION

      1.    State that the allegations in paragraph 1 of the Complaint purport to be a description of the basis for the allegations in the Complaint, as to which no response is required.

      2.    Deny the allegations in paragraph 2 of the Complaint, except admit that (1) the SAC alleges a class action for violation of the Federal Securities laws; (2) the Underwriter Defendants served as underwriters for an initial public offering ("Initial Public Offering") of common stock of Adams Golf, Inc. (the "Company" or "Adams Golf") pursuant to a Registration Statement and Prospectus declared effective July 9, 1998 by the Securities and Exchange Commission ("SEC"), the contents of which speak for themselves, and state that the Court's rulings in this action speak for themselves.

3.  3-6.  Paragraphs 3-6 of the Complaint contain legal conclusions to which no response is required, but to the extent any response is required, the allegations are denied.

## PARTIES

7.  Deny the allegations in paragraph 7 of the Complaint, except admit that on June 27, 2005 and August 3, 2005, the Court entered Orders which speak for themselves. To the extent the allegations purport to set forth legal conclusions, no response is required.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, except refer to the Registration Statement and Prospectus for an accurate description of the Company and its affairs as of the date of the Initial Public Offering.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and refer to the Registration Statement and Prospectus for a description of the Company and its affairs as of the date of the Initial Public Offering.

10. The allegations in paragraph 10 of the Complaint are directed against parties other than the Underwriter Defendants, and therefore, no response is required by these defendants.

11. Deny the allegations in paragraph 11 of the Complaint, except admit that (a) the Underwriter Defendants served as underwriters for the Initial Public Offering and refer to the Registration Statement and Prospectus, as well as the Underwriting Agreement for the Initial Public Offering, for a description of the underwriting arrangement and (b) the Underwriter Defendants performed "due diligence."

## CLASS ALLEGATIONS

12. Deny the allegations in paragraph 12 of the Complaint, except admit that Plaintiffs purport to bring this action on behalf of the putative class alleged therein.

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is required and the rulings of the Court speak for themselves. To the extent any response is required, the allegations are denied.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required, but to the extent any response is required, the allegations are denied.

15. Paragraph 15 of the Complaint states a legal conclusion to which no response is required, but to the extent any response is required, the allegations are denied.

16. State that the allegations in paragraph 16 of the Complaint do not require a response, but to the extent any response is required, the allegations are denied.

## SUBSTANTIVE ALLEGATIONS

17. Deny the allegations in paragraph 17 of the Complaint, except admit that (a) Adams Golf designs, manufactures and markets premium quality, technologically innovative golf clubs and (b) as of the date of the Initial Public Offering, Adams Golf represented that it believed its most successful product line to date, the Tight Lies fairway woods, employed technology and design that provided golfers with the ability to hit the ball from virtually any lie while maximizing distance.

18. Deny the allegations in paragraph 18 of the Complaint, except admit that (a) Adams Golf was founded by Adams in 1987 and that Adams Golf operated initially as a components supplier and contract manufacturer and (b) thereafter Adams Golf established its custom fitting operation, which as of the date of the Initial Public Offering, serviced a network of certified custom fitting accounts.

19. Admit the allegations in paragraph 19 of the Complaint.

20. Admit the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint, except admit that as of the date of the Initial Public Offering, Adams Golf represented that it derived net sales primarily from sales to on- and off-course golf shops and selected sporting goods retailers and, to

a much lesser extent, from direct sales to consumers, international distributors and the Company's custom fitting accounts.

22. Deny the allegations in paragraph 22 of the Complaint. To the extent the allegations pertain to a claim that was previously dismissed by the Court, no response is required.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint concerning what various sources may have told plaintiffs.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Deny the allegations in paragraph 28 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint concerning what plaintiffs may have heard from various sources.

29. Deny the allegations in paragraph 29 of the Complaint, except admit that the Company issued a press release dated June 9, 1998 ("June 9, 1998 press release"), and refer to the press release for a complete statement of its contents.

