## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: ADAMS GOLF, INC., | § § § § | CIVIL ACTION NO. 99-371-KAJ (CONSOLIDATED) |
| SECURITIES LITIGATION | | |

## NOTICE OF SUBPOENA AND DEPOSITION OF
## COSTCO WHOLESALE CORPORATION

PLEASE TAKE NOTICE that pursuant to Rules 45 and 30(b)(6) of the Federal Rules of

Civil Procedure, defendants Adams Golf, Inc. ("Adams Golf" or the "Company"), B.H. (Barney)

Adams, Darl P. Hatfield, Richard H. Murtland, Paul F. Brown, Jr., Roland E. Casati, Finis F.

Conner and Stephen R. Patchin (collectively, the "Adams Golf Defendants"), by their

undersigned counsel, have served the subpoena attached at Exhibit A hereto to take the 30(b)(6)

deposition of Costco Wholesale Corporation.

The deposition will commence on July 7, 2006 at 9:30 a.m. at Seattle Marriott Hotel,

3201 South 176th Street, Seattle, Washington, 98188, before a notary public or some other officer

authorized by law to administer oaths and will continue from day to day until completed. The

deposition will be transcribed by stenographic means. You are invited to attend and cross

examine.

Of Counsel:
Paul R. Bessette
Jennifer R. Brannen
Michelle A. Reed
Laura Moriaty
Akin Gump Strauss Hauer & Feld LLP
300 West 6th Street, Suite 2100
Austin, Texas 78701
(512) 499-6200

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger
920 North King Street
Wilmington, Delaware 19899
(302) 651-7700

Attorneys for Defendants Adams Golf, Inc.,
B.H. Adams, Richard H. Murtland, Darl P.
Hatfield, Paul F. Brown, Jr., Roland E. Casati,
Finis F. Conner, and Stephen R. Patchin

Dated: June 30, 2006

### Issued by the

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### SUBPOENA IN A CIVIL CASE

IN RE ADAMS GOLF, INC.
SECURITIES LITIGATION

United States District Court for
the District of Delaware
Consolidated Case Number:  99-371-KAJ

TO:    Costco Wholesale Corporation
       c/o John Sullivan, Registered Agent
       999 Lake Drive
       Issaquah, WA 98027

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | |
| --- | --- |
| Seattle Marriott Hotel<br>3201 South 176th Street<br>Seattle, Washington 98188<br>See Schedule A attached. | DATE AND TIME<br>July 7, 2006 at 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

| PLACE | DATE AND TIME |
| --- | --- |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
| --- | --- |
| Attorney for Defendants | 6/29/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer R. Brannen
Akin Gump Strauss Hauer & Feld LLP, 300 West 6th Street, Suite 2100, Austin, Texas 78701
(512) 499-6258

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88  (Rev. 1/94) Subpoena in a Civil Case

PROOF OF SERVICE

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE                                                SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**
**FOR SUBPOENA FOR TESTIMONY OF COSTCO WHOLESALE CORPORATION**
**DEFINITIONS**

1.      "Adams Golf" means Adams Golf, Inc., its predecessors, successors, parents, subsidiaries, officers, directors, employees and agents.

2.      The term "Costco" refers to Costco Wholesale Corporation, and includes any and all predecessors or successors in interest, local, regional, national, and/or executive offices, affiliates, segments, or divisions thereof (including National Clothing), present or former officers of Costco, and present or former employees, agents, attorneys, and/or consultants acting or purporting to act on behalf of Costco.

3.      "Document" has the same meaning as the definition of writings, recordings and photographs in Rule 1001 of the Federal Rules of Evidence and includes all written and graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, non-identical copies, and drafts, and both sides thereof, including but not limited to:    letters, correspondence, contracts, agreements, books, journals, ledgers, statements, reports, studies, billings, invoices, worksheets, audits, balance sheets, income statements, checks, diagrams, diaries, calendars, recordings, instructions, lists, minutes of meetings, orders, resolutions, facsimile transmissions, electronic mail ("email"), computer files stored by any electronic means, and all other informal or formal writing or tangible things and any and all amendments or supplements to all of the foregoing, whether prepared by a party or another person.

4.      "Litigation" means the case filed in the United States District Court for the District of Delaware, captioned *In Re Adams Golf Securities Litigation*, Consolidated Civil Action No. 99-371 KAJ, and any and all actions, complaints or claims made, contemplated or filed in or in connection with the subject matter or allegations at that consolidated action.

5.     "Person" or "persons" includes without limitation individuals, corporations, partnerships, limited partnerships, unincorporated associations, and all other governmental and non-governmental entities.

6.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive; the singular includes the plural and the plural includes the singular; the use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the Request documents that might otherwise be construed outside its scope.

7.     To the extent provided by the Federal Rules of Civil Procedure, these discovery requests are intended to be continuing in nature. You are required to supplement your answers when appropriate or necessary.

## INSTRUCTIONS

Costco Wholesale Corporation ("Costco") has a duty to designate one or more officers, directors, managing agents, or other persons with sufficient knowledge to testify for Costco on the following topics:

1.   All facts contained in documents labeled Cost 0001 – Cost 0052 produced in this litigation.

2.   Costco's acquisition of Adams Golf's clubs and the sale of those clubs in its retail locations in 1998 and 1999

3.   The manner in which Costco's fiscal years 1998 and 1999 are calendared.

The deposition will be stenographically recorded and will continue from day to day until completed.

#5938113                                     3

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2006, I have caused the foregoing to be served by Hand Delivery and electronic mail which has also been filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Carmella P. Keener
Rosenthal, Monhait & Goddess
919 Market Street, Suite 1401
Wilmington, DE 19801

Robert K. Payson
John E. James
Potter Anderson & Corroon LLP
1313 North Market Street, Hercules Plaza
Wilmington, DE 19801

I hereby certify that on June 30, 2006, I have sent by Federal Express and electronic mail the foregoing document(s) to the following non-registered participants:

Neil Mara
Todd S. Collins
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103

Michael J. Chepiga
Theodore J. McEvoy
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017

Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
schwartz@rlf.com