## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------x
IN RE ADAMS GOLF, INC.                  :
SECURITIES LITIGATION                   :        CONSOLIDATED C.A. NO. 99-371 (KAJ)
------------------------------------------------ x
```

### PLAINTIFFS' NOTICE OF DEPOSITIONS OF DALLAS RAINWATER
### AND MANNY FERNANDEZ PURSUANT TO SUBPOENAS

TO:    **ALL COUNSEL ON THE ACCOMPANYING SERVICE LIST**

PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure, Plaintiffs,

by and through their attorneys, Berger & Montague, P.C., and Rosenthal, Monhait & Goddess, P.A.,

will take the depositions of **Dallas Rainwater and Manny Fernandez**, upon oral examination for

the purposes of discovery, before a Notary Public or some other officer authorized to administer

oaths, pursuant to Subpoenas in the form attached hereto as Exhibits 1 and 2, respectively.

ROSENTHAL, MONHAIT & GODDESS, P.A.

By: /s/ Carmella P. Keener

LEAD COUNSEL:                          Carmella Keener (DSBA #2810)
BERGER & MONTAGUE, P.C.                 919 Market Street, Suite 1401
Todd Collins, Esq.                     Wilmington, DE 19801
1622 Locust Street                     (302) 656-4433
Philadelphia, PA. 19103                ckeener@rmgglaw.com
(215)875-3000                          Liaison Counsel for Plaintiffs

# EXHIBIT 1

AO88 (Rev. 11/91) Subpoena in a Civil Case

**United States District Court**

**NORTHERN DISTRICT OF TEXAS**

IN RE ADAMS GOLF SECURITIES LITIGATION

District of Delaware
Civil Action No. 99-371-KAJ
(Consolidated)

TO:   Dallas Rainwater
      c/o Akin Gump Strauss Hauer & Feld, LLP
      300 West Sixth Street, Suite 2100
      Austin, Texas 78701
      Tel: (512) 499-6200

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ X ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Akin Gump Strauss Hauer & Feld, LLP<br>300 West Sixth Street, Suite 2100<br>Austin, Texas 78701<br>Tel: (512) 499-6200 | July 6, 2006<br><br>10:00 a.m. |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Todd S. Collins  Attorney for Plaintiff | June 30, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Todd Collins, Esquire
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA, 19103
Tel: (215) 875-3000   cell (215) 875-5806

(See Rule 45, Federal Rules of Civil Procedure on Reverse)

AO88 (Rev. 11/91) Subpoena in a Civil Case

C:\LssWork\407216.wpd

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

1622 Locust Street
Philadelphia, PA 19103
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

C:\LawWork\407216.wpd

1622 LOCUST STREET  |  PHILADELPHIA, PA 19103-6305  |  *phone* 215/875-3000  |  *fax* 215/875-4604  |  *www.bergermontague.com*

# Berger&Montague,P.C.
ATTORNEYS AT LAW

| WRITER'S DIRECT DIAL | |
| --- | --- |
| | 215-875-5806 |
| WRITER'S DIRECT FAX | 215 875-4715 |
| WRITER'S DIRECT E-MAIL | efox@bm.net |

June 30, 2006

Dallas Rainwater
c/o Akin Gump Strauss Hauer & Feld, LLP
300 West Sixth Street, Suite 2100
Austin, Texas 78701

> Re:   **Adams Golf Securities Litigation**
>       **C.A. No. 99-371 KAJ**

Dear Mr. Rainwater

We have subpoenaed you for deposition on July 6, 2006 because Adams Golf listed you as a person who has information about their defenses in this case. We will be happy to adjust the time and place of the deposition for your convenience.

Please give me, or ask your lawyer to contact me, so we can set a time and place for the deposition.

Sincerely,

Elizabeth W. Fox

Elizabeth W. Fox

EWF/dlg

C:\LssWork\407221.wpd

# EXHIBIT 2

AO88 (Rev. 11/91) Subpoena in a Civil Case

## United States District Court

### SOUTHERN DISTRICT OF NEW YORK

IN RE ADAMS GOLF SECURITIES LITIGATION

District of Delaware
Civil Action No. 99-371-KAJ
(Consolidated)

TO:    Manny Fernandez
       c/o Rick Breslow
       KPMG, L.L.P.
       345 Park Avenue
       New York, NY 10154-0102

       (212) 909-5423

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ X ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| KPMG, L.L.P.<br>345 Park Avenue<br>New York, NY 10154-0102<br>(212) 909-5423 | July 5, 2006<br><br>10:00 a.m. |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Todd Collins ( EWF )    Attorney for Plaintiff | June 30, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Todd Collins, Esquire
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA, 19103
Tel: (215) 875-3000  (215 875 5806 )

(See Rule 45, Federal Rules of Civil Procedure on Reverse)

C:\LstWork\407214.wpd

AO88 (Rev. 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------|-------|

| SERVED BY (PRINT NAME) | TITLE |
|------|-------|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

1622 Locust Street
Philadelphia, PA 19103
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to

travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

C:\LexWork\407214.wpd

1622 LOCUST STREET  |  PHILADELPHIA, PA 19103-6305  |  *phone* 215/875-3000  |  *fax* 215/875-4604  |  *www.bergermontague.com*

# Berger&Montague,P.C.
### ATTORNEYS AT LAW

| | |
|---|---|
| WRITER'S DIRECT DIAL | 215-875-5806 |
| WRITER'S DIRECT FAX | 215 875-4715 |
| WRITER'S DIRECT E-MAIL | efox@bm.net |

June 30, 2006

Mr. Rick Breslow
KPMG, L.L.P.
345 Park Avenue
New York, NY 10154-0102

> **Re:    Adams Golf Securities Litigation**
> **C.A. No. 99-371 KAJ**

Dear Mr. Breslow:

We have subpoenaed Mr. Fernandez for deposition on July 5, 2006 because Adams Golf listed you as a potential witness in their case. We will, of course, be happy to adjust the time and place of the deposition for you and Mr. Fernandez's convenience. Please give me a call to make arrangements.

Sincerely,

Elizabeth W. Fox

Elizabeth W. Fox

EWF/dlg

C:\LssWork\407220.wpd

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 30th day of June, 2006, I electronically filed

**PLAINTIFFS' NOTICE OF DEPOSITIONS OF DALLAS RAINWATER AND MANNY**

**FERNANDEZ PURSUANT TO SUBPOENAS** with the Clerk of Court using CM/ECF, which will

send notification of such filing to the following:

Jeffrey L. Moyer, Esquire
Alyssa M. Schwartz, Esquire
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

John E. James, Esquire
Brian C. Ralston, Esquire
Potter, Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

and a copy has been served by electronic mail upon the following:

Theodore J. McEvoy, Esquire
Michael J. Chepiga, Esquire
Elaine Divelbliss, Esquire
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email: tmcevoy@stblaw.com
Email: mchepiga@stblaw.com
Email: edivelbliss@stblaw.com

Paul R. Bessette, Esquire
Akin, Gump, Strauss, Hauer & Feld LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111-4066
Email: pbessette@akingump.com

Jennifer R. Brannen, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-2916
Email: jbrannen@akingump.com

s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT & GODDESS, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com