# EXHIBIT A

Expert Report of
Charles A. Sjoquist, CFA
Manager, FTI Consulting, Inc.

In Re Adams Golf, Inc. Securities Litigation
Consolidated Civil Action No. 99-371 KAJ

**Qualifications**

I am a Chartered Financial Analyst with more than 32 years of financial experience gained at the Securities and Exchange Commission ("SEC"), the Small Business Administration and in private business.

For twenty four years, I was a financial analyst on the staff of the Division of Corporation Finance at the SEC. For approximately twelve of those years, I was a Branch Chief responsible for the examination, analysis and processing of public company disclosure documents, including registration statements for the public offering of securities, annual and other periodic reports and proxy statements. I was responsible for administering the SEC's full disclosure program, including the review of filings, issuing comments to registrants and resolving those comments through additional disclosure or supplemental information supporting non-disclosure.

I was also on the staff of the Small Business Administration for approximately five and a half years in the Investment Division. I was Chief of the Licensing Unit responsible for administering the licensing of Small Business Investment Companies ("SBIC"). I was also an Area Chief responsible for the financial and regulatory oversight of a portfolio of licensed SBICs.

Subsequent to my career in public service, I provided consulting services to the SBIC industry.

I am a Chartered Financial Analyst ("CFA"). I graduated from St. Cloud State University in Minnesota with a BA in Business Management in 1968 and a MBA in Finance in 1973. I was in the US Marine Corps from 1968-1970 as a disbursing clerk at the Marine Corps Finance Center.

I have attached a professional biography at Exhibit A.

My employer is being compensated at an hourly rate of $400 per hour for my work in this matter.

**Background**

In connection with Akin Gump Strauss Hauer & Feld L.L.P.'s ("Akin Gump") representation of Adams Golf, Inc. ("Adams Golf" or the "Company") in the case styled *In re Adams Golf, Inc. Securities Litigation*, I have been requested to review and analyze the SEC's Division of Corporation Finance's processing of the Form S-1 Registration Statement (the "IPO"), which was filed with the Securities and Exchange Commission (the "Commission" or "SEC") on May 4, 1998 and subsequent amendments thereto.[1] Specifically, I have been asked to review the issuance by the SEC staff of an oral

---

[1] The Company's IPO offered for sale approximately 6.0 million common shares. Of such shares offered, approximately 4.0 million shares were being offered by the Company and 2.0 million shares were being offered by certain stockholders of the Company.

comment on June 25, 1998 relating to a legal action against Costco (the "Costco Matter") and its resolution.

In preparation for this assignment, I have read the materials listed in Exhibit B.

**Conclusion**

Based on the documents reviewed and all relevant facts, it is my opinion that the SEC staff had information submitted by the Company or otherwise made available to it to provide a reasonable basis for concluding that, at the time of effectiveness of the registration statement, disclosure of the Costco Matter was not material and therefore the registration statement was declared effective without such disclosure. The Assistant Director, who has the delegated authority to declare registration statements effective, would not have declared the registration statement effective with an open unresolved comment.

Executed this the 14th day of July 2006 at Washington, D.C.

*/s/ Charles A. Sjoquist*
Charles A. Sjoquist

**Analysis**

**The Registration Statement Review Process**

When an IPO registration statement is filed with the SEC it will generally be reviewed by the SEC staff in the Division of Corporation Finance. The result of that review is the issuance of a comment letter to the Company, which sets forth the staff's views on areas where, in their view, the disclosure may be deficient or areas where more information or further explanation is requested. The Company will then respond to these comments by filing an amendment to the registration statement. The amendment will typically be accompanied by a cover letter which responds to each comment issued by the staff and explains the changes to the disclosure or provides the reason(s) why additional disclosure is not deemed necessary. The staff will review the amendment and responses and will either find them acceptable or issue further comments. If further comments are issued by the staff, another amendment will typically be filed by the Company responding to the second comment letter. The staff will review it for satisfactory compliance with the comments. If the staff is still not satisfied, additional comments will again be issued, which may be orally communicated if they are not numerous.

