UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ADAMS GOLF, INC., | § § § § | CIVIL ACTION NO. 99-371-KAJ (CONSOLIDATED) |
| SECURITIES LITIGATION | | |

## AFFIDAVIT OF DARL P. HATFIELD

STATE OF TEXAS     §
                   §
COUNTY OF DALLAS    §

       1.      My name is Darl P. Hatfield. I am over the age of twenty-one and am competent to make this affidavit. All facts in this affidavit are stated based on my personal knowledge.

       2.      I became Chief Financial Officer of Adams Golf on May 1, 1998. I held this position until I left the Company on December 31, 2000.

       3.      I reviewed drafts of the Adams Golf Prospectus, including the Risk Factors section of the Prospectus, before I signed the Registration Statement.

       4.      As Chief Financial Officer, I regularly attended board meetings and presented the Company's financial statements to the Board of Directors. The members of Adams Golf's Board of Directors met and discussed the Prospectus and had the opportunity to ask and did ask management any questions they had about the contents of the Prospectus before the IPO. I participated in these meetings. I relied on other members of management to keep me abreast of key issues in their areas of responsibility. I relied on KPMG for their expertise in preparing financial statements. I also valued the expertise of the team of professionals who were involved with the IPO due-diligence process—the underwriters, their counsel, and the Company's counsel—and their work in conducting an appropriate examination of all aspects of the Company's business.

       5.      As part of the IPO due-diligence process, myself and other members of management discussed all the issues related to Adams Golf's business with the underwriters, their counsel, and the Company's counsel before the IPO. Gray marketing was one of many business issues with which the Company was dealing. It is my opinion that all parties involved in the IPO due-diligence process were aware of gray marketing and were in agreement that it did not present a material risk to the Company.

1

6.    I did not believe at the time of the IPO that gray marketing should be included in the Prospectus as a specific risk factor. I believed at the time of the IPO that the Registration Statement and Prospectus was true and complete.

Further, affiant sayeth not.



Darl P. Hatfield

SUBSCRIBED and SWORN TO BEFORE ME, the undersigned notary public, on this the __ day of September, 2006.

SUSAN F. HUMPHREY
Notary Public, State of Texas
My Commission Expires
May 21, 2008

Notary Public in and for the State of Texas
My Commission expires: May 21, 2008

#5965260                              2

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, I have caused the foregoing to be served by

Hand Delivery and Electronic Mail which has also been filed with the Clerk of Court using

CM/ECF which will send notification of such filing(s) to the following:

Carmella P. Keener
Rosenthal, Monhait & Goddess
919 Market Street, Suite 1401
Wilmington, DE 19801

Robert K. Payson
John E. James
Potter Anderson & Corroon LLP
1313 North Market Street, Hercules Plaza
Wilmington, DE 19801

I hereby certify that on September 11, 2006, I have sent by Federal Express and

Electronic Mail the foregoing document(s) to the following non-registered participants:

Neil Mara
Todd S. Collins
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103

Michael J. Chepiga
Theodore J. McEvoy
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017

Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
schwartz@rlf.com

RLF1-2851933-2