IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: ADAMS GOLF, INC. SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 99-371-KAJ (CONSOLIDATED) |

**OPENING BRIEF IN SUPPORT OF UNDERWRITER DEFENDANTS'
MOTION TO EXCLUDE EXPERT OPINION OF R. ALAN MILLER**

*Of Counsel:*

Michael J. Chepiga
Paul C. Gluckow
Theodore J. McEvoy
Ryan A. Kane
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Tel.  (212) 455-2831
Fax  (212) 455-2502

Robert K. Payson (No. 274)
John E. James (No. 996)
POTTER ANDERSON & CORROON LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
Telephone:  (302) 984-6000
E-Mail:  rpayson@potteranderson.com
E-Mail:  jjames@potteranderson.com

*Attorneys for Underwriter Defendants*

Dated:  September 11, 2006
749437/23310

**TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT........................................................................................1

ARGUMENT...........................................................................................................2

I.     Miller's Newly-Offered Opinion, Which Is Not In His Expert
Reports, Violates the Disclosure Requirements of Rule 26(a)(2)(B) ..........2

II.    Miller's Oral Opinion About the Underwriters' Due Diligence Does
Not Meet the Requirements of Federal Rule of Evidence 702;
He is Not an Expert and His Opinion is Not Based on Sufficient
Facts or Data .........................................................................................4

        A.     Miller Is Not An Expert In Underwriters' Due Diligence
of any Kind, Much Less Underwriters' Due Diligence in
an Initial Public Offering ................................................................4

        B.     Miller's Opinion Is Not Based On Sufficient Facts or Data............6

III.     Miller's Legal Opinion That the Necarsulmer Report Did Not
Meet the Requirements of Rule 26 Should Be Excluded ...........................8

CONCLUSION........................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Cases

*Berry v. Crown Equip. Corp.*,
    108 F. Supp. 2d 743 (E.D. Mich. 2000) ............................................................. 4-5

*Bonesmo v. The Nemours Found.*,
    253 F. Supp. 2d 801 (D. Del. 2003)...................................................................2

*DataQuill Ltd. v. Handspring, Inc.*,
    No. 01-C-4635, 2003 WL 737785 (N.D. Ill. Feb. 28, 2003) ...................................3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993)...................................................................................4, 6

*Higgenbottom v. Noreen*,
    586 F.2d 719 (9th Cir. 1978) ........................................................................5, 6

*Highway Materials, Inc. v. Whitemarsh Township,*
*Montgomery County, Pennsylvania*,
    No. Civ. 02-3212, 2004 WL 2220974 (E.D. Pa. Oct. 4, 2004) ..............................8

*In re Air Crash Disaster At New Orleans, Louisiana On July 9, 1982*,
    795 F.2d 1230 (5th Cir. 1986) .................................................................7

*In re Paoli R.R. Yard PCB Litig.*,
    35 F.3d 717 (3d Cir. 1994) ...............................................................4, 5

*In re TMI Litig.*,
    193 F.3d 613 (3d Cir. 1999) ....................................................................4

*Mercado v. Wollard Aircraft Equip., Inc.*,
    574 F.2d 654 (1st Cir. 1978)......................................................................5

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
    345 F. Supp. 2d 431 (D. Del. 2004).................................................................2, 3

### Rules

Fed. R. Civ. P. 26(a)(2)(B) ........................................................................1, 2, 3

Fed. R. Evid. 702 ...................................................................................1, 3, 4, 6

## SUMMARY OF ARGUMENT

Plaintiffs submitted the Expert Report and Rebuttal Expert Report of R. Alan Miller. Those reports contain a variety of opinions in several areas, all of which are the subject of a Motion to Exclude by the Adams Golf defendants. The Underwriters join in that Motion.

The Underwriters are making *this* motion to exclude an opinion that is *not* in Mr. Miller's Report or Rebuttal Report, but was offered for the first time at his deposition. He testified that it was his opinion that the Underwriters' due diligence investigation was not reasonable. He admitted that this "opinion" was not in either of his reports. He stated that he had not yet been asked to testify on that subject.

But Plaintiffs' counsel, rather than confirming on the record that Miller would *not* be offering an opinion about the Underwriters' due diligence, then proceeded to elicit testimony from Miller about due diligence issues. Thus, it appears that Plaintiffs intend to offer Miller's opinion as an expert on the reasonableness of the Underwriters' due diligence. No such testimony should be allowed, however, as it would violate procedural and substantive requirements for expert testimony.

First, admission of the newly-formed opinion would violate Fed. R. Civ. P. 26(a)(2)(B), which requires that an expert's report set out *all* of the expert's opinions.

