# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------:
                                 :
IN RE; ADAMS GOLF                : CIVIL ACTION
SECURITIES LITIGATION            : NO. 99-371-KAJ
                                 : (CONSOLIDATED)
                                 :
---------------------------------:
```

### DECLARATION OF DONALD B. LEWIS, ESQUIRE

DONALD B. LEWIS, ESQUIRE declares as follows:

1. I am a member of the Bar of the Commonwealth of Pennsylvania and am one of co-counsel for Plaintiff and the Class in this matter.

2. Following the conclusion of the deposition of Christopher James on August 11, 2006, which was proceeding simultaneously with the deposition of R. Alan Miller, Todd S. Collins, Esquire entered the room in which Mr. Miller's deposition was still proceeding. At or about the same time, Paul Bessette, attorney for the Adams Golf defendants, exited the room. Mr. Bessette did not state that he was leaving for the day, but walked out and did not later return. I had no knowledge that Mr. Bessette was leaving or that he was doing so because of anything having to do with the imminent birth of a child. I had recently been informed that the event was expected to be weeks away.

3. The deposition record was closed at approximately 6:30 P.M. on a Friday night, the day following the London

1

terrorist apprehensions, on a date on which all expected airline travel to be unreliable because of reported long lines. Mr. Miller had a scheduled flight to catch at LaGuardia Airport. As the record reflects, Paul Gluckow, counsel for the underwriter defendants, could not commit to finishing in a short time and in fact stated that he had at least an additional half hour of questioning. Under those circumstances, and taking into account the provisions of Rule 30 and the elapse of over seven and one half hours of deposition questioning, the deposition was terminated, with Mr. Gluckow reserving his rights.

    4. Before closing the record, I placed on the record a few questions regarding Mr. Miller's position on the due diligence of officers and directors of Adams. I had become aware through the course of preparation for the deposition that Mr. Miller had developed thoughts on the issue, and placed the matter briefly on the record so that all parties could fairly assess any additional questioning they planned to pursue. The length of Mr. Miller's deposition had effectively precluded me from asking Mr. Miller for many other clarifications of Mr. Miller's testimony which I might have placed on the record had there been time.

    5. Following the closing of the record at the deposition of Mr. Miller, Mr. Collins and I had a brief conference with Mr. Gluckow. We discussed with Mr. Gluckow our willingness to consider the resumption of the Miller deposition at a later time provided that reasonable time limitations and logistical arrangements could be worked out. We expressed the

suggestion that a telephone deposition might be the most desirable way to conclude the deposition.

6. Because both Mr. Collins and I were leaving for short vacations the following morning, we reached agreement with Mr. Gluckow that we would wait to talk about these matters until the following Thursday, August 17, to address the half hour or more of questioning that Mr. Gluckow had said he had remaining and to offer Mr. Bessette some opportunity to further question Mr. Miller.

7. When neither Mr. Collins nor I heard anything from Mr. Gluckow, I called him shortly after 4 P.M. On August 17 in an effort to work out ground rules for a resumed deposition, I heard nothing back that afternoon, although I stayed at the office until after 6:15.

8. The following morning I listened to a voicemail message from Mr. Gluckow that was sent to me, according to the message, after 8:00 P.M. the preceding evening.

9. In the message, Mr. Gluckow informed me that Mr. Bessette's wife had unexpectedly given birth the morning following the deposition. Mr. Gluckow stated that all was well with the Bessette family, but added that because of the birth Mr. Gluckow had not yet had a chance to have a detailed conversation with Mr. Bessette regarding Mr. Miller's deposition. Mr. Gluckow further stated that he himself was leaving on vacation the following morning, but that he and Mr. Bessette would review the

deposition transcript and that one or both of the would get back to me the next week concerning how they desired to proceed.

10. I never received a call from either Mr. Gluckow or Mr. Bessette, or from anyone acting of their behalves, to seek a resumption of the deposition.

11. I make this Declaration on October __, 2006 at Bala Cynwyd, Pennsylvania, subject to the penalties for unsworn falsification to authorities contained in 18 Pa. C.S. §4904.

_____
Donald B. Lewis, Esquire