# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

IN RE: ADAMS GOLF
SECURITIES LITIGATION

: CIVIL ACTION
: NO. 99-371-KAJ
: (CONSOLIDATED)

---

### AFFIDAVIT OF R. ALAN MILLER

R. ALAN MILLER declares as follows:

1. As explained in my opening Report in this litigation, my firm and I have developed a proprietary market simulation methodology to generate trading models which we have employed in calculating aggregate losses and damages in securities litigation, and for other purposes.

2. The specific trading model which I have employed in this case differs in two important respects from the "proportional trading model" which was rejected by the court in Kaufman v. Motorola, a decision that defendants have cited while asking the Court to preclude me from testifying in this case.

3. First, the proportional trading model that was suggested for use in the Motorola case was a so-called "single trader model," which based its calculations on the activities of a hypothetical single trader. One of the principal criticisms directed at early proportional trading models by academics and in working papers of NERA -- a firm of economists which routinely

provides litigation services for defendants in securities litigation -- was that they were based on use of this hypothetical single trader. My firm began its development of a multiple-trader model even before those criticisms had to my knowledge begun to surface. We have continually used and refined a multiple trader model for over twenty years.

4. Second, unlike the single-trader "proportional trading model" proposed in Motorola, the market simulation methodology and resulting trading models that my firm and I have developed have been subjected to the test of reality in the form of extensive real-world accuracy checks. In each case in which we have developed a model, we generate it by use of the actual trading volume of the security at issue. The "decline curves" used in our models are both generated by and constrained by actual trading volume, in this case for Adams Golf's common stock. As a result, the results of our trading models are replicable.

5. My firm's proprietary market simulation methodology and the multi-trader models it produces have been developed and refined by comparing the hypothetical results that they have generated against real world experience, in the form of testing them against actual claims submitted in real world class action cases. Based on such experience over more than a decade, I believe that my firm's methodology provides a fair, reasonable, reliable and highly accurate means of estimating aggregate damages.

2

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 4, 2006.

                                          R. Alan Miller