IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| IN RE: ADAMS GOLF, INC., | ) | |
| SECURITIES LITIGATION | ) | C.A. No. 99-371-GMS |
| | ) | (CONSOLIDATED) |

## MEMORANDUM ORDER

1. The plaintiffs filed the original complaint in this class action on June 11, 1999, alleging that the defendants violated federal securities laws in connection with the initial public offering of Adams Golf, Inc.[1] (D.I. 1.) A ten-day trial in this case is schedule to begin on October 13, 2009. (D.I. 386.) The pretrial conference in this case is set for September 11, 2009. (*Id.*)

2. Presently before the court are the following *Daubert* motions: (1) the plaintiffs' Motion to Strike and Exclude Testimony of Edward R. Necarsulmer III (D.I. 297); (2) the plaintiffs' Motion to Strike and Exclude Testimony of Christopher James, Ph. D. (D.I. 299); (3) the plaintiffs' Motion to Strike and Exclude Testimony of Edward Lynch, C.P.A. and Stephen Grace, M.B.A., Ph. D. (D.I. 291); (4) the Adams Golf defendants' Motion to Exclude the Expert Testimony of R. Alan Miller (D.I. 285); (5) the Adams Golf defendants' Motion to Exclude the Expert Testimony of Christiana Ochoa, Esq. (D.I. 287); and (6) the Underwriter defendants' Motion to Exclude the Expert Opinion of R. Alan Miller (D.I. 293).[2]

---

[1] The plaintiffs in this case include the following class representatives: Kenneth Shockley, Patricia Craus, John Morrash, and Todd Tonore. (D.I. 178.) The "Adams Golf defendants" include the following parties: Adams Golf, Inc. ("Adams Golf"), B. H. Adams, Darl P. Hatfield, Richard H. Murtland, Paul R. Brown, Jr., Ronald E. Casati, Finis F. Conner, and Stephen R. Patchin. (D.I. 392 at 1 n.1.) The "Underwriter defendants" include the following parties: Lehman Brothers Holdings, Inc., Banc of America Securities LLC, and Ferris Baker Watts, Inc. (*Id.*)

[2] The court held a *Daubert* hearing on these motions on May 29, 2009. (D.I. 386, the "Hr'g Tr.")

3. The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Specifically, Fed. R. Evid. 702 states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Moreover, "Rule 702 embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).

4. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), the United States Supreme Court directed district court judges to perform a "gatekeeping" function to insure that evidence presented by expert witnesses is, indeed, relevant, reliable, and helpful to the jury. In this role as gatekeeper, the court must consider a number of factors, including but not limited to: (1) whether the theory or technique has been tested; (2) whether the technique or theory has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the general acceptance of the theory; (5) whether the method consists of a testable hypothesis; (6) the existence and maintenance of standards controlling the technique's operation; (7) the relationship of the technique to methods which have been established to be reliable; (8) the qualifications of the expert witness testifying based on the methodology; and (9) the non-judicial uses to which the methodology has been put. *Id.* at 593-594 (setting forth first four factors listed above); *see also In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 n.8 (3d Cir. 1994) ("*Paoli II*") (identifying other

"relevant" factors). The expert's testimony must also "fit." *Paoli II*, 35 F.3d at 743. That is, in determining the admissibility of expert testimony, the court must consider whether the expert's testimony will "assist the trier of fact" in understanding the evidence or in determining a fact in issue. *Id.*

5. In applying these factors, the court must "solely focus on the principles and methodology, not on the conclusions they generate." *Daubert*, 509 U.S. at 595. "The analysis of the conclusions themselves is for the trier of fact when the expert is subjected to cross-examination." *Kannankeril v. Terminix International Inc.*, 128 F.3d 802, 806 (3d Cir. 1997).