30. Deny the allegations in paragraph 30 of the Complaint, except refer to the Registration Statement and Prospectus for a complete statement of their contents.

31. Deny the allegations in paragraph 31 of the Complaint, except refer to the Registration Statement and Prospectus for a complete statement of their contents.

32. Deny the allegations in paragraph 32 of the Complaint, except refer to the Registration Statement and Prospectus for a complete statement of their contents. To the extent the allegations pertain to a claim that was previously dismissed by the Court, no response is required.

33. Deny the allegations in paragraph 33 of the Complaint. To the extent the allegations pertain to a claim that was previously dismissed by the Court, no response is required.

34. Admit that the statement quoted in paragraph 34 of the Complaint appeared in the Registration Statement and Prospectus and refer to those documents for a complete statement of their contents.

35. Deny the allegations in paragraph 35 of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint.

37. Deny the allegations in paragraph 37 of the Complaint.

38. Deny paragraph 38 of the Complaint, except admit that the Company issued a press release on January 7, 1999, and refer to that press release for a complete statement of its contents.

39. Deny the allegations in paragraph 39 of the Complaint, except admit that the Company issued a press release on February 3, 1999, and refer to that press release for a complete statement of its contents.

40. Deny the allegations in paragraph 40 of the Complaint, except admit that the Company filed its 1998 Form 10-K report with the SEC in March 1999, and refer to the 1998 Form 10-K report for a complete statement of its contents.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and refer to the Registration Statement and Prospectus for a description of the Company's Management as of the date of the Initial Public Offering.

44. Deny the allegations in paragraph 44 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint concerning what various sources may have told plaintiffs.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint, except admit that the Company produced a March 27, 1998 memo from Mark Gonsalves to Richard Murtland, and refer to that memo for a complete statement of its contents.

48. Deny the allegations in paragraph 48 of the Complaint, except admit that the Company produced an April 15, 1998 memo from Chris Beebe to Mark Gonslaves, and refer to that memo for a complete statement of its contents.

49. Deny the allegations in paragraph 49 of the Complaint, except admit that the Company produced letters from Barney Adams to Costco dated May 18, 1998 and June 1, 1998 and a May 26, 1998 memo from Barney Adams to Mark Gonsalves, and refer to those documents for complete statements of their contents.

50. Deny the allegations in paragraph 50 of the Complaint.

51. Deny the allegations in paragraph 51 of the Complaint, except admit that the Company produced an October 8, 1998 memo from Barney Adams, and refer to that memo for a complete statement of its contents.

52. Deny the allegations in paragraph 52 of the Complaint.

53. Deny the allegations in paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. Deny the allegations in paragraph 58 of the Complaint, except admit that the Company produced an April 13, 1998 correspondence from WDC Mackenzie Distributors Ltd. to Chris Beebe, and refer to that correspondence for a complete statement of its contents.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61. Deny the allegations in paragraph 61 of the Complaint, except admit that the Company produced a May 6, 1998 correspondence from Chris Beebe to authorized distributors of Adams Golf products and refer to that correspondence for a complete statement of its contents.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Deny the allegations in paragraph 63 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of what the Company did on June 8, 1998.

64. Deny the allegations in paragraph 64 of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint, except admit that gray marketing was a very common, well known problem for those who sold unique or specialized equipment.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint, except refer to Callaway's 1997 Report on Form 10K for a complete statement of its contents.

68.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70.  Deny the allegations in paragraph 70 of the Complaint, except admit that in March 1998 the Supreme Court issued a decision in <u>Quality King Distributors v. L'Anza Research International, Inc.</u>, 523 U.S. 135 (1998) and that Costco was party to an amicus brief filed in that litigation, and refer to the decision and brief for a complete statement of their contents.

71.  Deny the allegations in paragraph 71 of the Complaint.

72.  Deny the allegations in paragraph 72 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint concerning what various sources may have told plaintiffs.

73.  Deny the allegations in paragraph 73 of the Complaint.

74.  Deny the allegations in paragraph 74 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint concerning what various sources may have told plaintiffs.