Upon resolution of the comments and upon receipt of a request for effectiveness from the Company, the examiner and reviewer on the registration statement will present the registration statement to the Assistant Director for sign-off on effectiveness. The Assistant Director is a senior level official in the Division of Corporation Finance who has the delegated Authority from the Commission to declare registration statements effective. The Assistant Director may have additional concerns not previously raised by the staff and these concerns would be communicated to the Company (either orally or in writing) by the staff for appropriate response. Once all comments have been satisfactorily resolved the registration statement is declared effective and sales of the securities being offered can commence.

The Adams Golf, Inc. registration statement was filed with the SEC on May 4, 1998. The initial SEC staff comment letter was dated June 5, 1998. Amendment No. 1 to the registration statement was filed June 10, 1998. On June 25, 1998, the staff issued oral comments. In response to such comments, Amendment No. 2 was filed July 6, 1998. Amendment No. 3 was filed July 9, 1998. There is no indication that the SEC staff issued comments on Amendments Nos. 2 or 3 relating to the Costco Matter. The registration statement went effective on July 9, 1998. On July 10, 1998, a Rule 462(b) filing was made for the purpose of increasing the size of the offering. Rule 462(b) is promulgated under Regulation C of the Securities Act of 1933. Under Rule 462(b), the prospectus was automatically effective upon filing.

As noted above, on June 25, 1998, the staff issued oral comments to the Company. In this regard, the staff's oral comment 4 requested the Company "to consider whether disclosure of the Costco [M]atter was necessary."[2] A draft response to the SEC staff's

---

[2] Refer to Exhibit B – Memo dated June 25, 1998 to the File from Joe Hoffman of Arter & Hadden LLP re: Adams Golf SEC comments.

June 25, 1998 oral comment circulated by Arter & Hadden on July 2, 1998 repeats the oral comment number 4 as follows: "The staff notes that the Company has filed an action in Texas against Costco Companies, Inc. d/b/a Costco Wholesale. Please supplementally advise the staff of the significance of this action."[3] It is clear from this draft that the SEC staff requested more information on the Costco Matter for their further consideration. The Company filed via EDGAR on July 6, 1998 its response to the staff's oral comments, although oral comment 4 was not addressed in the response. However, the Company indicated in its response letter that:

> [t]his letter summarizes the Company's responses to the Staff's oral comments, received June 25, 1998. The undersigned [Joseph A. Hoffman] and J. David Washburn of this firm [Arter & Hadden LLP] previously discussed the Company's responses, at greater length, with Ms. Carolyn Kurr of the Staff on July 1, 1998."

Accordingly, in view of the above disclosure and based on my 24 years' experience as a member of the SEC staff and as a former branch chief, it is my opinion this comment was satisfactorily resolved. That fact that the registration statement was declared effective demonstrates that the SEC staff was provided information sufficient for them to be comfortable that disclosure of the Costco Matter was not necessary. As noted in the staff's June 5, 1998 comment letter, the Company was advised that "upon resolution of all outstanding comments, furnish your request for acceleration at least two business days prior to the requested effective date". The Company and its underwriters did furnish requests for acceleration on July 6, 1998 requesting effectiveness for the registration statement to July 9, 1998 or as soon thereafter as possible. As requested by the Company, the registration statement was declared effective on July 9, 1998 at 4:30 P.M.[4]

---

[3] Refer to Exhibit B – Arter & Hadden LLP Memorandum dated July 2, 1998.
[4] Refer to Exhibit B – letters from the Company and Lehman Brothers Inc et al. requesting effectiveness of the registration statement.

**EXHIBIT A - Professional Bio of Charles A. Sjoquist, CFA**

Charles A. Sjoquist is a Manager in the FTI Forensic and Litigation Consulting practice and is located in Washington, D.C. Mr. Sjoquist has over thirty years' experience as a financial analyst with the Securities & Exchange Commission (SEC) and the Small Business Administration (SBA). Mr. Sjoquist has experience in SEC rules and regulations and reporting requirements. Mr. Sjoquist's SEC experience is in the Division of Corporation Finance where he worked in a wide variety of industries, including natural resources, computers, finance, asset securitizations, leisure and manufacturing. Mr. Sjoquist also has experience in SBA's Small Business Investment Company (SBIC) program, a program designed to bring needed venture capital to America's small businesses. Mr. Sjoquist has experience in all aspects of venture capital and private equity financing, including structuring, portfolio valuation and exit strategies.