Second, Miller's new opinion does not meet the requirements for admissibility of expert opinion set forth in Rule 702 of the Rules of Evidence. He has no expertise in this area – his sole experience with due diligence conducted by underwriters in connection with an initial public offering was over 25 years ago. His opinion – which he said was based on reading one deposition, "skimming" a second deposition, and reading from a selection of deposition exhibits provided by Plaintiffs' counsel – is not based on "sufficient facts or data."

Miller's newly-offered, oral opinion about the Underwriters' due diligence is procedurally and substantively defective. It should be excluded.

## ARGUMENT

### I.      Miller's Newly-Offered Opinion, Which Is Not In His Expert Reports, Violates the Disclosure Requirements of Rule 26(a)(2)(B)

Fed. R. Civ. P. 26(a)(2)(B) states that an expert's report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor." This requires "a *detailed* and *complete* statement of all opinions on which the expert will testify, and the *bases* and *reasons* for those opinions." *Bonesmo v. The Nemours Found.*, 253 F. Supp. 2d 801, 810 (D. Del. 2003) (emphasis in the original) (rejecting an expert's opinion where the specifics of his opinion contained no description of any facts or information upon which he relied). The Court further stated that "[t]he opposing party is not required to depose the expert to develop what his opinion is or the reasons for it." *Bonesmo*, 253 F. Supp. 2d at 811; *see also Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 437 (D. Del. 2004) (expert is required to provide bases and reasons for opinion in report, and opposing party is not required to depose expert to determine the opinion or the reasons for it).

Miller's Expert Report does not state that he will offer testimony about the Underwriters' due diligence. *See* A 7-8 (Miller Report at 6-7).[1] There is a brief and general description of underwriter due diligence procedures in his Report, which, he admits, was copied from an earlier report in an unrelated case: "the bulk of the actual wording I had previously prepared in connection with other matters." A 217 (Miller Dep. at 245:9-11); *see*

---

[1]     True and correct copies of Miller's Expert Report (A 1-37), his Rebuttal Expert Report (A 38-186), and the relevant portions of the transcript of his deposition (A 187-287) are contained in the contemporaneously filed Appendix. Unreported cases are also included in the Appendix.

2

*also* A 245 (Miller Dep. at 273:10-15) (same as to Rebuttal Report).  The opinion he offers in that section of his Expert Report, however, pertains only to whether the Prospectus was misleading; it says nothing about the due diligence.  A 14 (Miller Report at 13).

Likewise, Miller's Rebuttal Report contains no opinion on the adequacy of the Underwriters' due diligence in this case.  A 62 (Miller Rebuttal Report at 23).  In his Rebuttal Report, Miller criticizes the Expert Report of Edward Necarsulmer III, but he does not challenge Necarsulmer's *opinion*.  Instead, Miller volunteers his legal opinion that Necarsulmer's Report does not meet the requirements of Rule 26.  *Id.*

At his deposition, Miller confirmed that he had not stated any opinion as to the adequacy of the Underwriters' due diligence in either Report.  *See, e.g.*, A223-224; A 232-233; A 268-269 (Miller Dep. at 251:25-252:9; 260:1-6; 261:7-24; 296:22-297:3).  He admitted that there is no specific reference, in either Report, to an opinion about any details of the due diligence performed by the Underwriter Defendants, or an opinion about whether due diligence was reasonable.  *Id.*

Miller's failure to comply with the requirements of Rule 26 is not just a violation of discovery rules.  The failure to offer this opinion in his reports means that *those reports* do not even meet the basic requirement of being helpful to the trier of fact.  *See Oxford Gene Tech. Ltd.*, 345 F. Supp. 2d at 436-437 (citing *DataQuill Ltd. v. Handspring, Inc.*, No. 01.C. 4635, 2003 WL 737785, at *4 (N.D. Ill. Feb. 28, 2003) (motion to strike expert report under Rules 702 and 26(a)(2)(B) granted in part because the report was so unclear that it would not assist the trier of fact under Rule 702)).

Accordingly, Miller's failure to comply with Rule 26 requires that any opinion testimony about the Underwriters' due diligence be excluded.

II.     **Miller's Oral Opinion About the Underwriters' Due Diligence Does Not Meet the Requirements of Federal Rule of Evidence 702; He is Not an Expert and His Opinion is Not Based on Sufficient Facts or Data**

Federal Rule of Evidence 702 provides that:

> If . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 codifies the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny. *See* Fed. R. Evid. 702 Advisory Committee Notes, 2000 Amendments. Courts must determine whether (1) the proposed witness is a qualified expert in the area in which he is being offered as an expert, (2) the proposed expert's testimony is reliable, and (3) the expert's testimony will assist the trier of fact. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-43 (3d Cir. 1994) (citing *Daubert*, 509 U.S. at 589-95).