6. Here, after having considered the record in this case, the parties' submissions and oral argument, and the applicable legal standards, the court rules on the parties' pending *Daubert* motions as follows:

    A. The plaintiffs' Motion to Strike and Exclude Testimony of Edward R. Necarsulmer III (D.I. 297) is DENIED;[3]

    B. The plaintiffs' Motion to Strike and Exclude Testimony of Christopher James, Ph. D. (D.I. 299) is DENIED;[4]

    C. The plaintiffs' Motion to Strike and Exclude Testimony of Edward Lynch, C.P.A. and Stephen Grace, M.B.A., Ph. D. (D.I. 291) is DENIED;[5]

---

[3] The concerns and arguments raised in the plaintiffs' motion can be fully explored and addressed on cross-examination, as they largely go to the weight that the testimony should be afforded, rather than to admissibility. *See Matlin v. Langkow*, 65 Fed. Appx. 373, 384 (3d Cir. 2003) (admitting expert testimony where the party's arguments concerned weight of the testimony rather than admissibility).

[4] *See* note 3.

[5] *See* note 3; *see also* Hr'g Tr. 94:20-95:4.

    D.    The Adams Golf defendants' Motion to Exclude the Expert Testimony of R. Alan Miller (D.I. 285) is DENIED;[6]

    E.    The Adams Golf defendants' Motion to Exclude the Expert Testimony of Christiana Ochoa, Esq. (D.I. 287) is DENIED;[7] and

---

[6] The court concludes that the testimony of R. Alan Miller ("Miller") is admissible for several reasons. First, the Adams Golf defendants do not challenge Miller's qualifications. Second, as the plaintiffs correctly note, the "fundamental analysis" that Miller used in this case has also been used in at least one other securities case with facts analogous to those presented in this case, and for many of the same reasons that warrant using fundamental analysis in this case. *See RMED Int'l, Inc. v. Sloan's Super-Markets, Inc.*, No. 94 Civ. 5587 (PKL) (RLE), 2000 U.S. Dist. LEXIS 3742, at *23-24, 27 (S.D.N.Y. Mar. 24, 2000) (holding that the methodology used by the expert constituted a "reasonable and generally accepted alternative" where: (1) the alleged period of fraud and the "life" of the company began at approximately the same time; (2) there did not exist a "meaningful price history" for the company's stock; and (3) the "alleged misrepresentations and omissions were not revealed to the market in a single clean announcement"). Third, the court is not convinced that the case law cited by the Adams Golf defendants requires the exclusion of Miller's testimony in this particular case. Specifically, the court does not read the Third Circuit's opinion in *In re Merck & Co., Inc.*, 432 F.3d 261, 269-70 (3d Cir. 2005) as requiring that experts in all circumstances use either a one-day or two-day event window when analyzing stock price movements, as the Adams Golf defendants seem to suggest. The *Merck* opinion also does not create a bright-line or specify that a 12-day event window, like the one Miller uses in his analysis, is *per se* inadmissible. In fact, the court in *Merck* looked at a 10-day event window, and a period of another month or so after that. *See Merck*, 432 F.3d at 270-71. Fourth, the court is persuaded that the defendants' arguments concerning Miller's reliance on insufficient facts and data and his failure to consider other relevant factors can be appropriately addressed on cross-examination, and go to the weight to be afforded to his opinion, not admissibility. *See Matlin*, 65 Fed. Appx. at 384. The court, therefore, denies the Adams Golf defendants' motion concerning the expert testimony of R. Alan Miller. Of course, the parties will be permitted to renew these objections at trial for the court's consideration in real-time.

[7] *See* Hr'g Tr. at 94:12-15.

      F.      The Underwriter defendants' Motion to Exclude the Expert Opinion of R. Alan Miller (D.I. 293) is DENIED.[8]

SO ORDERED this 1st day of July, 2009.

                                                                 CHIEF, UNITED STATES DISTRICT JUDGE

---

[8] This ruling is in accord with the court's oral order at the May 29, 2009 *Daubert* hearing, and the plaintiffs' agreement during that hearing to reopen Miller's deposition to permit the defendants to explore this issue further. *See* Hr'g Tr. 82:22-83:11.