75.  Deny the allegations in paragraph 75 of the Complaint.  To the extent the allegations pertain to a claim that was previously dismissed by the Court, no response is required.

76.  Deny the allegations in paragraph 76 of the Complaint, except admit that the Company produced an August 14, 1998 correspondence from Barney Adams and refer to that correspondence for a complete statement of its contents.

77.  Deny the allegations in paragraph 77 of the Complaint, except admit that the Company produced an August 14, 1998 correspondence from Barney Adams and refer to that correspondence for a complete statement of its contents.

78.  Deny the allegations in paragraph 78 of the Complaint.

79. Deny the allegations in paragraph 79 of the Complaint, except admit that the Company produced an August 14, 1998 correspondence from Barney Adams and refer to that correspondence for a complete statement of its contents.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81. The allegations in paragraph 81 pertain to a claim that was previously dismissed by the Court and no response is required.

82. The allegations in paragraph 82 pertain to a claim that was previously dismissed by the Court and no response is required.

83. The allegations in paragraph 83 pertain to a claim that was previously dismissed by the Court and no response is required.

84. The allegations in paragraph 84 pertain to a claim that was previously dismissed by the Court and no response is required.

85. The allegations in paragraph 85 pertain to a claim that was previously dismissed by the Court and no response is required.

86. The allegations in paragraph 86 pertain to a claim that was previously dismissed by the Court and no response is required.

87. The allegations in paragraph 87 pertain to a claim that was previously dismissed by the Court and no response is required.

88. The allegations in paragraph 88 pertain to a claim that was previously dismissed by the Court and no response is required.

89. Deny the allegations in paragraph 89 of the Complaint, and refer to Item 303 of SEC Regulation S-K and Financial Account Standards Board Statement No. 5 ("FAS 5"), Accounting for Contingencies for a complete statement of their contents. To the extent the allegations pertain to a claim that was previously dismissed by the Court, no response is required.

90.     Deny the allegations in paragraph 90 of the that the Company's common stock price is a matter of public record and refer thereto.

91.     Deny the allegations in paragraph 93 of the Complaint, except admit that the Company issued a press release on October 22, 1998 and refer to that press release for a complete statement of its contents and state that the Company's common stock price Complaint, and refer to FAS 5 for a complete statement of its contents.  To the extent the allegations pertain to a claim that was previously dismissed by the Court, no response is required.

92.     Deny the allegations in paragraph 91 of the Complaint, and refer to Financial Accounting Standards Board Statement No. 48 for a complete statement of its contents. To the extent the allegations pertain to a claim that was previously dismissed by the Court, no response is required.

93.     Deny the allegations in paragraph 92 of the Complaint, except state  is a matter of public record and refer thereto.

## COUNT I
(Against all Defendants for Violations of Section 11 of the Act)

94.     Incorporate by reference their responses to the allegations in paragraphs 1 through 93 of the Complaint as if fully set forth herein.

95.     Paragraph 95 of the Complaint contains only legal conclusions or a summary of the Complaint, as to which no response is required.

96.     Deny the allegations in paragraph 96 of the Complaint.

97.     The allegations in paragraph 97 of the Complaint are legal conclusions to which no response is required, but the extent any response is required, the allegations are denied except to admit the Company registered shares of common stock with the SEC by means of a Registration Statement and Prospectus.

98.     Paragraph 98 of the Complaint contains legal conclusions to which no response is required, but to the extent any response is required, the allegations are denied.

99. Deny the allegations in paragraph 99 of the Complaint, except state that to the extent the allegations purport to set forth legal conclusions, no response is required.

100. Deny the allegations in paragraph 100 of the Complaint, except state that the stock price of the Company's common stock is a matter of public record and refer thereto.

101. Deny the allegations in paragraph 101 of the Complaint, except state that to the extent the allegations purport to set forth legal conclusions, no response is required.

102. Paragraph 102 of the Complaint contains only a legal conclusion or summary of the Complaint, as to which no response is required.