Most recently, Mr. Sjoquist, through a sole member LLC, provided consulting services to a Baltimore based law firm advising the firm's clients on SBIC related matters, including licensing and regulatory oversight.

**Securities Expertise**

- US Securities & Exchange Commission - Branch Chief/Supervisory Accountant-Finance

Reviewed public company disclosure documents filed with the SEC for compliance with regulatory requirements. Examined registration statements for public offerings of securities, including IPOs, proxy statements for mergers and acquisitions and periodic reports. Issued comment letters to issuers citing deficiencies and negotiated appropriate changes. Supervised a staff of attorneys, accountants and analysts in the examination process.

**Small Business Expertise**

- US Small Business Administration - Chief Licensing Unit/Area Chief

Managed the Licensing Unit. Processed applications for SBIC licenses. Assessed the qualifications of the management team in terms of skills and track record. Conducted due diligence on the experience of managers. Licensed approximately 180 new SBICs representing over $2 billion in private capital. Held the position of Area chief with oversight responsibility for approximately 200 licensees. Considered requests for Leverage, government financial assistance. Participated in decisions on licensing, regulatory and credit matters as a member of the Investment Committee and the Credit Committee.

**Education**

Mr. Sjoquist holds both an MBA degree in finance and a BA degree in business management from St. Cloud State University in Minnesota. Mr. Sjoquist is a Chartered Financial Analyst and a member of the CFA Institute and the Washington Society of Investment Analysts. Mr. Sjoquist has also completed the Venture Capital Institute program cosponsored by the National Venture Capital Association and the National Association of Small Business Investment Companies.

**EXHIBIT B - Materials Considered in the Preparation of the Report**

Second Consolidated and Amended Class Action Complaint in the Adams Golf, Inc. Securities Litigation.

Adams Golf, Inc. prospectus dated July 9, 1998.

Comment Letter dated June 5, 1998 from the SEC to Adams Golf, Inc.

Letter dated April 21, 1998 to Adams Golf, Inc. from the SEC.

Letter dated May 4, 1998 to the SEC from Arter & Hadden LLP transmitting the Adams Golf, Inc. initial registration statement.

Letter dated June 8, 1998 from Arter & Hadden LLP to the SEC.

Letter dated June 8, 1998 from KPMG Peat Marwick to Adams Golf, Inc.

Letter dated June 10, 1998 from Arter & Hadden LLP to the SEC transmitting Amendment No. 1 and responding to the SEC comment letter.

Memo dated June 25, 1998 to the File from Joe Hoffman of Arter & Hadden LLP re: Adams Golf SEC Comments.

Arter & Hadden LLP Memorandum dated July 2, 1998 circulating an attached draft Response letter to the SEC's oral comments given June 25, 1998.

Cover letter dated July 6, 1998 transmitted via Edgar to the SEC with Amendment No. 2 to the Registration Statement on Form S-1.

Letter dated July 6, 1998 from James E. Farrell, Vice President – Finance, Adams Golf, Inc. to the Securities & Exchange Commission requesting acceleration of its registration statement.

Letter dated July 6, 1998 from Lehman Brothers Inc. et al., to the Securities & Exchange Commission requesting acceleration of Adams Golf, Inc. registration statement.

Memo dated July 8, 1998 to the File from J. David Washburn of Arter & Hadden LLP.

Letter dated July 9, 1998 to the SEC from Arter & Hadden LLP transmitting Amendment No. 3.

Letter dated July 10, 1998 to the SEC from Arter & Hadden LLP transmitting the Rule 462(b) filing.

Letter dated July 10, 1998 to the SEC from Arter & Hadden LLP transmitting the Rule 424(b) (4) prospectus.