In order for Miller's oral opinion on the Underwriters' due diligence to meet the requirements of Rule 702, he must first show that he is an expert in Underwriters' due diligence in general, and in IPOs in particular. Second, he must show that his opinion in this case is supported by sufficient evidence. He fails both tests.

A.     **Miller Is Not An Expert In Underwriters' Due Diligence Of any Kind, Much Less Underwriters' Due Diligence in an Initial Public Offering**

Plaintiffs bear the burden of establishing Miller's qualifications "by a preponderance of proof." *In re TMI Litig.*, 193 F.3d 613, 663 (3d Cir. 1999) (quoting *Daubert*, 509 U.S. at 593 n.10). Although the requirement of establishing an expert's qualifications is one that "has always been treated liberally . . . [nevertheless] that liberal interpretation … 'does not mean that a witness is an expert simply because he claims to be.'" *Berry v. Crown Equip.*

4

*Corp.*, 108 F. Supp. 2d 743, 749 (E.D. Mich. 2000) (citing *In re Paoli RR PCB Litig.*, 916

F.2d at 855).

Miller admits that the only specific education or formal training he has had in

underwriters' due diligence consisted of a few continuing education seminars containing

segments on the subject that he apparently attended more than 25 years ago.  A 202-203

(Miller Dep. at 230:4-9; 230:20-25; 231:1-2).  The only other possible basis for his claim of

expertise would be substantial practical experience with due diligence conducted by

underwriters, particularly in connection with IPOs.  Miller does refer to 33 years of

"investment banking" experience, but "investment banking" is an extremely broad category.

In Miller's case, 33 years of investment banking experience included only *one* actual IPO

where he was involved in underwriters' due diligence; that IPO was over 25 years ago, and

Miller has not participated in due diligence as an underwriter for any type of transaction in

the last 25 years.  A 191; A 195-196 (Miller Dep. at 219:4-8; 219:23-25; 223:12-224:3).

Miller's reliance on this stale, limited experience in conducting due diligence is not

surprising, given that he has spent most of the past 25 years testifying on behalf of plaintiffs

in securities cases.  That left little time for any actual experience with due diligence.

But being involved in underwriters' due diligence for an IPO more than 25 years ago

does not an expert make.  *See, e.g.*, *Berry*, 108 F. Supp. 2d at 750 (E.D. Mich. 2000) (expert

not qualified to testify on forklift design where only experience with forklifts was more than

20 years prior to testimony); *Mercado v. Wollard Aircraft Equip., Inc.*, 574 F.2d 654, 655 (1st

Cir. 1978) (witness unqualified to give expert testimony on defect in a loader where only

directly related experience took place more than 13 years previously); *Higgenbottom v.*

*Noreen*, 586 F.2d 719, 722 (9th Cir. 1978) (witness who had installed four fireplaces in thirteen years was not an expert witness as to proper installation of fireplaces).

### B.    Miller's Opinion Is Not Based On Sufficient Facts or Data

Behind Miller's lack of qualifications lurks another problem:  His failure to conduct any research for facts to support his opinion.  Rule 702 provides that an expert's testimony must be "based upon sufficient facts or data."  Fed. R. Evid. 702.  *Daubert* states that an expert's knowledge "connotes more than subjective belief or unsupported speculation."  *Daubert*, 509 U.S. at 590.

Miller, however, relies *primarily* on unsupported speculation, rather than evidence.  Although Miller knew that the Underwriter Defendants had made a document production, which documented much of the due diligence, and he knew that reviewing those documents would have given him some knowledge of what actually happened in this case, Miller did not bother to review those documents.  A 234-236; A 257 (Miller Dep. at 262:6-14; 263:22-264:1; 285:6-12).  He simply ignored the fundamental documents describing the Underwriters' due diligence.  *Id.*

Miller did not read the Underwriters' responses to the Plaintiffs' contention interrogatories, which described the due diligence investigation the Underwriters performed for the Adams Golf IPO.  A 237-238 (Miller Dep. at 265:12-20; 266:19-23).  Similarly, Miller ignored most of the deposition testimony cited in Mr. Necarsulmer's Rebuttal Report and chose not to review the documents from the Underwriters' document production cited in that Report.  A273 (Miller Dep. at 301:7-17).

The only documents Miller *did* review were two deposition transcripts and some selected documents provided by Plaintiffs' counsel.  A 234-235 (Miller Dep. at 262:6-12;

6

263:5-19).  He read the deposition transcript of Olga Pulido-Crowe.  He "skimmed" the deposition of Patrick Walravens, A 239-240 (Miller Dep. at 267:20-268:2).  And he read a selected group of deposition exhibits provided to him by Plaintiffs' counsel.  A 234-237 (Miller Dep. at 262:1-265:10).  He did not ask for any other documents, *id.*, or for any other deposition transcripts.  *See* A 256-257 (Miller Dep. at 284:24-285:4).