## COUNT II
(Against Lehman for Violations of Section 12(a)(2) of the Act)

103. Incorporate by reference their responses to paragraphs 1 through 102 of the Complaint as if fully set forth herein.

104. Paragraph 104 of the Complaint contains only legal conclusions or summary of the Complaint, as to which no response is required.

105. Paragraph 105 of the Complaint contains only legal conclusions, as to which no response is required.

106. Deny the allegations in paragraph 106 of the Complaint.

107. Deny the allegations in paragraph 107 of the Complaint, except state that to the extent the allegations purport to set forth legal conclusions, no response is required.

108. Deny the allegations in paragraph 108 of the Complaint, except state that to the extent the allegations purport to set forth legal conclusions, no response is required.

109. Paragraph 109 of the Complaint contains only legal conclusions, as to which no response is required. To the extent paragraph 109 of the Complaint alleges facts, the allegations are denied.

110. Paragraph 110 of the Complaint contains only legal conclusions, as to which no response is required. To the extent paragraph 110 of the Complaint alleges facts, the allegations are denied.

111. Deny the allegations in paragraph 111 of the Complaint, except state that to the extent the allegations purport to set forth legal conclusions, no response is required.

112. Paragraph 112 of the Complaint contains only legal conclusions, as to which no response is required. To the extent paragraph 112 of the Complaint alleges facts, the allegations are denied.

113. Paragraph 113 of the Complaint contains only a legal conclusion or summary of the Complaint, as to which no response is required.

## COUNT III
(Against the Individual Defendants for Violations of Section 15 of the Act)

114-118. The allegations in paragraphs 114-118 of the Complaint are directed against parties other than the Underwriter Defendants, and therefore, no response is required by these defendants.

## **AFFIRMATIVE DEFENSES**

The Underwriter Defendants allege the following defenses with respect to causes of action alleged in the Complaint without assuming the burden of proof where the burden of proof rests on plaintiffs:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Underwriter Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This action may not be maintained as a plaintiff's class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as plaintiffs describe the proposed class.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs do not have standing to maintain this action on their own behalf or on behalf of the members of the purported class pursuant to the Securities Act of 1933.

FOURTH AFFIRMATIVE DEFENSE

At the time the July 1998 Registration Statement and Prospectus became effective, they did not contain any untrue statements of material fact or fail to state any material fact required to be stated therein or necessary to make the statements therein not misleading.

FIFTH AFFIRMATIVE DEFENSE

The statements cited in the Complaint as false or misleading are forward-looking statements accompanied by meaningful cautionary language and are therefore not actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 and the bespeaks caution doctrine.

SIXTH AFFIRMATIVE DEFENSE

The Underwriter Defendants aver that they at all times acted in good faith and did not directly or indirectly know of, induce, or in any way participate in the act or acts constituting the purported causes of action alleged in the Complaint.

SEVENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants aver, with respect to any portion of the Registration Statement or Prospectus referred to in the Complaint as to which the Underwriter Defendants liability is asserted, that:

(a) As regards any part of such Registration Statement and Prospectus not purporting to be made on the authority of an expert, and not purporting to be a copy of or extract from a report of valuation of an expert, and not purporting to be made on the authority of a public official document or statement, the Underwriter Defendants had, after reasonable investigation, reasonable ground to believe and did believe, at the time such part of the Registration Statement and Prospectus

became effective, that the statements therein were true and did not contain any omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading;

(b)  As regards any part of the Registration Statement or Prospectus purporting to be made on the authority of an expert (other than the Underwriter Defendants) or purporting to be a copy of or extract from a report or valuation of an expert (other than the Underwriter Defendants), the Underwriter Defendants had no reasonable ground to believe and did not believe, at the time such part of the Registration Statement and Prospectus became effective, that the statements therein were untrue, or did not contain an omission to state a material fact required to be stated therein or necessary to make the statements therein no misleading, or that such part of the Registration Statement and Prospectus did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert; and

(c)  As regards any part of the Registration Statement and Prospectus purporting to be a statement made by an official person or purporting to be a copy of or extract from a public official document, the Underwriter Defendants had no reasonable ground to believe and did not believe, at the time such part of the Registration Statement and Prospectus became effective, that the statements therein were untrue, or did not contain an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Registration Statement and Prospectus did not fairly represent the

statement made by the official person or was not a fair copy of or extract from the public official document.