In the end, Miller's disinterest in the facts of this due diligence is understandable because when he was preparing his Report, he had not been retained to give an opinion on the due diligence in this case.  A 232 (Miller Dep. at 260:1-6).  He admitted that the generic "due diligence section" in his Report was copied from a report he had written in an earlier case.  A 217 (Miller Dep. at 245:9-11); *see also* A245 (Miller Dep. at 273:10-15 (same as to Rebuttal Report).

Miller's opinion in *this* case must be based on what happened in *this* case.  But he cannot offer an opinion about what happened in this case, because he did not learn enough about what happened in this case to have any factual support for his opinion.  *In re Air Crash Disaster At New Orleans, Louisiana On July 9, 1982*, 795 F.2d 1230, 1233 -35 (5th Cir. 1986) (expert ignored facts in record, failed to consider other facts, and made assumptions unsupported by facts in record in coming to his conclusion).

III.    **Miller's Legal Opinion That the Necarsulmer Report Did Not Meet the Requirements of Rule 26 Should Be Excluded**

Paragraph 25 of Miller's Rebuttal Report states:

> 25.  My understanding is that if a prospectus is found to contain material omissions and/or misrepresentations, the underwriters, in order to escape liability, must demonstrate at a minimum that they performed a reasonable, adequate due diligence investigation and thereafter had reasonable grounds to believe, and did believe, that the prospectus was not misleading.  In my opinion, the expert report of Mr. Necarsulmer does not meet the underwriters' burden to demonstrate that the investigation and/or resulting disclosures were reasonable and adequate.

A 62 (Miller Rebuttal Report at 23).  Miller does not offer any opinions about whether the due diligence was in fact reasonable or unreasonable.  Nor does he offer any opinions about whether Necarsulmer's opinions are correct.  He simply states that Necarsulmer's Rule 26 Report did not meet the Underwriters' burden of proof.

It is unclear what he meant.  If he is actually commenting on whether the burden of proof has been met in this case, he is intruding upon the Court's domain.  Moreover, he is not qualified to opine on the evidence in this case, since he has not read most of the evidence in this case.

If, as seems most likely, he is stating that he believes the Necarsulmer report should have had more detail, that is once again intruding upon the province of this Court.  The report was filed to comply with Rule 26.  And whether the Necarsulmer Report complied with Rule 26 is not something Miller is qualified to opine on, nor is it something that this Court needs any expert help in deciding.  As the Court stated in *Highway Materials, Inc. v. Whitemarsh Township, Montgomery County, Pennsylvania*, No. Civ. A. 02-3212, 2004 WL 2220974, at *20 (E.D. Pa. Oct. 4, 2004), in excluding an expert opinion that defendants' actions met the legal standard of "shocked the conscience," such opinion amounted "to a legal conclusion

8

clearly within the purview of … [the] Court's decision making power rather than a party's expert."

Accordingly, this purported opinion should be excluded.

## CONCLUSION

For the reasons stated above, the Underwriter Defendants respectfully request that the Court exclude any opinion testimony by R. Alan Miller concerning the Underwriters' due diligence.

*Of Counsel*:                                                    POTTER ANDERSON & CORROON LLP

Michael J. Chepiga
Paul C. Gluckow                          By:    */s/ John E. James*
Theodore J. McEvoy                              Robert K. Payson (No. 274)
Ryan A. Kane                                    John E. James (No. 996)
SIMPSON THACHER & BARTLETT LLP                  Hercules Plaza – Sixth Floor
425 Lexington Avenue                            1313 N. Market Street
New York, NY 10017-3954                         Wilmington, DE  19801
Telephone:  (212) 455-2831                      Telephone:  (302) 984-6000
Facsimile:  (212) 455-2502                      Facsimile:    (302) 658-1192

                                                *Attorneys for Underwriter Defendants*

Dated:  September 11, 2006
749437/23310

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, John E. James, hereby certify that on September 11, 2006, the within

document was electronically filed with the Clerk of the Court using CM/ECF which will send

notification of such filing(s) to the following attorneys of record stating that the document is

available for viewing and downloading from CM/ECF:

Carmella P. Keener, Esquire
Rosenthal Monhait Gross & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19801

Alyssa Schwartz, Esquire
Richards Layton & Finger
One Rodney Square
Wilmington, DE  19801

*/s/ John E. James*
John E. James (No. 996)
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
Telephone:  (302) 984-6000
E-mail:  jjames@potteranderson.com

749437/23310