## EIGHTH AFFIRMATIVE DEFENSE

The Underwriter Defendants aver that they acted in good faith and in conformity with the applicable statutes, rules and regulations of the Securities and Exchange Commission, and principles of common law. The Underwriter Defendants further aver that they did not know, and in the exercise of reasonable care could not have known, of any statement that was false or misleading with respect to a material fact or otherwise, or any omission to state any such fact, in connection with the transactions complained of, or any violation of the aforesaid statutes, rules or regulations or applicable principles of the common law.

## NINTH AFFIRMATIVE DEFENSE

Any depreciation in value of Adams Golf Common Stock after the July 1998 Initial Public Offering is attributable to causes other than plaintiffs' allegation that parts of the July 1998 Registration Statement and Prospectus were not true or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## TENTH AFFIRMATIVE DEFENSE

Neither plaintiffs nor the purported class have sustained any injury or damages as a result of any acts or omissions of the Underwriter Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

The losses alleged by plaintiffs in connection with their alleged purchase of the Adams Golf common stock at issue in the claims against the Underwriter Defendants, as well as any actual purchases, were not directly and proximately caused by any misstatement or omission alleged in the July 1998 Registration Statement and Prospectus.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs and the purported class failed to use reasonable care to prevent any damages allegedly sustained.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery is barred, or must be reduced, as a result of plaintiffs' failure to mitigate any alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims are barred because plaintiffs' alleged damages, if any, are speculative and thus are not recoverable.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted against the Underwriter Defendants are barred by the applicable statute or statutes of limitations or repose.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against the Underwriter Defendants are barred because plaintiffs assumed the risk of losses on securities transactions at issue in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are entitled to recover contribution from and/or are indemnified by others for any liability they incur.

### DEFENSES RESERVED

The Underwriter Defendants hereby give notice that they intend to rely upon other defenses that may become available or appear during the discovery proceedings in this case (including but not limited to ratification, unclean hands, estoppel, waiver and the like) and

hereby reserve their right to amend their Answer to assert any other related defenses as they become available.

      WHEREFORE, the Underwriter Defendants respectfully request that judgment be entered dismissing the Second Consolidated and Amended Class Action Complaint herein with prejudice and without costs, together with such other and further relief as this Court may deem just and proper under the circumstances.

| *Of Counsel:* | POTTER ANDERSON & CORROON LLP |
|---|---|
| SIMPSON THACHER & BARTLETT LLP<br>Michael J. Chepiga<br>Theodore J. McEvoy<br>425 Lexington Avenue<br>New York, NY 10017-3954<br>Telephone: (212) 455-2000<br>Facsimile: (212) 455-2502 | By:   /s/ John E. James<br>    Robert K. Payson (#274)<br>    John E. James (#996)<br>    Hercules Plaza – Sixth Floor<br>    1313 North Market Street<br>    Wilmington, DE 19801<br>    Telephone: (302) 984-6000<br><br>*Attorneys for the Underwriter Defendants* |

Dated: May 5, 2006
731069/23310

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, John E. James, hereby certify that on May 5, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel, by hand; and that the document is available for viewing and downloading from CM/ECF:

>Carmella P. Keener, Esquire
>Rosenthal Monhait Gross & Goddess, P.A.
>919 Market Street, Suite 1401
>Wilmington, DE  19801
>
>Jeffrey L. Moyer, Esquire
>Richards Layton & Finger
>One Rodney Square
>Wilmington, DE  19801

>_____/s/ John E. James_____
>John E. James (No. 996)
>Potter Anderson & Corroon LLP
>Hercules Plaza – Sixth Floor
>1313 North Market Street
>Wilmington, DE  19801
>Telephone:  (302) 984-6000
>E-mail:  jjames@potteranderson.com

718896/23310